MANNING CURTIS BRADSHAW
  & BEDNAR PLLC
Alan C. Bradshaw, #4801
Chad R. Derum, #9452
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile:   (801) 364-5678
abradshaw@mc2b.com
cderum@mc2b.com

*Attorneys for Plaintiff*
*IHC Health Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>  Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>  Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:17-cv-01245-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff IHC Health Services, Inc. ("Intermountain") and Defendant ELAP Services, LLC ("ELAP") by and through their respective counsel, respectfully submit the below report of their Attorneys' Planning Meeting.

**1.     PRELIMINARY MATTERS**:

   a.     Describe the nature of the claims and affirmative defenses:

   Plaintiff Intermountain operates health care facilities throughout the state. Intermountain's claims against ELAP in this action (and the basis therefore) are set forth in its Complaint.  In brief, Intermountain claims that ELAP's business model is designed to induce Intermountain to provide health care services and accrue charges for such

services that that neither the plan, the member, nor ELAP intend to pay for. Accordingly, Intermountain's claims include: 1) tortious interference with existing and prospective economic relations; 2) injurious falsehood; 3) fraud; 4) negligent misrepresentation; 5) declaratory judgment; and 6) preliminary and permanent injunction.

Defendant ELAP Services is a company that audits hospital claims on behalf of its clients, which are primarily small to medium sized companies, some of which are in Utah.  ELAP's clients each sponsor their own ERISA self-funded healthcare plans, which contain defined policy limits for hospital-based healthcare. ELAP maintains that, on occasion, hospitals may be dissatisfied with the amount of reimbursement received from the ERISA health plan pursuant to the audit performed by ELAP. This may lead the hospital to pursue the patient and/or the health plan for additional payment. If that occurs, pursuant to its contractual obligations to its clients (the ERISA health plan) ELAP covers the cost associated with attorney's fees related to defending the patient and/or the health plan against the hospital's attempt to collect additional reimbursement beyond the policy limit of the health plan. Defendant ELAP maintains that, often, hospitals like IHC seek to enforce a "blank check" against its patients – hospital admission forms that lack any specific price terms – and in such instances contract law in Utah and other states require an analysis of the reasonable value of the charges a hospital seeks to impose. In this manner, ELAP seeks to offer ERISA plans the ability to control unreasonable health care costs.

ELAP denies the substance of Intermountain's claims and denies that Intermountain has pleaded actionable misrepresentations or interference.  Accordingly, ELAP has moved to dismiss Intermountain's Complaint.  Briefing on that Rule 9(b) and Rule 12(b)(6) motion is complete and the parties are anticipating that the Court will set the matter for oral argument.  Beyond the motion to dismiss, ELAP has not yet filed an Answer or other response with its affirmative defenses.

b.This case has been referred to Magistrate Judge Evelyn J. Furse to hear and determine all nondispositive pretrial matters.  *See* Dkt. 5.

    c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 12, 2018 and on subsequent dates (most recently August 1, 2018) via email and telephone.

> The following participated:
>
> > Chad R. Derum, counsel for Intermountain
> >
> > *and*
> >
> > John Mackay, counsel for ELAP

    d.    The parties will exchange by August 31, 2018 the initial disclosures required by Rule 26(a)(1).

    e.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.**   **DISCOVERY PLAN**: The parties jointly propose to the Court the following discovery plan. However, the parties acknowledge that the motion to dismiss has not yet been ruled on or set for hearing, and such ruling (and any amended complaint) may affect, alter, expand or change the allegations in this case and the parties' understanding of those allegations. Accordingly, while the schedule set forth below seeks to take into account the status of the pending motion to dismiss, the parties acknowledge and agree that the schedule set forth below may need to be amended depending on the timing and nature of the Court's ruling on the pending motion.

    a.    Discovery is necessary on all claims and defenses that have been, or may be, asserted in the action.

    b.    Discovery Phases: As set forth below, expert discovery will be completed after fact discovery.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)  *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

> Oral Exam Depositions
>
> Plaintiff: 10 (excluding experts)

        Defendant: 10 (excluding experts)

        Maximum number of hours per deposition 7

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        Interrogatories 50

        Admissions 50

        Requests for production of documents: Unlimited

(3) Other discovery methods: Third party subpoenas

d. Discovery of electronically stored information should be handled as follows:

**ESI and Metadata.** The parties agree that discovery of electronically stored information is necessary and that they shall principally conduct such discovery for requested information from electronically stored information sources using agreed-upon key words and search terms of documents.  The parties shall communicate in good faith concerning proposed custodians or other locations of ESI.  The parties shall produce such documents in the electronic format of black and white single page TIFFs, with the file extension .TIF.  Each image is to be named with its corresponding production number.  Image files shall be accompanied by an OPT image load file.  In addition to the foregoing, a party may request production of the native version of such documents by identifying the document by bates number. The parties shall produce full extracted text files for all documents produced in TIFF format (redacted text will not be produced).  Text files shall be produced as a single text file for each document and the file name shall match the image production number.

    Files that are not conducive to an image review should be produced in native format. Examples of these files types are Excel and PowerPoint.  When producing files in native format, the native files are to be named with the production number assigned to the document and the confidentiality designation. For each natively produced file, a TIFF placeholder should be included.  The

placeholder is to state, "This document has been produced in native format," and it should be endorsed with any confidentiality legend and bates number.  A text file must be provided for each native file.  If extracted text is not available, the text file should include a machine generated OCR.  Both the image and text file must be named with the production number and reside in the same directory.

To the extent it exists, the parties agree to produce the following standard metadata fields for ESI responsive to general production requests under Federal Rules of Civil Procedure 34 and 45.  The parties may amend this list by agreement and stipulation.

(1)     BegBates
(2)     EndBates
(3)     BegAttach
(4)     EndAttach
(5)     Custodian
(6)     FileName
(7)     NativeLink
(8)     EmailSubject
(9)     Title
(10)    Author
(11)    From
(12)    To
(13)    CC
(14)    BCC
(15)    DateRcvd
(16)    DateSent
(17)    DateCreated
(18)    DateModified
(19)    HASH Code
(20)    ProdVolume
(21)    Extracted Text
(22)    Redacted: (Yes", for redacted documents, otherwise, blank)

Metadata shall be provided in DAT file format.

**Standard Protective Order and Clawback Agreement.**  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or protected work product ESI is not a waiver in the pending case or in any other federal or state proceeding.  The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to

        challenge the privilege or protection.  Any challenge related to an inadvertently produced ESI that the producing party claims is privileged or work product ESI shall be governed by the applicable provisions of the Court's Standard Protective Order, which the parties agree shall govern in this case unless modified upon motion of one of the parties or otherwise by the Court.

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

        (1)    For purposes of this Clawback Agreement, an "Inadvertently Produced Document" is a document or any electronically-stored information produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

        (2)    The parties agree that inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document nor result in a subject matter waiver of any kind.

        (3)    A producing party may demand the return of any Inadvertently Produced Document as set forth in the Court's Standard Protective Order, and shall include a privilege log for such Inadvertently Produced Document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document.  In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

 (4) Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document or otherwise follow a stipulated process to quarantine such documents.  The receiving party shall also seek to secure return of any Inadvertently Produced Document from any third-party to whom it was delivered and request that such third-party also delete all electronic versions of the document.

 (5) The parties may object to efforts to claw back Inadvertently Produced Documents and seek relief from the Court as provided the Standard Protective Order, consistent with the meet-and-confer requirements of this Court.  The moving party may request that the Court conduct an *in camera* review of the Inadvertently Produced Document.  Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

 (6) The parties agree that any communications involving trial counsel that post-date the filing of the Complaint do not need to be included on a privilege log.

 f. Last day to file written discovery:  March 10, 2019
 g. Close of fact discovery: April 10, 2019
 h. *(optional)* Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e):  By rule.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

 a. The cutoff dates for filing a motion to amend pleadings are:

  Plaintiff and Defendant: 8/31/18

 b. The cutoff dates for filing a motion to join additional parties are:

  Plaintiff and Defendant: 8/31/18

> (NOTE:  *Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a)).*

**4.    EXPERT REPORTS**:

    a.   The parties will disclose the subject matter and identity of their experts on (*specify dates*):

    Parties bearing burden of proof: 5/15/19

    Counter Disclosures 6/3/19

    b.   Reports from experts under Rule 26(a)(2) will be submitted on (*specify dates*):

    Parties bearing burden of proof 6/15/19

    Counter Reports  7/15/19

**5.    OTHER DEADLINES**:

    a.   Expert Discovery cutoff:   8/16/19

    b.   Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 9/30/19

    c.   Deadline for filing partial or complete motions to exclude expert testimony 10/30/19

**6.    ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.   The potential for resolution before trial is:   ___ good    ___ fair   __x__ poor

    b.   The parties do not intend to file a motion to participate in the Court's alternative dispute resolution program for a settlement conference (with Magistrate Judge).

    c.   The parties do not intend to engage in private alternative dispute resolution for arbitration or mediation.

d.   The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*): 7/31/19

**7.    TRIAL AND PREPARATION FOR TRIAL:**

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

a.  The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

b.  This case should be ready for trial by:

*Specify type of trial*:   Jury __x__   Bench _____

c.  The estimated length of the trial is: 8-10 days

_____/s/ Chad R. Derum_____   Date: __08/1/2018
Signature and typed name of Plaintiff(s) Attorney

_____/s/ John W. Mackay_____   Date: __08/1/2018
Signature and typed name of Defendant(s) Attorney

## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court.  A copy of the Proposed Scheduling Order on the Court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov.  If counsel meet, confer, and stipulate to a schedule they should:
   (i)   file a stipulated Attorney Planning Meeting Report *and*
   (ii)  email a draft scheduling order in word processing format by email to ipt@utd.uscourts.gov

The Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.



If the parties are unable to stipulate to a schedule, the parties will file a **Motion for Initial Scheduling Conference**. The assigned district or referred magistrate judge may hold a hearing. If a hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

More information is available at http://www.utd.uscourts.gov/documents/ipt.html