MANNING CURTIS BRADSHAW
  & BEDNAR PLLC
Alan C. Bradshaw, #4801
Chad R. Derum, #9452
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
(801) 363-5678
abradshaw@mc2b.com
cderum@mc2b.com

*Attorneys for Plaintiff*
*IHC Health Services, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited-liability company,<br><br>    Defendant. | **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Civil No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff IHC Health Services, Inc. ("Intermountain") submits the following Motion for Leave to File First Amended Complaint, contemporaneously filed with a proposed First Amended Complaint, which is attached as Exhibit 1.

### RELIEF SOUGHT AND GROUNDS FOR RELIEF

Intermountain seeks leave to file its First Amended Complaint, which the Court should grant "freely" because "justice so requires." Fed R. Civ. P. 15(a)(2).

{01745947.DOCX / 3}

The proposed First Amended Complaint includes a seventh claim for relief based on the doctrine of unjust enrichment. Other than the addition of this claim and changes to the styling of the caption and service page, the pleading is unchanged.

Intermountain's motion complies with the deadline set forth for amending pleadings under the Court's Scheduling Order (ECF No. 24). Allowing the amendment will not prejudice Defendant ELAP Services, LLC ("ELAP"). ELAP has yet to answer Intermountain's original Complaint (ECF No. 2) but instead chose to file a Motion to Dismiss (ECF No. 7), which is still pending.

Intermountain moves for leave to amend in good faith to assert unjust enrichment as an alternative basis for relief, and such claim arises from the same set of operative facts that were included in the original Complaint. Thus, ELAP has not lost any opportunity to prepare any defense it may conceive as valid. For these reasons, the Court should grant Intermountain leave to file its First Amended Complaint.

## **ARGUMENT**

Where amendment as a matter of course is unavailable, Rule 15(a) of the Federal Rules of Civil Procedure requires a party to first obtain leave before

amending a pleading unless the opposing party consents to the amendment.[1]  Fed R. Civ. P. 15(a).  Nevertheless, it is axiomatic that "[t]he court should freely give leave when justice so requires."  *Id.* R. 15(a)(2).  The purpose of Rule 15 is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits.'"  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  This liberal policy militates toward allowing amendment.

In light of the strong policy in favor of permitting amendment, the Tenth Circuit recognizes that denial of leave to amend is limited to narrow grounds, including "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here, granting leave promotes justice and advances the cause of allowing this lawsuit to be decided on the merits.  Further, none of the recognized reasons for denying leave are applicable.  No undue delay exists where Intermountain files

---

[1] Intermountain asked ELAP for consent to file the proposed First Amended Complaint without having to file this Motion, but Intermountain has not received such consent.

this motion timely and within the deadline set forth in the Court's scheduling order.  No undue prejudice exists because ELAP has not yet filed its responsive pleading.  Furthermore, because discovery has only barely opened in this case, ELAP will have ample time to perform adequate discovery on the proposed unjust enrichment claim and to prepare any defense to the same well in advance of the April 10, 2019 fact discovery cut-off.  Furthermore, ELAP is not prejudiced because the proposed additional unjust enrichment claim simply provides an alternative theory of recovery, but the claim itself fundamentally arises from the same predicate facts asserted in the initial Complaint.  Because ELAP is already familiar with the allegations in the original Complaint, it cannot be prejudiced or surprised with respect to the assertion of this additional theory of recovery.  Moreover, no bad faith or dilatory motive exists on Intermountain's part.  Intermountain decided to seek amendment only after having considered its claims after filing its original Complaint and determining whether further claims are warranted in advance of the Court's amendment deadline.  No other amendments to the Complaint have been sought or permitted.

     Furthermore, granting leave to amend to add an additional claim for unjust enrichment is not futile.  Unjust enrichment is a well-recognized claim under Utah law.  *Emergency Physicians Integrated Care v. Salt Lake Cty.*, 2007 UT 72, 167

P.3d 1080.  The substance of Intermountain's proposed amendment is consistent with Utah law and adequately states the necessary grounds for relief.  In all other relevant respects, Intermountain's proposed amendment conforms with applicable legal authorities and the rules of this Court.

## CONCLUSION

For the foregoing reasons, Intermountain respectfully requests the Court grant it leave to amend its Complaint by filing the proposed First Amended Complaint attached hereto as Exhibit 1.

DATED this 31st day of August 2018.

                               **MANNING CURTIS BRADSHAW
                                  & BEDNAR PLLC**

                             */s/ Chad R. Derum*
                            Alan C. Bradshaw
                            Chad R. Derum

                            *Attorneys for Plaintiff
                            IHC Health Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I will cause a true and correct copy of the foregoing to be served in the method indicated below to the below-named parties on August 31, 2018.

|  |  |
|---|---|
| ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br>___E-MAIL TRANSMISSION<br> X  CM/ECF | John W. Mackay<br>Brett L. Tolman<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah 84111<br><br>*Attorneys for Defendant* |
| ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br> x  E-MAIL TRANSMISSION<br>___CM/ECF | Thomas E. Lavender III<br>ted.lavender@fisherbroyles.com<br>Kristopher R. Alderman<br>kris.alderman@fisherbroyles.com<br>FISHER BROYLES<br>945 East Paces Ferry Road, Suite 2000<br>Atlanta GA 30326<br><br>*Attorneys for Defendant* |

                                            */s/ Chad R. Derum*