John W. Mackay (6923)
Brett L. Tolman (8821)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
jmackay@rqn.com

Thomas E. Lavender III (*pro hac vice forthcoming*)
Kristopher R. Alderman (*pro hac vice forthcoming*)
**FISHER BROYLES**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com
*Attorneys for Defendant  ELAP Services*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>                              Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>                              Defendant. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

ELAP opposes IHC's Motion for Leave to File First Amended Complaint (Dkt. 26) because the proposed amendment is futile and prejudicial.

## I.     INTRODUCTION

IHC seeks leave to add an unjust enrichment claim where the alleged benefit IHC conferred on ELAP is the provision of services to IHC's own patients. IHC provides hospital services to patients solely for the benefit of IHC (in the form of payment received in exchange for treatment) and IHC's patients (in the form of hospital goods and services received). The unjust enrichment claim is not based on any amount paid to ELAP by IHC, as IHC never paid any money to ELAP. It is also not based on any direct benefit conferred on ELAP by IHC. The only benefit ELAP received in this scenario is the receipt of contractually guaranteed compensation for providing auditing services to its own customers: self-funded health plans. ELAP's customers are NOT involved in this lawsuit and have NOT asserted the amounts paid to ELAP are unjust or reasonable. IHC lacks standing and cannot state a claim for relief under the unjust enrichment theory it seeks to add. The motion for leave to amend is merely an attempt to delay the Court's ruling on ELAP's pending motion to dismiss so that IHC can obtain discovery pursuant to the discovery plan before the Court rules on the motion to dismiss. Accordingly, the amendment should be denied as futile and prejudicial.

## II. ARGUMENT

The unjust enrichment claim IHC seeks to add through its Motion for Leave to Amend is futile because IHC has not and cannot plead facts establishing all the elements of an unjust enrichment claim. Additionally, permitting the addition of this futile claim at this time will prejudice ELAP by delaying the Court's ruling on ELAP's Motion to Dismiss, which is already ripe for a decision, and exposing ELAP to discovery on causes of action subject to dismissal during the delay caused by the futile amendment.

### A. IHC's Proposed Unjust Enrichment Claim Is Futile Because the Allegations Are Tenuous and Implausible

A court properly denies a motion for leave to amend when the proposed amendment will not survive dismissal or summary judgment. *Bradshaw v. Lappin*, 484 Fed. Appx. 217, 225 (10th Cir. 2002). IHC's proposed amendment, which adds a cause of action for unjust enrichment, cannot survive a motion to dismiss and certainly cannot survive summary judgment.

IHC asserts it confers a benefit on ELAP by providing health care services to patients covered by health plans that utilize ELAP's auditing services. (Dkt. 26-1, at ¶ 100.) According to IHC, it confers a benefit on ELAP in these circumstances because ELAP is paid by the health plan—not IHC—to audit hospital bills. (Dkt. 26-1, at ¶ 99.) IHC alleges it is unjust for ELAP to be compensated for its services

and justice requires all ELAP's compensation to be remitted to IHC. (Dkt. 26-1, at ¶¶ 101, 104.)

Unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belong to another. *Baugh v. Darley*, 184 P.2d 335, 337 (Utah 1947); *see also* RESTATEMENT OF RESTITUTION, § 1, cmt. b. To prevail on a claim for unjust enrichment, the plaintiff must prove (1) it conferred a benefit on the defendant; (2) the defendant appreciated or knew of the benefit; and (3) the defendant's acceptance or retention of the benefit makes it inequitable for the defendant to retain the benefit without payment of its value. *US Fidelity v. US Sports Specialty*, 270 P.2d 464, 468 (Utah 2012). The Proposed Amended Complaint fails to state a claim for unjust enrichment; thus, IHC's Motion for Leave to Amend should be denied because the amendment is futile.

    i.    <u>IHC Did Not Confer any Benefit on ELAP</u>

The first element of an unjust enrichment claim requires IHC to show it conferred a benefit on ELAP. *Baugh*, 184 P.2d at 337 ("We must now determine whether or not the plaintiff has conferred a benefit upon the defendant"). Incidental benefits are not recoverable under an unjust enrichment claim. *Id.* When a plaintiff provides services "for his own advantage, and from which the defendant benefits incidentally," the plaintiff cannot recover under unjust enrichment. *Id.*; *see also*

RESTATEMENT OF RESTITUTION, §§ 40–41; *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998). "Generally, unless such services enhance or benefit the property of the defendant or otherwise confer on him a direct benefit, they do not form the basis for a contract imposed by law because there is no 'unjust enrichment' as that term is used in law." *Baugh*, 184 P.2d at 337–38.

    Here, IHC did not confer any benefit on ELAP, let alone a direct benefit that may serve as a basis for recovery under unjust enrichment. IHC alleges it conferred a benefit on ELAP by treating patients covered under health plans sponsored by ELAP's customers. (Dkt. 26-1, at ¶ 100.) If ELAP received any benefit at all, this is precisely the type of incidental benefit that is not recoverable. *See Baugh*, 184 P.2d at 337–38. IHC performed services to patients for its own advantage, *i.e.*, payment from the health plan and patient. IHC admits its provision of services benefits its patients. (Dkt. 26-1, at ¶ 100.) Although IHC alleges ELAP is compensated for auditing hospital bills, it is not IHC's provision of services, but rather ELAP's auditing of the bill that results in compensation to ELAP. (Dkt. 26-1, at ¶ 99.) Significantly, IHC did not pay any amount to ELAP, and the only purported benefit ELAP received was contractual compensation from its customers—not IHC.

Such a tenuous and indirect benefit, if it can be called a benefit at all, is not the conferral of a direct benefit sufficient to state claim for unjust enrichment. IHC treats patients for its own advantage, not for ELAP's benefit. The alleged benefit conferred on ELAP is the contractual payment of compensation to ELAP by ELAP's customers. (Dkt. 26, at ¶¶ 99, 104.) As that payment is governed by contractual obligations, it cannot be the basis for an unjust enrichment claim. *See US Fidelity*, 270 P.3d at 468. IHC cannot satisfy the first element of an unjust enrichment claim. Accordingly, the unjust enrichment claim asserted in the Proposed First Amended Complaint cannot survive dismissal, and the proposed amendment is futile.

ii. Absent Any Benefit Conferred, ELAP Could Not Have Any Awareness or Appreciation of the Purported Benefit

IHC must also prove ELAP appreciated or knew of the benefit conferred by IHC to ELAP. *US Fidelity*, 270 P.2d at 468. Knowledge or appreciation of the alleged benefit is evaluated at the time the benefit is allegedly conferred. *See Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 583 (Utah 2000).

As discussed above, IHC did not confer any benefit on ELAP; therefore, ELAP could not have had any appreciation or knowledge of the conferral of a supposed benefit. Even if IHC's provision of services to IHC's patients did constitute (which it does not) a benefit conferred on ELAP by IHC, ELAP still

would have had no knowledge or appreciation any patient was treated until long after treatment is provided. IHC does not and cannot allege ELAP knows when IHC treats a particular patient. Instead, ELAP only becomes aware IHC has provided services to a patient after the fact, when ELAP's customer asks ELAP to audit that particular patient's hospital bill. Thus, even if IHC's provision of hospital services to patients were to somehow constitute a benefit to ELAP (which it does not), IHC would still fail to state a claim for unjust enrichment because ELAP did not have any knowledge or appreciation of the fact services were provided at the time they were provided. *See Desert Miriah*, 12 P.3d at 583. Accordingly, IHC has not alleged and cannot prove facts sufficient to establish either of the first two elements of a claim for unjust enrichment; therefore, the proposed amendment is futile and the Motion for Leave to Amend should be denied.

      B.    <u>Rather than Setting Forth a Claim Upon Which Relief May Be Granted, the Proposed Amendment, if Allowed, Would Merely Delay the Court's Decision on ELAP's Motion to Dismiss</u>

IHC concedes its new theory for relief "fundamentally arises from the same predicate facts asserted in the initial Complaint." (Dkt. 26, at p. 4.) Nevertheless, IHC waited until the eleventh hour to seek leave to add this new cause of action. As discussed above, IHC cannot actually state a claim for unjust enrichment

7

against ELAP. Permitting this futile amendment prejudices ELAP by delaying the Court's ruling on ELAP's pending Motion to Dismiss and subjecting ELAP to discovery on claims subject to dismissal.

The parties have already fully briefed ELAP's Rule 12(b)(6) Motion to Dismiss, which is ripe for a decision. If the Court grants IHC's Motion for Leave to File First Amended Complaint, ELAP will be required to file a new motion to dismiss, which will then trigger new response and reply dates. Thus, granting the Motion for Leave to File First Amended Complaint would necessitate delays while the parties brief the issues again and the court reviews the newly filed briefs. Meanwhile, ELAP may be required to respond to potentially expensive and time-consuming discovery demands on causes of action subject to dismissal. The discovery period has already commenced. Permitting the futile amendment would significantly delay the Court's ruling on ELAP's Motion to Dismiss, resulting in prejudice, delay, and unnecessary expense.

    C.    <u>This Motion to Amend Should Be Consolidated and Heard with the Pending Motion to Dismiss</u>

To avoid prejudice, streamline the resolution of pending motions, and promote judicial efficiency, the hearing on IHC's Motion for Leave to Amend should be consolidated with the hearing on ELAP's Motion to Dismiss. By consolidating these motions and deciding them simultaneously, the Court will

minimize and perhaps eliminate any prejudice created by IHC's eleventh hour Motion for Leave to Amend with a futile cause of action. Rather than permitting the Proposed Amended Complaint and necessitating the filing of a new Motion to Dismiss along with a new response and reply brief, the Court can decide the consolidated motions as soon as IHC files any reply brief in support of this Motion for Leave to Amend.

### III. CONCLUSION

For the reasons set forth herein, ELAP respectfully requests the Court deny IHC's Motion for Leave to File First Amended Complaint and consolidate it with ELAP's Motion to Dismiss, which should be granted.

DATED this 17th day of September 2018.

RAY QUINNEY & NEBEKER P.C.

*/s/ John W. Mackay*
John W. Mackay

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2018, the foregoing **DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Alan C. Bradshaw
Chad R. Derum
MANNING CURTIS BRADSHAW & BEDNAR PLLC
136 E. South Temple, Suite 1300
Salt Lake City, UT 84111

*/s/ Lori M. McGee*