Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
btolk@parrbrown.com
shale@parrbrown.com

John W. Mackay (6923)
Brett L. Tolman (8821)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com
btolman@rqn.com

Thomas E. Lavender III (pro hac vice
forthcoming)
Kristopher R. Alderman (pro hac vice
forthcoming)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation, | **ELAP'S PARTIAL MOTION TO DISMISS** |
| Plaintiff, | **(Oral Argument Requested)** |
| v. | Case No. 2:17-cv-01245-JNP-EJF |
| ELAP SERVICES, LLC, a limited liability company, | Judge Jill N. Parrish |
| Defendant. | Magistrate Judge Evelyn J. Furse |

## ELAP'S MOTION TO DISMISS

Defendant ELAP Services, LLC moves to dismiss the second, third, fourth, and fifth claims for relief pled in the Second Amended Complaint (the "SAC") filed by Plaintiff IHC Health Services, Inc. (hereinafter "IHC") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], based upon the following grounds: (1) IHC's claim for unjust enrichment fails because IHC never conferred a benefit on ELAP, and even if treating patients could be considered a benefit conferred on ELAP by IHC, ELAP was not aware of that benefit when it was allegedly conferred. The only actual benefit ELAP received was contractual compensation, which was not paid by IHC and was paid by ELAP's customers in exchange for valuable services rendered by ELAP to its customers; (2) IHC's fraud and negligent misrepresentation claims should be dismissed because the allegedly false statements have not been pled with particularity; none of the allegedly false statements made by ELAP were repeated to IHC; and IHC did not rely on any of these allegedly false statements. The negligent misrepresentation claim should also be dismissed on the additional ground that IHC has not pled facts showing the existence of a special duty ELAP

---

[1] ELAP and IHC agreed by stipulation to extend the time for ELAP to respond to the first and sixth claims for relief through and including November 14, 2018. ELAP does not seek to dismiss the first and sixth claims for relief; instead, ELAP will respond to those claims within the time permitted by the stipulation submitted by the parties and entered by the Court.

owes IHC; and (3) IHC's declaratory judgment claim should be dismissed because the declaratory relief is predicated on claims that have been and should be dismissed, and IHC lacks standing to obtain the type of prospective relief it seeks for speculative and uncertain future injuries.

## MEMORANDUM IN SUPPORT OF ELAP'S MOTION TO DISMISS

## INTRODUCTION

IHC is a large health care corporation with unrivaled market power in Utah. In 2016, IHC allegedly treated more than 1.4 million unique patients, which it calculates to be approximately 45% of Utah's 3.1 million residents, and took in nearly $7 billion in revenue. This Court previously dismissed three of the four claims at issue in this motion; nevertheless, IHC filed a Second Amended Complaint in which it fails to cure the pleading deficiencies identified by the Court in its prior ruling.

In the Second Amended Complaint, IHC continues to push the far-fetched narrative in which ELAP, an upstart company providing healthcare cost containment services to a handful of Utah employers, is bullying and harassing IHC, the largest integrated health system in Utah. Regardless of IHC's storyline, IHC's regurgitated claims for fraud, negligent misrepresentation, and declaratory judgment continue to suffer from the same pleading deficiencies. Additionally,

IHC fails to state a claim for unjust enrichment for the same reasons set forth in ELAP's brief opposing IHC's request to add the quantum meruit claim.

ELAP Services is a company that audits hospital claims on behalf of its clients, which are primarily small to medium-sized companies, some of which are in Utah. ELAP's clients each sponsor their own ERISA self-funded healthcare plan, which contains defined policy limits for hospital-based healthcare. On occasion, hospitals may be dissatisfied with the amount of reimbursement received from the ERISA health plan pursuant to the audit performed by ELAP. This may lead the hospital to pursue the patient and/or the health plan for additional payment. If that occurs, pursuant to its contractual obligations to its clients (the ERISA health plan), ELAP covers the cost associated with attorney's fees related to defending the patient and/or the health plan against the hospital's attempt to collect additional reimbursement beyond the policy limit of the health plan. Often, hospitals like IHC seek to enforce a "blank check" against its patients—alleged contracts that lack any specific price terms or agreement—and in such instances contract law in Utah and most states requires an analysis of the reasonable value of the charges a hospital seeks to impose. In this fashion, ELAP offers ERISA plans the ability to control unreasonable health care costs.

The claims asserted against ELAP are motivated by IHC's frustration at being forced to demonstrate its charges are reasonable. Without any specificity, and showing a disregard for the applicable pleading standards, IHC alleges ELAP is making misrepresentations to Utah employers and members of those employers' health plans. Significantly, IHC does not contend ELAP is making misrepresentations to IHC. Nevertheless, IHC asserts claims against ELAP for fraud, negligent misrepresentation, declaratory relief, and unjust enrichment.

ELAP is not misrepresenting facts to its clients or patients of IHC, but even if IHC's vague allegations were true (which they are not), IHC's Second Amended Complaint would still fail to state a claim for relief. IHC fails to state claims upon which relief may be granted despite guidance from the Court explaining the deficiencies in the original Complaint. The failure to cure those pleading deficiencies at this stage is the result of an absence of facts supporting IHC's claims. One of the most fundamental problems dooming IHC's claims is the fact that ELAP did not make any misrepresentations to IHC. Similarly, IHC did not provide any services to ELAP. At the most basic level, IHC's claims for fraud, negligent misrepresentation, declaratory relief, and unjust enrichment fail because there is no relationship between ELAP and IHC. For the reasons set forth below,

IHC's second, third, fourth, and fifth claims for relief in the Second Amended Complaint should be dismissed.

## FACTUAL ALLEGATIONS

IHC is a non-profit corporation operating 22 hospitals and 185 clinics in Utah and Idaho. (SAC, ¶ 1–2.) It is the largest integrated health network in Utah. (SAC, ¶ 47.) IHC treated more than 1.3 million Utah patients in 2016. (SAC, ¶ 13.) ELAP provides health care cost containment services to self-funded health plans. (SAC, ¶ 20.) ELAP markets itself to companies by explaining it can help them save money on health care costs. (SAC, ¶ 20, 23, 29.) ELAP reviews hospital bills for its clients and determines the appropriate amount of benefits to be paid by the health plan. (SAC, ¶ 25.) According to IHC, ELAP determines the payment amount by reference to the amounts hospitals accept from Medicare. (SAC, ¶ 26.) The practice of reviewing bills and determining the appropriate reimbursement based on industry standard metrics is prevalent enough in the industry to have common names known to IHC. (SAC, ¶ 25.) If hospitals seek to collect additional amounts from health plan members, ELAP provides a defense to the plan member. (SAC, ¶ 27.) Companies that hire ELAP pay fees in exchange for its services. (SAC, ¶ 23, 56.)

IHC contends ELAP makes false statements to induce Utah employers to use ELAP's services. (SAC, ¶ 8.) IHC does not have a preferred-provider agreement or

any other contractual arrangement with ELAP. (SAC, ¶ 25.) Nevertheless, IHC admits and treats patients covered by health plans affiliated with ELAP. (SAC, ¶ 10.) IHC contends ELAP encourages patients not to pay amounts those patients are contractually obligated to pay IHC. (SAC, ¶ 31.) IHC alleges ELAP falsely promises patients can go to any provider, including IHC. (SAC, ¶ 24.) Of course, IHC also admits these patients have and will continue to go to IHC. (SAC, ¶ 10.) Finally, ELAP allegedly intentionally omits disclosing certain information to patients. (SAC, ¶ 27).

IHC alleges it has provided valuable medical services to patients covered by an ELAP-affiliated health plan. (SAC, ¶ 55.) Each time IHC provides such services, ELAP reviews the bill IHC submits to the patient's health plan and ELAP receives compensation from the health plan for doing so. (SAC, ¶ 56.) According to IHC, ELAP only receives such compensation because of misleading acts, making it unjust for ELAP to retain the compensation. (SAC, ¶ 60.)

Based on these allegations, IHC asserts claims against ELAP for tortious interference with existing and potential economic relations, unjust enrichment, fraud, negligent misrepresentation, and declaratory and injunctive relief.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead enough factual matter to "raise a right to relief above the speculative level" and "raise a reasonable expectation that discovery will reveal evidence supporting" the claim. *Id.* at 555–56. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Allegations that are "no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Conclusory allegations do not "unlock the doors of discovery." *Id.* at 678–79. The complaint must state a "plausible claim for relief." *Id.* at 679. The plausibility assessment is a "context-specific task" requiring courts to analyze well-pled factual matter against the elements of the cause of action while employing its "judicial experience and common sense." *Id.*

## ARGUMENT

For the reasons set forth below, IHC's second, third, fourth, and fifth claims for relief should be dismissed.

## I.      IHC Fails to State a Claim for Unjust Enrichment Because IHC Has Not Conferred any Benefit.

Unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belong to another. *Baugh v. Darley*, 184 P.2d 335, 337 (Utah 1947); *see also* RESTATEMENT OF RESTITUTION, § 1, cmt. b. To prevail on a claim for unjust enrichment, the plaintiff must prove (1) it conferred a benefit on the defendant; (2) the defendant appreciated or knew of the benefit; and (3) the defendant's acceptance or retention of the benefit makes it inequitable for the defendant to retain the benefit without payment of its value. *US Fidelity v. US Sports Specialty*, 270 P.2d 464, 468 (Utah 2012). The Second Amended Complaint fails to state a claim for unjust enrichment.

### A.      IHC Did Not Confer any Benefit on ELAP.

The first element of an unjust enrichment claim requires IHC to show it conferred a benefit on ELAP. *Baugh*, 184 P.2d at 337 ("We must now determine whether or not the plaintiff has conferred a benefit upon the defendant"). Incidental benefits are not recoverable under an unjust enrichment claim. *Id.* When a plaintiff provides services "for his own advantage, and from which the defendant benefits incidentally," the plaintiff cannot recover under unjust enrichment. *Id.*; *see also* RESTATEMENT OF RESTITUTION, §§ 40–41; *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998). "Generally, unless such services enhance or benefit the property of the

defendant or otherwise confer on him a direct benefit, they do not form the basis for a contract imposed by law because there is no 'unjust enrichment' as that term is used in law." *Baugh*, 184 P.2d at 337–38.

Here, IHC did not confer any benefit on ELAP, let alone a direct benefit that may serve as a basis for recovery under unjust enrichment. IHC alleges it conferred a benefit on ELAP by treating patients covered under health plans sponsored by ELAP's customers. (SAC, ¶ 55–57.) IHC argues its provision of services to a patient confers a benefit on ELAP because the patient's health plan subsequently asks ELAP to review the resulting bill from IHC and the health plan pays ELAP for doing so. (SAC, ¶ 55-57.)  If ELAP received any benefit at all, this is precisely the type of incidental benefit that is not recoverable. *See Baugh*, 184 P.2d at 337–38. IHC performed services to patients for its own advantage, *i.e.*, payment from the health plan and patient. When IHC treats patients, the only direct benefit is received by the patients who obtain necessary medical treatment. Although IHC alleges ELAP is compensated for auditing hospital bills, it is not IHC's provision of services, but rather ELAP's auditing of the bill that results in compensation to ELAP. (SAC, ¶ 56.) Significantly, IHC did not pay any amount to ELAP, and the only purported benefit ELAP received was contractual compensation from its customers—not IHC.

Such a tenuous and indirect benefit, if it can be called a benefit at all, is not the conferral of a direct benefit sufficient to state a claim for unjust enrichment. IHC treats patients for its own advantage, not for ELAP's benefit. The alleged benefit conferred on ELAP is the contractual payment of compensation to ELAP by ELAP's customers. (SAC, ¶ 56.) As that payment is governed by contractual obligations, it cannot be the basis for an unjust enrichment claim. *See US Fidelity*, 270 P.3d at 468. IHC cannot satisfy the first element of an unjust enrichment claim. Accordingly, the unjust enrichment claim asserted in the Second Amended Complaint should be dismissed with prejudice.

### B.     Absent Any Benefit Conferred, ELAP Could Not Have Any Awareness or Appreciation of the Purported Benefit.

IHC must also prove ELAP appreciated or knew of the benefit conferred by IHC to ELAP. *US Fidelity*, 270 P.2d at 468. Knowledge or appreciation of the alleged benefit is evaluated at the time the benefit is allegedly conferred. *See Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 583 (Utah 2000).

As discussed above, IHC did not confer any benefit on ELAP; therefore, ELAP could not have had any appreciation or knowledge of the conferral of a supposed benefit. Even if IHC's provision of services to IHC's patients did constitute a benefit conferred on ELAP by IHC (which it does not), ELAP still

would have had no knowledge or appreciation any patient was treated until long after treatment was provided. IHC does not and cannot allege ELAP knows when IHC treats a particular patient. Instead, ELAP only becomes aware IHC has provided services to a patient after the fact, when ELAP's customer asks ELAP to audit that particular patient's hospital bill. Thus, even if IHC's provision of hospital services to patients were to somehow constitute a benefit to ELAP (which it does not), IHC would still fail to state a claim for unjust enrichment because ELAP did not have any knowledge or appreciation of the fact services were provided at the time they were provided. *See Desert Miriah*, 12 P.3d at 583. Accordingly, IHC has not alleged and cannot prove facts sufficient to establish the elements of a claim for unjust enrichment; therefore, the Court should dismiss the unjust enrichment claim.

## II.   The Fraud Allegations Are Not Pled with Particularity and Fail to Show Reliance.

A plaintiff must show nine elements to properly plead a claim for fraud: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact

rely upon it; (8) and was thereby induced to act; (9) to his injury and damage. *Carlton v. Brown*, 2014 UT 6, ¶ 37, 323 P.3d 571, 581–82 (Utah 2014); *see also* Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss with Leave to Amend (Prior Motion to Dismiss Order), at pp 14–15. IHC fails to state a claim for fraud because IHC did not rely on any of the alleged misrepresentations, the alleged misrepresentations were not even purportedly made to IHC, and IHC fails to plead fraud with particularity as required under Rule 9(b). Thus, plaintiff's fraud claim should be dismissed.

### A.   IHC Did Not Rely on Any Allegedly Fraudulent Statements Made by ELAP.

All of the allegedly false statements upon which the fraud claim is based were supposedly made to employers, health plans, or plan members—not to IHC:

- ELAP allegedly represents to "employers and/or Plan members" that members can go to any provider, including IHC, and ELAP expects the provider will accept the ELAP-determined amount as payment in full (SAC, ¶ 64);

- ELAP allegedly represents that "employees and/or Plan members" are not liable for balance bills (SAC, ¶ 64);

- ELAP allegedly represents to "Plans and/or Plan members" that no special arrangements are required to obtain services at IHC and members can sign whatever documents the facility presents (SAC, ¶ 64);

- ELAP allegedly encourages Plan members to disregard the terms of "Patient Agreements" (SAC, ¶ 65);

- ELAP allegedly fails to disclose facts about balance billing to plan members (SAC, ¶ 65); and

- ELAP allegedly intentionally omits disclosing certain information to patients (Complaint, ¶ 64).

In order to recover for fraud, a plaintiff must show it justifiably relied on the allegedly false statements. *Carlton*, 2014 UT 6, ¶ 37.  IHC did not rely on any of ELAP's alleged statements—nor does it allege reliance. Of course, the statements were not even made to IHC, making IHC's reliance on them impossible. While it is possible to recover for fraudulent statements made to a third party, the plaintiff can only do so if the maker of the statement had reason to believe the statement would be repeated to the plaintiff, who would rely on the statement. *Russell/Packard Dev., Inc. v. Carson*, 78 P.3d 616, n.12 (Utah App. 2003). Here, IHC does not allege that any third party repeated the above allegedly fraudulent statements to IHC.

IHC has not and cannot plead that it relied on any of the alleged misrepresentations. On the face of the Second Amended Complaint, IHC did not rely on any alleged statement that (1) Plan members can go to any hospital; (2) IHC will accept the amount ELAP determines is appropriate; (3) Plan members are not responsible for balance bills; (4) no special arrangements are necessary to receive treatment at IHC; (5) Plan members can sign whatever agreements they are given; or (6) ELAP will step in and defend against any balance billing. IHC not only fails to allege reliance, but **IHC's affirmative allegations demonstrate it** **would not have relied on these statements if they had been made or repeated** **to IHC**. In the absence of reliance, IHC's fraud claim must be dismissed. As the Court recognized in its Prior Motion to Dismiss Order, IHC did not rely on any of the allegedly false statements:

> Here, the allegedly false statements were made to ELAP Plans or Plan Members, not to IHC. And because IHC vigorously contests the accuracy of those statements, it cannot plausibly suggest it relied upon them.

(Prior Motion to Dismiss Order, at p. 15–16.) Accordingly, the Court dismissed the fraud claim with leave to amend; however, the Second Amended Complaint fails to include any amendments correcting the pleading deficiency identified by the Court. Having been told by the Court exactly what IHC would need to allege to survive a motion to dismiss, it is easy to conclude IHC failed to fix this deficiency because it

simply cannot do so—IHC did not rely on any allegedly false statement made by ELAP.

IHC does add allegations in a failed attempt to plead around this requirement. IHC now says it relied on false statements made by patients that they would pay whatever amount IHC subsequently decided to charge them. (SAC, ¶ 72.) This new allegation fails to cure the pleading deficiency previously identified by the Court because IHC does not allege ELAP made this false representation to the plan members, who then repeated it to IHC, who then relied upon it. That is the chain of events necessary to state a claim for fraud against a defendant whose allegedly false statement is made to a third party. *Carson*, 78 P.3d at n.12; Prior Motion to Dismiss Order, at 15, n.8. Here, IHC did not and cannot allege ELAP falsely told patients they would pay whatever amount IHC subsequently decided to charge them—in fact, IHC alleges ELAP told patients the exact opposite. ELAP cannot be liable for allegedly false statements it never made. Accordingly, IHC failed to cure the pleading deficiency identified by the Court in its Prior Motion to Dismiss Order. In short, IHC now claims it relied on false representations by patients that they would pay whatever amount IHC charges; however, this fails to state a claim against ELAP because ELAP did not make that

statement to the patients. In fact, IHC alleges ELAP said the exact opposite thing to patients.

As it alleged in the Complaint, IHC continues to allege in the Second Amended Complaint that ELAP makes a concerted effort to conceal its involvement from IHC. But the Court has already found this allegation insufficient to state a claim for fraud:

> While litigation to collect on outstanding bills certainly costs time and money, IHC has not actually relied on anything ELAP has represented to them, or to the patients. At most, the patients have failed to inform IHC that they are participants in an ELAP plan, but IHC does not suggest that the patients were under any legal duty to pass on that information. Moreover, IHC still has the legal right to collect the patients' bills under the Patient Agreements. Thus, IHC has failed to plead detrimental reliance.

(Prior Motion to Dismiss Order, at p. 16.) IHC's fraud claim should be dismissed with prejudice.

## B.     IHC Failed to Plead Its Fraud Claim with Particularity.

Separately, and despite the Court's highlighting IHC's failure to allege fraud with particularity in the Complaint, IHC still fails to meet the heightening pleading requirement, which provides "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To plead fraud with particularity, the plaintiff must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and

the consequences thereof." *Koch*, 203 F.3d at 1236; *see also Heaton v. Am. Brokers Conduit*, 496 Fed. Appx. at 876. As the Court previously found, IHC failed to plead any of the allegedly false statements with the requisite particularity. Specifically, IHC does not plead the time, place, or identity of the person making any of the alleged false statements.[2]

In an apparent effort to cure this pleading deficiency, IHC identifies what it characterizes as "a small sample" of dates it admitted patients covered by ELAP-affiliated plans. (SAC, ¶ 86–87.) According to IHC, these are the dates IHC reasonably relied on fraudulent statements made by patients. (SAC, ¶ 86.) However, IHC fails to identify the content of the fraudulent statements allegedly made on those dates. More importantly, those are the allegedly fraudulent statements of third parties—not ELAP! IHC cannot plead ELAP's fraud with particularity simply by providing more information about statements made by others. IHC has done nothing more than identify 24 times in which it allegedly admitted patients covered by an ELAP-affiliated plan. Yet IHC still fails to plead ELAP's alleged fraud with particularly by alleging the time, place, and contents of

---

[2] IHC understands well the importance of pleading allegations of fraud or misrepresentation, given the gravity of such accusations and the need for a defendant to fairly defend itself against such accusations. *See Shah v. Intermountain Healthcare, Inc.,* 2013 UT App 261, ¶ 12, 314 P.3d 1079 (Utah Ct. App. 2013) (IHC prevailed on argument that plaintiff failed to allege misrepresentations with adequate particularity, and stating that "a plaintiff alleging fraud must know what his claim is when he files it"); citing *Farlow v. Peat Marwick, Mitchel & Co.,* 956 F.2d 982, 990 (10th Cir. 1992); and citing *Segal v. Gordon,* 467 F.2d 602, 607-08 (2nd Cir. 1972) (a complaint alleging fraud should "serve to seek redress for a wrong, not to find one").

the false representation. *See Koch*, 203 F.3d at 1236. Thus, the fraud claim should

also be dismissed for failing to meet the particularly requirement.

## III.   Negligent Misrepresentation.

In addition to the other elements of fraud, to state a claim for negligent

misrepresentation, IHC must allege ELAP

> (1) [has] a pecuniary interest in a transaction, (2) is in a superior position to
> know material facts, and (3) carelessly or negligently makes a false
> representation concerning them, (4) expecting the other party to rely and act
> thereon, and (5) the other party reasonably does so and (6) suffers loss in
> that transaction.

*Christenson v. Commonwealth Land Title Ins. Co.,* 666 P.2d 302, 305 (Utah 1983)

(quoting *Jardine v. Brunswick Corp.*, 18 Utah 2d 378, 381, 423 P.2d 659, 662

(1967)). *See* Prior Motion to Dismiss Order, at p. 18. Additionally, "liability will

only lie for a negligent misrepresentation when there is a special duty of care

running from the representor to the representee." *Ellis v. Hale*, 373 P.2d 382, 385

(Utah 1962). No special duty exists when the parties deal at arm's length, neither

has a special expertise or competence as compared with the other, and the plaintiff

could have easily cleared up any confusion with a simple question. *Id.* Like a claim

for fraud, negligent misrepresentation claims must be pled with specificity.

*Heaton*, 496 Fed. Appx. at 876; *see also Christison v. Biogen Idec Inc.*, No. 2:11-

CV-01140-DN-DBP, 2014 WL 7261300, at *9 (D. Utah Dec. 18, 2014) ("Both

negligent misrepresentation and general fraud claims must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).") (internal quotation marks omitted).

IHC's negligent misrepresentation claim is based on exactly the same allegations as its fraud claim. (SAC, ¶ 101.) The negligent misrepresentation claim fails for the same reasons the fraud claim fails: IHC did not plead the alleged misrepresentations with particularity, and IHC did not rely upon any of the insufficiently alleged misrepresentations.

For the same reasons IHC's fraud claim is not pled with specificity, its negligent misrepresentation claim is similarly not pled with specificity. IHC does not come close to pleading any false statement with the particularity required to state a claim. Accordingly, IHC's negligent misrepresentation claim should be dismissed.

Also, like the fraud claim, IHC's negligent misrepresentation claim fails because IHC did not rely on any of the alleged misrepresentations. IHC attempts to use the same allegations supporting the fraud claim to support the negligent misrepresentation claims. Thus, this claim fails for the same reasons the fraud claim fails: the alleged misrepresentations were not made to IHC, they were not repeated to IHC, they were not relied on by IHC, and the entire premise of IHC's

case demonstrates it would have rejected such alleged statements rather than have relied on them if they had been made to IHC.

Additionally, IHC has not pled any facts supporting the existence of a special duty running from ELAP to IHC.[3] ELAP and IHC have never had any type of confidential relationship or interaction other than at arm's length. IHC has not pled ELAP has any sort of special expertise or competence on which IHC relied in their interactions. Finally, any alleged confusion about whether a health plan was affiliated with ELAP could have been cleared up by IHC simply asking the question, which it apparently failed to do.

The Court should dismiss the negligent misrepresentation claim because despite being apprised of the pleading deficiencies, IHC has still failed to state a claim by alleging reliance on ELAP's alleged misrepresentations, pleading such alleged misrepresentations with particularity, or pleading the existence of a special duty running from ELAP to IHC.

---

[3] Although IHC's Second Amended Complaint now contains the purely conclusory and unsupported statement that ELAP owes IHC a special duty (SAC, ¶ 91), the conclusory statement is not supported by any well pled facts. Such unsupported conclusory statements are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679.

**IV.     IHC Has Not Pled Any Substantive Claims Entitling It to Declaratory Relief, and IHC Lacks Standing for the Requested Relief.**

After its claim for declaratory relief was dismissed from the Complaint, IHC filed the Second Amended Complaint in which it asks the Court to declare the following:

- "ELAP is required to notify Intermountain in advance before an ELAP-affiliated Plan Member seeks admission to an Intermountain facility for non-emergent health care services whenever ELAP reasonably expects to have a role in determining the amount to be paid to Intermountain" (SAC, ¶ 107);

- "ELAP is prohibited from taking any action or engaging in any representations suggesting that: 1) Plan members can visit Intermountain without abiding by Patient Agreements; 2) that Intermountain will or must accept whatever ELAP decides to pay for Intermountain's services; and/or 3) that the patients who sign Patient Agreements will nevertheless have no financial responsibility to Intermountain beyond what ELAP determines the patients' financial obligation to be" (SAC, ¶ 108);

- "nothing ELAP does, has done, or may do, in its role as alleged "Dedicated Decision Maker" is legally binding on Intermountain with respect to the amounts Intermountain is obligated to accept as payment in full for health care

services rendered to Plan Members except insofar as ELAP directs a Plan to pay all of Intermountain's actual charges" (SAC, ¶ 109).

This declaratory relief is improper and inappropriate for two reasons. First, where declaratory relief is premised on the existence of a substantive cause of action, relief is inherently unavailable if the substantive claim fails as a matter of law. *Long v. Wells Fargo Bank, N.A.*, 670 Fed. Appx. 670, 671 (10th Cir. 2016); *Fedorowicz v. Pearce*, 641 F. Appx. 773, 776 n.2 (10th Cir. 2016); *Adams v. FedEx Ground Package Sys., Inc.*, 546 F. Appx. 772, 776-77 (10th Cir. 2013). For reasons discussed above, IHC's claims for unjust enrichment, fraud, and negligent misrepresentation should be dismissed with prejudice; therefore, IHC's related claim for declaratory relief must fail as well.

Second, to the extent the requested declaratory relief relates to substantive causes of action that are not dismissed, IHC has failed to establish standing. IHC explains its request for declaratory relief seeks prospective relief against future conduct. (SAC, ¶ 110.) "To establish Article III standing, a plaintiff must show that: (1) she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested."

*Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). When the plaintiff seeks declarations for prospective relief, the "injury in fact" element must be established by showing the plaintiff is suffering "continuing injury" or under a "real and immediate threat of being injured in the future." *Id.* An "injury in fact" that is "contingent upon speculation or conjecture" is not sufficient to confer standing. *Id.*

Here, IHC apparently wants the court to declare that ELAP cannot make certain statements in the future. However, as discussed above, IHC has not even met the pleading requirements to properly allege ELAP made any of the alleged misrepresentations. To find the "injury in fact" element of standing has been met, the Court must ignore IHC's failure to properly plead any misrepresentations with the requisite particularity and nevertheless assume ELAP made misrepresentations; further, the Court must conjecture and speculate that even if IHC proves ELAP made certain actionable statements entitling IHC to damages, ELAP will nevertheless go on making the same actionable statements, exposing itself to more liability. Such conjecture and speculation cannot confer standing. Accordingly, IHC's claim for declaratory judgment should be dismissed because IHC lacks standing where the future conduct IHC purportedly seeks to remedy is speculative and uncertain.

## CONCLUSION

For the foregoing reasons, ELAP respectfully requests that this Court grant its motion and dismiss with prejudice IHC's claims for unjust enrichment, fraud, negligent misrepresentation, and declaratory judgment.

## REQUEST FOR ORAL ARGUMENT

Due to the complexity of the issues potentially at stake; the breadth of discovery if the causes of action at issue were to proceed; the inherent seriousness of fraud allegations; and the legal issues at stake in this litigation, ELAP submits that good cause exists to allow oral argument, and ELAP hereby requests oral argument regarding the motion.

Respectfully submitted this 26th day of October, 2018.

PARR BROWN GEE & LOVELESS

By: /s/ Bentley J. Tolk
      Bentley J. Tolk

*Attorneys for Defendant ELAP Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of October, 2018, a true and correct

copy of the foregoing **ELAP'S PARTIAL MOTION TO DISMISS** was served

via electronic service on the following:

> Alan C. Bradshaw
> Chad R. Derum
> **MANNING CURTIS BRADSHAW & BEDNAR PLLC**
> 136 E. South Temple, Suite 1300
> Salt Lake City, Utah 84111
> abradshaw@mc2b.com
> cderum@mc2b.com
>
> John W. Mackay
> Brett L. Tolman
> **RAY QUINNEY & NEBEKER P.C.**
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111
> Telephone: (801) 532-1500
> Facsimile: (801) 532-7543
> jmackay@rqn.com
> btolman@rqn.com

/s/ Bentley J. Tolk