Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
btolk@parrbrown.com
shale@parrbrown.com

John W. Mackay (6923)
Brett L. Tolman (8821)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com
btolman@rqn.com

Thomas E. Lavender III (pro hac vice forthcoming)
Kristopher R. Alderman (pro hac vice forthcoming)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>    Defendant. | **ANSWER TO FIRST AND SIXTH CLAIMS FOR RELIEF IN SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Defendant, ELAP Services, LLC (sometimes referred to hereinafter as "ELAP"), without prejudice to its right to file an amended answer and/or amended counterclaims after additional investigation or the receipt of additional information, responds to the First Claim for Relief and the Sixth Claim for Relief contained in the Second Amended Complaint filed by Plaintiff, IHC Health Services, Inc. (sometimes referred to hereinafter as "Intermountain"), by answering the individually numbered paragraphs, asserting affirmative defenses, and asserting counterclaims against Plaintiff. Defendant previously responded to the remaining claims for relief in the Second Amended Complaint by filing a motion to dismiss those claims.

## ANSWER

## FIRST DEFENSE

ELAP responds to the individually numbered paragraphs at issue of the Second Amended Complaint as follows:

## PARTIES

1. Defendant admits the allegation contained in paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2; therefore, Defendant denies the allegations contained in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3; therefore, Defendant denies the allegations contained in paragraph 3.

4. Defendant admits the allegation contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant admits the allegation contained in paragraph 6.

## JURISDICTION AND VENUE

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant admits patients covered by self-funded health plans that have contracted with ELAP (Plans) have sought health care services in Utah, including at Plaintiff's facilities. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 10; therefore, Defendant denies the remaining allegations contained in paragraph 10. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits this is the judicial district in which Plaintiff is domiciled. Whether venue is proper is a legal conclusion to which no response is required. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 12.

## GENERAL ALLEGATIONS

### Intermountain's Health Care Operations

13. Defendant denies any allegations contained in the un-numbered heading preceding paragraph 13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13; therefore, Defendant denies the allegations contained in paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14; therefore, Defendant denies the allegations contained in paragraph 14.

Intermountain's Relationships with Patients and Health Insurers

15.     Defendant denies any allegations contained in the un-numbered heading preceding paragraph 15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15; therefore, Defendant denies the allegations contained in paragraph 15.

16.     Defendant admits the relationships between Intermountain and insurers described in paragraph 15 are sometimes called, among other things, preferred-provider agreements. Whether Utah law authorizes and encourages preferred-provider agreements is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies this allegation. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 16.

17.     Defendant admits insurers are not required to enter into preferred-provider agreements with Intermountain. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 17.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19; therefore, Defendant denies the allegations contained in paragraph 19.

ELAP's Scheme to Freeload on the Back of Intermountain, Other Healthcare Providers, and Patients Who Pay Their Bills

20. Defendant denies any allegations contained in the un-numbered heading preceding paragraph 20. Defendant admits it does not have a preferred-provider agreement or any other contractual arrangement with Plaintiff. Defendant admits it offers its clients a way to reduce health care costs and it markets itself as such. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant admits it helps its clients reduce spending on health care. Defendant admits it is compensated by its clients for the services it provides. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant admits it does not pay any health care claims. Defendant admits its role under the health plan is identified as the "Designated Decision Maker." Defendant admits the methodologies it uses are sometimes referred to as "reference based pricing" or "metric-based pricing." Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 25.

26. Defendant admits it is rare for a provider's charges to equal the reasonable and fair amount of reimbursement Defendant calculates based upon standard industry metrics and benchmarks. Defendant admits it is not a federal program. Defendant admits it does not attempt to incentivize health care providers to accept Medicare payments. Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegation regarding benefits that incentivize health care providers to accept Medicare payments; therefore, Defendant denies those allegations. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 26.

27. Defendant admits it defends patients covered by Plans when Plaintiff seeks to collect excessive and unreasonable charges from those patients. Defendant admits Plaintiff sometimes tries to collect such amounts from such patients and sometimes tries to negatively affect such patients' credit. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

<u>ELAP Knowingly Encourages Patients to Enter Contracts with Intermountain to Obtain Health Care Without Any Intention to Pay for that Care</u>

30. Defendant denies any allegations contained in the un-numbered heading preceding paragraph 30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant admits it does not pay any health care claims. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant admits once care has been received, part or all of the benefit from the Plaintiff has, in general, been bestowed on the patient. Defendant admits it does not pay any

health care claims. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant admits that when a patient covered by a Plan receives a balance bill, the provider is seeking reimbursement in excess of what the Plan has already paid. Except as specifically admitted, Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant admits it is rare for Plaintiff's charges to equal the reasonable and fair amount of reimbursement Defendant calculates based on standard industry metrics and benchmarks. Defendant admits it does not encourage patients covered by Plans to pay excessive or unreasonable charges. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 41.

42. Defendant admits ELAP provides a defense for patients covered by Plans when Plaintiff or other providers seek to collect excessive or unreasonable charges from them. Defendant admits the documents attached as Exhibit A speak for themselves. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 42.

43. Defendant admits that when describing the services it provides, one of its clients stated "miracles are being created today." Except as specifically admitted, Defendant denies the allegations contained in paragraph 43.

**FIRST CLAIM FOR RELIEF**

(Purported Intentional Interference with Existing and Potential Economic Relations)

44. Defendant incorporates by this reference its responses to all other allegations made in the above and below paragraphs, as if fully set forth herein.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant admits Intermountain has or had economic relations with ELAP-affiliated Plan members. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation Plaintiff has potential economic relations with ELAP-affiliated Plan members; therefore, Defendant denies that allegation. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47; therefore, Defendant denies the allegations contained in paragraph 47.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation it has induced employers to leave private insurance plans that have contracts with Plaintiff and instead affiliate with Defendant, either directly and/or through its agents; therefore, Defendant denies that allegation. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54–110. Defendant previously responded to the allegations in paragraphs 54-110 of the Second Amended Complaint by filing a motion to dismiss each of those claims for relief.

## SIXTH CLAIM FOR RELIEF

(Purported Preliminary and Permanent Injunction)

111. Defendant incorporates by this reference its responses to all other allegations made in the above and below paragraphs, as if fully set forth herein.

112. Defendant denies the allegations contained in paragraph 112.

113. Defendant denies the allegations contained in paragraph 113.

114. Defendant admits ELAP provides a defense for patients covered by Plans when Plaintiff or other providers seek to collect excessive or unreasonable charges from them. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 114.

115. Defendant admits ELAP provides a defense for patients covered by Plans when Plaintiff or other providers seek to collect excessive or unreasonable charges from them. Except as specifically admitted herein, Defendant denies the allegations contained in paragraph 115.

116. Defendant denies the allegations contained in paragraph 116.

117. Defendant denies the allegations contained in paragraph 117.

118. Defendant denies the allegations contained in paragraph 118.

119. Defendant denies the allegations contained in paragraph 119.

120. Defendant denies Plaintiff is entitled to the entry of a preliminary and permanent injunction

**PRAYER FOR RELIEF**

Defendant denies Plaintiff is entitled to the relief demanded in the Prayer for Relief.

Defendant denies any allegation not specifically admitted in this Answer.

**SECOND DEFENSE**

Some or all of Plaintiff's claims may be barred because the underlying alleged contractual obligations at issue may have been discharged by the doctrine of accord and satisfaction.

**THIRD DEFENSE**

Some or all of Plaintiff's claims may be barred because the underlying alleged contracts were obtained by Plaintiff while the Plan members were under duress.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the doctrine of estoppel.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims may be barred because there was no consideration supplied by Plaintiff to Plan members for the underlying alleged contracts.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the doctrine of laches.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims may be barred because the underlying alleged contractual obligations were discharged by the doctrine of payment.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims may be barred because the underlying alleged contractual obligations were discharged by the doctrine of release.

## NINTH DEFENSE

Some or all of Plaintiff's claims may be barred by the statute(s) of limitations, including without limitation by Utah Code Ann. §§ 78B-2-309, 78B-2-307 and/or 78B-2-305.

## TENTH DEFENSE

Some or all of Plaintiff's claims may be barred because Plaintiff waived the underlying alleged contractual obligations.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred because Plaintiff failed to mitigate its claimed damages.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims may be barred because the underlying alleged contractual obligations are unenforceable pursuant to the doctrine of unconscionability.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred because Defendant was privileged to engage in the alleged conduct.

## FIFTEENTH DEFENSE

The Second Amended Complaint, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

## SIXTEENTH DEFENSE

Defendant reserves the right to add other affirmative defenses as it discovers additional facts and information supporting such other affirmative defenses.

## COUNTERCLAIMS

1. Intermountain is a non-profit health system based in Utah.

2. Intermountain has its principal place of business located in Utah.

3. ELAP is a limited liability company organized in Delaware with its principal place of business located in Pennsylvania.

4. No member of ELAP is a citizen of or resides in Utah.

5. Intermountain filed a Complaint and Second Amended Complaint seeking relief against ELAP in this Court.

6. Intermountain contends ELAP interfered with its existing and potential economic relations with patients who are covered under self-funded group health plans that have contracted with ELAP for health care cost containment services (hereinafter "Patients").

7. Intermountain alleges ELAP has interfered with Intermountain's existing and potential economic relations by causing Patients not to pay Intermountain amounts the Patients are contractually obligated to pay.

8. Upon information and belief, Patients never agreed to pay Intermountain the amounts Intermountain now contends they owe for health care goods and services provided to Patients.

9. Upon information and belief, Intermountain provided health care goods and services to Patients under circumstances in which (a) Intermountain informed Patients they would owe a different amount than Intermountain now contends Patients owe or (b) Patients signed a standardized form drafted by Intermountain that contained no price term, an indefinite price term, or a price term that gave Intermountain unilateral discretion to charge any prices it wished, including excessive, unreasonable, and unconscionable prices.

10. Under these circumstances, Patients received health care goods and services from Plaintiff.

11. Intermountain subsequently submitted bills for payment to the Patients' self-funded group health plans (hereinafter "Plans").

12. Upon information and belief, in the fiscal years that ended in 2016, Intermountain's billed charges at all facilities totaled in excess of $9,000,000,000.00.

13. Upon information and belief, in the fiscal years that ended in 2016, Intermountain's revenue at all facilities totaled less than $4,400,000,000.00

14. Upon information and belief, in the fiscal years that ended in 2016, Intermountain's facilities collected less than 50% of its total billed charges.

15. Upon information and belief, in the fiscal years that ended in 2016, Intermountain's facilities recorded more than $600,000,000.00 in profit.

16. Intermountain's bills sought payment in amounts that were excessive, unreasonable, and unconscionable.

17. The amount of Intermountain's charges grossly exceeded (1) amounts paid and accepted by Intermountain for the health care goods and services provided, (2) amounts typically paid in the market for the health care goods and services provided, and (3) the costs incurred by Intermountain to provide the health care goods and services to Patients.

18. The Plans remitted payment to Intermountain pursuant to the terms and benefits available to the Patients under the Plans.

19. The payment submitted by Plans consisted of the Plans' Allowable Claim Limit ("ACL") minus any cost-sharing amounts for which the Patients were responsible.

20. The ACL is equal to or greater than the reasonable value of the health care goods and services provided to the Patient in each instance.

21. The ACL is the greater of (a) the amount Medicare would allow for the goods and services in the geographic area where the health care goods and services were provided to the Patient, plus an additional 20%, or (b) Intermountain's cost to provide the health care goods and services to the Patient, as determined by using the self-reported cost information provided by Intermountain to the Centers for Medicare and Medicaid Services, plus an additional 12%.

22. Payment of the ACL, comprised of the Plans' payments and the Patients' cost-sharing payments, fulfilled Patients' obligations to Intermountain to pay for the health care goods and services received by Patients.

23. Despite receiving payments fulfilling the Patients' obligations to Intermountain to pay for the health care goods and services received by Patients, Intermountain billed and sought

to collect from Patients the difference between the ACL, which was equal to or greater than the reasonable value of the health care goods and services received by Patients, and Intermountain's billed charges, which were excessive, unreasonable, and unconscionable.

24. ELAP has a contractual obligation to provide a defense to Patients where, as here, Plaintiff seeks to collect excessive, unreasonable, and unconscionable amounts.

25. Intermountain provided and continues to provide the defenses it is contractually obligated to provide to Patients.

26. By seeking to collect excessive, unreasonable, and unconscionable amounts from Patients, Intermountain breaches any contracts with Patients either by failing to honor express obligations or violating the implied covenant of good faith and fair dealing.

## COUNT ONE: DECLARATORY JUDGMENT

27. ELAP incorporates by reference the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. ELAP is entitled to declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

29. Intermountain contends Patients entered into and will continue to enter into contractual agreements to pay Intermountain whatever amounts they subsequently bill to the Patients.

30. Upon information and belief, this contention is based on Intermountain's urged interpretation of a standardized, form document ("Admission Form") it requires Patients to sign before Intermountain provides hospital goods and services at its facilities.

31. When Intermountain seeks to collect amounts from Patients that exceed the ACLs calculated under the terms of the Patients' Plans, ELAP is contractually obligated to provide a defense to the Patients.

32. ELAP and the Patients it defends deny the Admission Form is an enforceable contract because it lacks a material term, *i.e.*, a price term.

33. Alternatively, ELAP and the Patients it defends deny the Admission Form obligates Patients to pay excessive, unreasonable, and unconscionable prices.

34. The amounts billed to Patients by Intermountain are excessive, unreasonable, and unconscionable.

35. ELAP has no control over whether Patients have received or will choose to receive care at Intermountain facilities.

36. ELAP respectfully requests the Court to declare that the Admission Form does not permit Intermountain to collect (1) excessive amounts, (2) unreasonable amounts, or (3) unconscionable amounts.

## COUNT TWO: PERMANENT INJUNCTION

37. ELAP incorporates by reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. ELAP seeks a permanent injunction prohibiting Intermountain from seeking to collect excessive, unreasonable, or unconscionable amounts under the circumstances described herein. In other words, ELAP seeks a permanent injunction prohibiting Intermountain from seeking to collect from Patients amounts in excess of the Patients' financial obligation to Plaintiff.

39. ELAP will suffer irreparable harm if the injunction does not issue because it is contractually obligated to provide a defense to Patients that is only necessary because Intermountain is breaching its obligations to such Patients.

40. ELAP faces significant, but not easily quantifiable, administrative and operational burdens to provide defenses to Patients from whom Intermountain seeks to collect excessive, unreasonable, and unconscionable charges.

41. ELAP is incurring ongoing costs defending Patients from whom Intermountain seeks to collect excessive, unreasonable, and unconscionable charges.

42. The threatened injury to ELAP outweighs the harm to Intermountain because Intermountain suffers no harm in being enjoined from attempting to collect excessive, unreasonable, or unconscionable amounts that exceed the amounts actually owed by Patients.

43. An injunction will prevent Intermountain from attempting to collect amounts it is not owed, representing excessive, unreasonable, or unconscionable amounts.

44. An injunction will benefit the public interest by preventing Intermountain, the largest integrated health system in Utah, from seeking to collect excessive, unreasonable, or unconscionable amounts from Utah citizens that exceed their obligations to Plaintiff.

45. ELAP will succeed on the merits of its Counterclaims

46. ELAP respectfully requests that the Court enter a permanent injunction prohibiting Plaintiff from seeking to collect (1) excessive amounts, (2) unreasonable amounts, or (3) unconscionable amounts from Patients.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests the Court enter the following relief:

1. The Court enters judgment against Intermountain and in favor of ELAP on all of Intermountain's claims for relief, and the Second Amended Complaint is dismissed with prejudice on its merits;

2. Intermountain is awarded nothing against ELAP;

3. The Court declares the Admission Form does not permit Intermountain to collect (1) excessive amounts, (2) unreasonable amounts, or (3) unconscionable amounts;

4. The Court enters a permanent injunction against Intermountain prohibiting Intermountain from seeking to collect (1) excessive amounts, (2) unreasonable amounts, or (3) unconscionable amounts from Patients;

5. The Court taxes all costs to Intermountain; and

6. The Court enters such other relief it deems just and appropriate to ELAP under the circumstances.

Respectfully submitted this 16th day of November, 2018.

PARR BROWN GEE & LOVELESS

By: /s/ Bentley J. Tolk
      Bentley J. Tolk

*Attorneys for Defendant ELAP Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2018, a true and correct copy of the foregoing **ANSWER TO FIRST AND SIXTH CLAIMS FOR RELIEF IN SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** was served via electronic service on the following:

> Alan C. Bradshaw
> Chad R. Derum
> **MANNING CURTIS BRADSHAW & BEDNAR PLLC**
> 136 E. South Temple, Suite 1300
> Salt Lake City, Utah 84111
> abradshaw@mc2b.com
> cderum@mc2b.com
>
> John W. Mackay
> Brett L. Tolman
> **RAY QUINNEY & NEBEKER P.C.**
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111
> Telephone: (801) 532-1500
> Facsimile: (801) 532-7543
> jmackay@rqn.com
> btolman@rqn.com

/s/ Bentley J. Tolk