MANNING CURTIS BRADSHAW
  & BEDNAR PLLC
Alan C. Bradshaw, #4801
Chad R. Derum, #9452
Douglas Crapo, #14620
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
(801) 363-5678
abradshaw@mc2b.com
cderum@mc2b.com
dcrapo@mc2b.com

*Attorneys for Plaintiff*
*IHC Health Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited-liability company,<br><br>         Defendant. | **INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S REFUSAL TO PRODUCE ITS BUSINESS PLAN AND STRATEGY DOCUMENTs**<br><br>Civil No. 2:17-cv-01245-JNP-EJF<br><br>**EXPEDITED TREATMENT REQUESTED**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Pursuant to DUCivR 37-1, Plaintiff IHC Health Services, Inc. ("Intermountain") submits this Short Form Discovery Motion.

# MOTION

Intermountain is suing ELAP because ELAP's "business model is designed to avoid paying for [healthcare]" as patients agree to do upon admission to an Intermountain facility.[1] ELAP's model unilaterally "reprices" Intermountain's bills, tells patients and health plans not to pay bills, and ELAP hires lawyers to interfere with lawful collection efforts.[2]  Among other claims, ELAP's conduct constitutes fraud and tortious interference.[3]

Intermountain's written discovery seeks production of "all ELAP business plans."[4] ELAP objected on grounds of vagueness, ambiguity, overbreadth, relevance, and as seeking confidentiality/proprietary information.[5]

ELAP's vagueness, ambiguity, and overbreadth objections fail because ELAP knows what business plan information Intermountain seeks.  During meet-and-confer discussions, ELAP conceded its business plans are identifiable.  ELAP simply doesn't want to disclose impactful documents.

The relevance of ELAP's business plans and strategies is self-evident.  Indeed, business plans are *a priori* probative of **ELAP's intent**, which is a necessary element of Intermountain's fraud and tortious-interference claims.[6]  The trier of fact is entitled to infer ELAP's fraudulent

---

[1] Second Amended Complaint ("SAMC") ¶ 39, ECF No. 33.

[2] *Id.* ¶¶ 30–43

[3] *Id.* ¶¶ 44–120

[4] Intermountain 1st Discovery Requests, at RFP No. 44 (Ex. A); ELAP Responses 1st Discovery Requests, at RFP No. 44 (Ex. B).

[5] *Id.*

[6] SAMC ¶¶ 8, 30–53, 63–89.

mindset based on "all . . . facts and circumstances that may show [ELAP's] intent."[7]  Few documents are more relevant to ELAP's intent than its *business plans*.

The Court's standard protective order ameliorates concern about disclosing confidential/proprietary information.  If the documents are sufficiently sensitive, a "confidential" or "AEO" designation is available, which ELAP has already applied to tens of thousands of pages it has produced.  Nothing suggests highly probative and indisputably material documents like business plans should be treated differently.[8]

In meet-and-confer discussions, ELAP defended withholding the business plans as confidential even though Intermountain is not ELAP's competitor and has no use for the documents outside this litigation.  Nevertheless, ELAP refused production because Intermountain allegedly seeks to shut down ELAP's business.  Even if ELAP's exaggeration of the remedies Intermountain seeks were true, ELAP could not withhold documents on that basis.  It would turn the discovery rules on their head to hold that a party can unilaterally withhold relevant documents out of a self-serving concern that they may be used adversely in litigation.

ELAP also cited *Centurion Industries, Inc. v. Warren Steurer & Associates*,[9] which is inapplicable because ELAP failed to demonstrate a trade secret exists, or that disclosure cannot be safeguarded "by means of a protective order."[10]

Where Intermountain's burden at trial includes showing ELAP's intent to defraud and/or interfere with economic relations, ELAP's "*business plans*" are likely among the best available

---

[7] MUJI 2d, CV1809.

[8] FRCP 26, 34; Standard Protective Order.

[9] 665 F.2d 323 (10th Cir. 1981).

[10] *Id.* at 325-26.

evidence of ELAP's state of mind. The prospect of a fair trial is truly dim if Intermountain cannot access documents memorializing ELAP's intentions, objectives, and plans.

Thus, the Court should compel ELAP's disclosure of business plans.

DATED this 19th day of April 2019.

                **MANNING CURTIS BRADSHAW & BEDNAR PLLC**

                /s/ **Chad R. Derum**
                _____

                Alan C. Bradshaw
                Chad R. Derum
                Douglas J. Crapo

                *Attorneys for Plaintiff*
                *IHC Health Services, Inc. dba*
                *Intermountain Health Care, Inc.*

## **CERTIFICATION**

Intermountain certifies that the parties made reasonable efforts to reach agreement on the disputed matters, including the following:

- February 18, 2019 Letter from Douglas J. Crapo to Bentley Tolk and others, at 4 attached hereto as Exhibit C (without attachment to original)

- March 20, 2019 Telephonic meet and confer discussion with counsel for parties (Chad R. Derum, Douglas J. Crapo (Intermountain); Kris Alderman, Bentley Tolk, John Mackay (ELAP))

- March 27, 2019 Telephonic meet and confer discussion with counsel for parties (Chad R. Derum, Douglas J. Crapo (Intermountain); Kris Alderman, Bentley Tolk, John Mackay (ELAP))

- March 27, 2019 Email from Kris Alderman to Chad Derum (attached hereto as Exhibit D)

## CERTIFICATE OF SERVICE

I certify that on April 19, 2019 I caused a true and correct copy of the foregoing document to be served in the method indicated below to the following:

|       |                    | |
|-------|--------------------|---|
| ___   | VIA FACSIMILE      | John W. Mackay |
| ___   | VIA HAND DELIVERY  | Brett L. Tolman |
| ___   | VIA U.S. MAIL      | Ray Quinney & Nebeker P.C. |
| ___   | VIA UPS/FEDEX      | 36 South State Street, Suite 1400 |
| ___   | VIA EMAIL          | Salt Lake City, Utah 84111 |
| _x_   | VIA ECF            | *Attorneys for Defendant* |

|       |                    | |
|-------|--------------------|---|
| ___   | VIA FACSIMILE      | Thomas E. Lavender III |
| ___   | VIA HAND DELIVERY  | ted.lavender@fisherbroyles.com |
| ___   | VIA U.S. MAIL      | Kristopher R. Alderman |
| ___   | VIA UPS/FEDEX      | kris.alderman@fisherbroyles.com |
| ___   | VIA EMAIL          | Fisher Broyles |
| _x_   | VIA ECF            | 945 East Paces Ferry Road, Suite 2000 |
|       |                    | Atlanta GA 30326 |
|       |                    | *Attorneys for Defendant* |

|       |                    | |
|-------|--------------------|---|
| ___   | VIA FACSIMILE      | Stephen E. W. Hale |
| ___   | VIA HAND DELIVERY  | shale@parrbrown.com |
| ___   | VIA U.S. MAIL      | Bentley J. Tolk (6665) |
| ___   | VIA UPS/FEDEX      | btolk@parrbrown.com |
| ___   | VIA EMAIL          | Parr Brown Gee & Loveless |
| _x_   | VIA ECF            | 101 South 200 East, Suite 700 |
|       |                    | Salt Lake City, Utah 84111 |
|       |                    | *Attorneys for Defendant* |

                                                                         /s/ **Chad R. Derum**