# EXHIBIT B

Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
btolk@parrbrown.com
shale@parrbrown.com

John W. Mackay (6923)
Brett L. Tolman (8821)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com
btolman@rqn.com

Thomas E. Lavender III (pro hac vice
forthcoming)
Kristopher R. Alderman (pro hac vice
forthcoming)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>        Defendant. | **ELAP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST CONTINUING DISCOVERY REQUESTS AND INTERROGATORIES**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Pursuant to the Court's Order Granting Stipulated Motion to Extend Response Time to Plaintiff's First Set of Written Discovery Requests (ECF No. 42), Defendant ELAP Services, LLC ("ELAP") provides its written responses and objections to Plaintiff's First Continuing Discovery Requests and Interrogatories.

## **INTRODUCTORY STATEMENT**

All responses set forth herein are made without in any way waiving or intending to waive, but to the contrary, intending to preserve and preserving:

1.  All questions as to competency, materiality, relevancy, privilege and admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action;

2.  The right to supplement and/or amend these responses based upon the recollection of persons presently unavailable or the discovery of additional documents and the adducement of deposition and documentary information during discovery, and after a thorough review of materials that may come into answering defendant's possession -- which may contain information potentially responsive to certain of Plaintiff's Interrogatories;

3.  The right to object on any ground to the use of any of these answers, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

4.  The right formally to move in this Court for an order coordinating discovery; and

5.  The right to object on the ground that the Interrogatory is vague and ambiguous and incapable of a response as phrased.

Defendant affirmatively states that it has not fully completed discovery in this action. Accordingly, all responses contained herein are based upon such information and documents that are presently available and specifically known to Defendant and its counsel and discloses only

2

those contentions that presently occur to Defendant.  In further answering, Defendant affirmatively states that it does not purport to state herein anything more than information personally known to, discovered by, or appreciated by Defendant and its counsel at this time.

## DESIGNATION OF THESE RESPONSES AND OBJECTIONS AS CONFIDENTIAL INFORMATION

Pursuant to the Court's Standard Protective Order, ELAP hereby designates all of these responses and objections to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission (i.e., all responses and objections to Plaintiff's First Continuing Discovery Requests and Interrogatories), and all of the information and content contained in Attachments 1-4 referenced below and accompanying these responses and objections, as Confidential Information.

## GENERAL OBJECTIONS

ELAP's responses to the following discovery requests and interrogatories are made subject to and without waiver of the following general objections.

**GENERAL OBJECTION NO. 1:**  ELAP objects to each and every of the following discovery requests and interrogatories, including each and every definition, introduction, and instruction thereto, and each of them, to the extent that and insofar as it attempts to impose requirements or obligations on ELAP beyond those imposed by the Federal Rules of Civil Procedure and/or the local rules.

**GENERAL OBJECTION NO. 2:**  ELAP objects to each and every of the following discovery requests and interrogatories to the extent they seek production of documents or other information protected by the attorney-client privilege, the work-product doctrine, or trial preparation materials protected under Rule 26(b)(5) of the Federal Rules of Civil Procedure, or

3

any other valid privilege, and ELAP reserves the right to withhold any such privileged

information or documents.

      **GENERAL OBJECTION NO. 3:**  ELAP objects to each and every of the following

discovery requests and interrogatories to the extent they are duplicative of, or seek duplicate,

documents and other information previously provided by any of the parties or equally available

to Plaintiff through, for example, public records or third parties, or documents in the possession,

custody, or control of Plaintiff.

      By providing these responses, ELAP does not intend to waive, and hereby expressly

reserves, any and all evidentiary objections, including without limitation objections to

competency, relevancy, materiality, and admissibility.

      All of the following responses to the following discovery requests and interrogatories

shall be deemed to incorporate by reference the foregoing General Objections.

**INTERROGATORIES**

      **INTERROGATORY NO. 1:**  Identify all ELAP Plans located in Utah or Idaho, having

an address in Utah and/or Idaho, or that provides care benefits to employees of an employer that

ELAP knows has business operations in Utah and/or Idaho.

      **RESPONSE TO INTERROGATORY NO .1:**  Defendant objects because this

interrogatory is vague and ambiguous. Specifically, the definitions contained in Plaintiff's First

Continuing Discovery Requests and Interrogatories define "ELAP Plans" as, among other things,

a Plan established by an employer that has business operations in Utah or Idaho or has covered

employees residing in Utah or Idaho; the interrogatory then goes on to seek the identity of such

ELAP Plans that have an address in Utah or Idaho or provides benefits to employees of an

4

employer that ELAP knows has business operations in Utah or Idaho. Thus, the definitions and the limitations in the interrogatory are redundant, confusing, and perhaps conflicting. Defendant further objects because the interrogatory, when read in context of the accompanying definitions, is compound; duplicative of other requests; and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 1 contains a list of health plans that have hired ELAP to audit claims in Utah or Idaho over the last 10 years.

**INTERROGATORY NO. 2:**  Identify all Members either having an address in Utah and/or Idaho, or that are affiliated with an employer known to ELAP to have business operations in Utah and/or Idaho.

**RESPONSE TO INTERROGATORY NO. 2:**  Defendant objects because this interrogatory is vague and ambiguous. Specifically, the definitions contained in Plaintiff's First Continuing Discovery Requests and Interrogatories define "Member" to include only individuals covered by an "ELAP Plan," which is in turn defined to include only Plans that, among other things, are established by an employer that has business operations in Utah or Idaho or has covered employees residing in Utah or Idaho; however, the interrogatory seeks identities of Members either having an address in Utah or Idaho or affiliated with an employer known by ELAP to have business operations in Utah or Idaho. Thus, the definitions and limitations within the interrogatory are redundant, confusing, and perhaps conflicting. Defendant further objects

5

because the interrogatory, when read in context of the accompanying definitions, is compound; duplicative of other requests; and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant does not have information concerning all "Members," as defined by Plaintiff; however, Attachment 2 lists all individuals known to Defendant who are covered by ELAP Plans, as Defendant understands the definitions supplied by Plaintiff.

**INTERROGATORY NO. 3:**  For each year from January 1, 2011 to present, identify all Members whom ELAP knows to have received health care from Intermountain for whom ELAP acted as the dedicated decisionmaker and/or ERISA fiduciary of the Member's Plan in connection with determining the Plan's payment, whether in whole or in part, to Intermountain. Please include in your response the name of the Plan(s) associated with each Member identified.

**RESPONSE TO INTERROGATORY NO. 3:**  Defendant objects because this interrogatory is vague and ambiguous. Specifically, the definitions contained in Plaintiff's First Continuing Discovery Requests and Interrogatories define "Member" to include only individuals covered by an "ELAP Plan," which is in turn defined to include only Plans for which, among other things, ELAP acts or has acted as a designated[1] decisionmaker and/or ERISA fiduciary; the

---

[1] In its discovery requests, Plaintiff uses the phrase "dedicated decisionmaker," whereas ELAP does not use that term but rather uses the term "designated decisionmaker." Defendant believes this is an oversight by Plaintiff and simply uses the correct terminology, *i.e.*, designated decisionmaker, as if Plaintiff had done the same.

interrogatory seeks the identity of Members for whom ELAP acted as the designated decisionmaker. The definitions together with the text of the interrogatory are redundant, confusing, and perhaps conflicting. Defendant further objects because the interrogatory, when read in context of the accompanying definitions, is compound; duplicative of other requests; and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, ELAP objects because Plaintiff has equal or greater access to the information requested.

Subject to and without waiving any objection, Attachment 3 contains a list of all patients covered by ELAP Plans whom ELAP knows received health care at Plaintiff's facilities since January 1, 2011.

**INTERROGATORY NO. 4:**  For all Members identified in Interrogatory No. 3, identify the total amount of Intermountain's billed charges for each year since January 1, 2011.

**RESPONSE TO INTERROGATORY NO. 4:**  Defendant objects on the same bases asserted in response to Interrogatory No. 3.

Subject to and without waiving any objection, Attachment 3 contains the total amount of Intermountain's billed charges for each claim under the columned titled "Billed Charges" and the date the goods and services were provided under the column titled "DOS Start."

**INTERROGATORY NO. 5**:  For all Members identified in Interrogatory No. 3, identify the total dollar amount ELAP has directed ELAP Plans to pay Intermountain for the health care rendered to those Members for each year since January 1, 2011.

**RESPONSE TO INTERROGATORY NO. 5**:  Defendant objects on the same bases asserted in response to Interrogatory No. 3.

Subject to and without waiving any objection, Attachment 3 contains the total dollar amount ELAP recommended the plan pay to Intermountain for each claim under the column titled "ACL" and the date the goods and services were provided under the column titled "DOS Start."

**INTERROGATORY NO. 6**:  For all Members identified in Interrogatory No. 3, identify the total patient cost-sharing amounts (including, coinsurance, copayments, deductibles, etc.) that Members have paid Intermountain for health care rendered to such Members for each year since January 1, 2011.

**RESPONSE TO INTERROGATORY NO. 6**:  Defendant objects on the same bases asserted in response to Interrogatory No. 3.

Subject to and without waiving any objection, Defendant does not possess knowledge sufficient to answer this interrogatory. ELAP is not responsible for determining a patient's cost-sharing obligation or ensuring the patient satisfies his cost-sharing obligation. Accordingly, Defendant is not in possession of the information requested.

**INTERROGATORY NO. 7**:  For all Members identified in Interrogatory No. 3, identify the total amount ELAP understands or believes Intermountain has sought to collect from such Members through balance-billing for health care rendered to such Members by

Intermountain for each year since January 1, 2011.

**RESPONSE TO INTERROGATORY NO. 7:**  Defendant objects on the same bases asserted in response to Interrogatory No. 3.

Subject to and without waiving any objection, the following table contains the total amount ELAP believes Intermountain sought to collect from Members through balance bills for health care goods and services provided each year since January 1, 2011:

| Year | Total Amount of Balance Bills |
|------|-------------------------------|
| 2011 | $6,585.83 |
| 2012 | $17,001.05 |
| 2013 | $272,673.80 |
| 2014 | $368,508.57 |
| 2015 | $1,161788.29 |
| 2016 | $1,461,189.59 |
| 2017 | $738,851.85 |
| 2018 | $341,783.47 |

**INTERROGATORY NO. 8:**  For all Members identified in Interrogatory No. 3, identify the amount ELAP understands or believes to be the difference between Intermountain's billed charges and the amount ultimately paid to Intermountain after applying Plan payments, Member payments (including, patient cost-sharing), and any other discounts authorized by Intermountain (e.g., self-pay discounts, prompt-pay discounts, financial assistance) for each year since January 1, 2011.

**RESPONSE TO INTERROGATORY NO. 8:**  Defendant objects on the same bases asserted in response to Interrogatory No. 3.

Subject to and without waiving any objection, Defendant does not possess the information requested. Specifically, ELAP is not responsible for determining the patients' cost-

sharing obligations or ensuring they have satisfied them; ELAP is not responsible for

determining the amount of the Allowable Claim Limits (ACL) for which the health plan, as

opposed to the patient, is responsible to pay and ELAP does not maintain a record of health plan

payments; and ELAP is not responsible for and does not maintain a record of discounts

authorized by Intermountain. The amount of the difference between Intermountain's billed

charges and the ACL for each year since January 1, 2011 can be determined from Attachment 3

by subtracting the amount in the column titled "ACL" from the amount in the column titled

"Billed Charges."

     **INTERROGATORY NO. 9**:  Identify the Third Party Administrator for each ELAP

Plan for which ELAP acts as the dedicated decisionmaker and/or ERISA fiduciary.

     **RESPONSE TO INTERROGATORY NO. 9**:  Defendant objects because this

interrogatory is vague and ambiguous. Specifically, the definitions contained in Plaintiff's First

Continuing Discovery Requests and Interrogatories define "ELAP Plans" as, among other things,

a Plan for which ELAP is the designated decisionmaker; the interrogatory then goes on to seek

the identity of Third Party Administrators (TPAs) for each ELAP Plan for which ELAP acted as

the designated decisionmaker. Thus, the definitions and the limitations in the interrogatory are

redundant, confusing, and perhaps conflicting. Defendant further objects because the

interrogatory, when read in context of the accompanying definitions, is compound; duplicative of

other requests; and not relevant to any party's claim or defense and proportional to the needs of

the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 1 identifies the TPAs for each ELAP Plan. In Attachment 1, the following abbreviations stand for the following TPAs:

| Abbreviation | TPA |
| --- | --- |
| MBA | MBA Benefit Administrators, Inc. |
| CORE | CoreSource |
| EMBS | EBMS, Inc. |
| GPA | Group & Pension Administrators, Inc. |
| BAS | Benefit Administrative Systems |

**INTERROGATORY NO. 10:**  Identify all ELAP Plans and/or Members who have communicated with ELAP or a Plan administrator (including any Third-Party Administrator) concerning balance billing by Intermountain. If you elect to respond to this interrogatory pursuant to Federal Rule of Civil Procedure 33(d), include all responsive Communications.

**RESPONSE TO INTERROGATORY NO. 10:**  Defendant objects to this request to the extent it seeks to impose an obligation upon Defendant to obtain responsive documents not within its possession, custody, or control, *i.e.*, communications between third parties, including ELAP Plans, Members, and Plan administrators. Defendant further objects because the interrogatory, when read in context of the accompanying definitions, is compound; duplicative of other requests; and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 4 contains a list of all balance bills received by Members from Intermountain.

**INTERROGATORY NO. 11:**  For the period between January 1, 2011 and December 31, 2017, identify the amount of money ELAP has spent each year to defend Members from the collection of balance billing by Intermountain.

**RESPONSE TO INTERROGATORY NO. 11:**  Defendant objects because this interrogatory is vague and ambiguous. Defendant further objects because the interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant does not possess the information necessary to answer this interrogatory.

**INTERROGATORY NO. 12:**  For the period since January 1, 2013 to present, identify the number of times an ELAP has conducted an audit or re-pricing of a health care provider's bill on behalf of a Plan regardless of where the Plan, the provider, or the member resides.

**RESPONSE TO INTERROGATORY NO. 12:**  Defendant objects because this interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

12

outweighs its likely benefit.

Subject to and without waiving any objection, ELAP has audited 633,131 health care providers' bills since January 1, 2013.

**INTERROGATORY NO. 13:**  For the period since January 1, 2013 to present, identify the number of times an ELAP audit or re-pricing of a health care provider's bill has resulted in a determination that a Plan should pay more than the health care provider's bill regardless of where the Plan, the provider, or the member resides.

**RESPONSE TO INTERROGATORY NO. 13:**  Defendant objects because this interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, since January 1, 2013, ELAP's audits have yielded an ACL greater than or equal a health care provider's billed charges 20,245 times; however, these audits have never resulted in a determination that a Plan should pay more than the health care provider's billed charges.

**INTERROGATORY NO. 14:**  For the period since January 1, 2013 to present, identify the number of times an ELAP audit of a health care provider's bill has resulted in a determination that a Plan should pay less than the health care provider's bill regardless of where the Plan, the provider, or the member resides.

**RESPONSE TO INTERROGATORY NO. 14:**  Defendant objects because this

interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, since January 1, 2013, ELAP's audits have yielded an ACL less than the health care provider's billed charges 626,302 times; most, but not all, of these audits have resulted in a determination that the Plan should pay less than the health care provider's billed charges.

**INTERROGATORY NO. 15:**  For the period since January 1, 2013 to present, identify the number of times an ELAP audit of a health care provider's bill has **not** resulted in an "Notice of Adverse Benefits" letter being issued to the health care provider by ELAP, a Plan and/or a Plan's Third Party Administrator.

**RESPONSE TO INTERROGATORY NO. 15:**  Defendant objects because this interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP is not responsible for sending the Notice of Adverse Benefits Determination letter to health care providers so ELAP is not in possession of the information necessary to answer this interrogatory.

14

**INTERROGATORY NO. 16:**  Identify the rate (expressed in percentage terms) at which health care providers in (1) Utah; (2) Idaho; and (3) other states and territories of the United States, collectively, accept ELAP-determined payments that are less than the original billed amount based on Reference Billing or any other means as payment in full.

**RESPONSE TO INTERROGATORY NO. 16:**  Defendant objects because this interrogatory is vague and ambiguous. Specifically, the meaning of the word "accept" is unclear in the context of this interrogatory in that it could mean either (1) not refusing the health plan's payment or (2) not seeking to collect any additional amount. Additionally, it is unclear whether this interrogatory seeks information about the acceptance of payments based on methodologies other than an audit, *e.g.*, claims paid at negotiated rates. Defendant further objects because this interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, the following percentages represent the frequency with which health care providers do not seek additional payment beyond the health plan's payment and the member's cost-sharing responsibilities:

- Utah: 85.3%

- Idaho: 83.9%

- Nationally: 86.7%.

**INTERROGATORY NO. 17:**  Identify all ELAP Plans that have discontinued the use

15

of ELAP's services for any reason since January 1, 2011.

**RESPONSE TO INTERROGATORY NO. 17:** Defendant further objects because this interrogatory is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 1 contains a list of health plans that have hired ELAP to audit claims in Utah or Idaho over the last 10 years and the column titled "Active" indicates whether the health plan is a current client of ELAP. Any health plan with a "No" under the "Active" column discontinued ELAP's services since January 1, 2011.

**INTERROGATORY NO. 18:** Identify all persons involved in answering—and the preparation thereof—the foregoing interrogatories.

**RESPONSE TO INTERROGATORY NO. 18:** Internal counsel for ELAP, external counsel for ELAP, and Mike Brannan, who is ELAP's Chief Information Officer.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all Documents or tangible evidence identified in Your Initial Disclosures under Federal Rule of Civil Procedure 26(a) and all supplements to those disclosures, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Defendant will produce all documents and tangible evidence identified in its disclosures under Federal Rule of Civil

16

Procedure 26(a), including any supplements.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all non-privileged documents that You used or relied upon to answer the foregoing interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**  Defendant incorporates its objections to each individual interrogatory as set forth above. Defendant further objects to this request to the extent it seeks documents protected from disclosure by the attorney work product doctrine or materials prepared in anticipation of litigation or for trial by ELAP or its representatives.

Subject to and without waiving any objection, Defendant is not in the possession, custody, or control of any documents not protected from disclosure either (1) by the attorney work product doctrine or (2) because they are material prepared in anticipation of litigation or for trial by ELAP or its representatives. By its terms, the request does not seek non-privileged documents.

**REQUEST FOR PRODUCTION NO. 3:**  Produce an organizational chart for ELAP with sufficient detail to identify custodians of information who may possess information relevant to this action and/or these discovery requests, or whom otherwise control or regulate electronic access to such information (e.g., ELAP information-technology personnel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**  Defendant objects to this request because it is vague and ambiguous. Specifically, the request is unclear as to whether it seeks an organizational chart limited to ELAP's information technology personnel or whether it seeks the entire organizational structure of ELAP. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce an organizational

chart.

**REQUEST FOR PRODUCTION NO. 4:**  Produce Documents sufficient to identify the

location and architecture of the information technology systems ELAP uses, including ELAP's

email servers, ELAP's document storage systems (including any proprietary or publicly available

cloud-based storage systems, etc.), ELAP's network-based sharing platforms (including, MS

365, SharePoint, OneDrive, etc.), ELAP's messaging platforms (e.g., Slack, IM, etc.), and any

other components of ELAP's information technology systems where Documents are or may be

stored.

**RESPONS TO REQUEST FOR PRODUCTION NO. 4:**  Defendant objects to this

request because it is vague and ambiguous. Specifically, the meaning of the phrase "location and

architecture" is unclear within the context of this request.

Subject to and without waiving any objection, ELAP will produce documents reflecting

the structure of ELAP's information technology systems, which reveals the "location and

architecture" of those systems as ELAP understands that phrase.

**REQUEST FOR PRODUCTION NO. 5:**  Produce Documents sufficient to identify all

Plans with which ELAP contracts that are located in Utah or Idaho.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**  Defendant objects because

this request is vague and ambiguous. Specifically, a Plan does not have a physical location. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 1 is sufficient to identify health plans that have hired ELAP to audit claims in Utah or Idaho over the last 10 years.

**REQUEST FOR PRODUCTION NO. 6:**  Produce Documents sufficient to identify all Members who reside in Utah or Idaho.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**  Defendant objects because this request is overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant does not have information concerning all "Members," as defined by Plaintiff; however, Attachment 2 lists all individuals known to Defendant who are covered by ELAP Plans, as Defendant understands the definitions supplied by Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**  For the period January 1, 2011 to present, produce Documents sufficient to identify all Members who have received health care from

19

Intermountain or whose Plan has received a claim for health care the Member received from Intermountain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 3 contains a list of all patients covered by ELAP Plans whom ELAP knows received health care at Plaintiff's facilities since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 8:**  Produce Documents sufficient to identify all Persons authorized to sell Plans in Utah and/or Idaho for each year since January 1, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**  Defendant objects because this request is vague and ambiguous. Specifically, the word "sell" is confusing and unclear in context with the Plaintiff's definition of "Plan." Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will identify and/or produce

20

documents sufficient to identify all individuals authorized to sell ELAP's services to health plans in Utah and/or Idaho.

**REQUEST FOR PRODUCTION NO. 9:**  For the period from January 1, 2011 to present, produce Documents sufficient to identify all Third-Party Administrators with whom ELAP contracts or ELAP otherwise knows to be directly involved in facilitating the implementation of ELAP Plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**  Defendant objects because this request is overbroad. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Attachment 1 contains a list of the TPAs for all health plans that have hired ELAP to audit claims in Utah or Idaho over the last 10 years.

**REQUEST FOR PRODUCTION NO. 10:**  For the period January 1, 2011 to present, produce Documents sufficient to identify the amount of billed charges ELAP understands or believes Intermountain has sought to collect from ELAP Plan Members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**  Defendant objects because this request is vague and ambiguous. Specifically, the definitions contained in Plaintiff's First Continuing Discovery Requests and Interrogatories define "Member" to include only individuals covered by an "ELAP Plan." Thus, use of the terms "ELAP Plan" and "Member" together are redundant and confusing. Defendant further objects because the request, when read

21

in context of the accompanying definitions, is compound; duplicative of other requests; and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, ELAP objects because Plaintiff has equal or greater access to the information requested.

Subject to and without waiving any objection, Defendant's response to Interrogatory 7 is sufficient to provide the requested information. Defendant will produce documents related to balance bills from Intermountain to Members sufficient to reveal the amount of money ELAP understands Intermountain seeks to collect from Members.

**REQUEST FOR PRODUCTION NO. 11:**  For the period January 1, 2011 to present, produce Documents sufficient to identify the amounts ELAP has directed ELAP Plans to pay to Intermountain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**  Defendant objects because the request is duplicative of other requests, not relevant to any party's claim or defense, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, ELAP objects because Plaintiff has equal or greater access to the information requested.

Subject to and without waiving any objection, Attachment 3 provides the ACL

determined by ELAP for each Intermountain claim it audited. ELAP will produce documents related to audits of Intermountain claims.

**REQUEST FOR PRODUCTION NO. 12:**  For the period January 1, 2011 to present, produce Documents sufficient to identify the amounts Members have paid to Intermountain as a result of cost-sharing obligations under a Plan (such as deductibles, copayments, coinsurance, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant is not responsible for determining Member's cost-sharing obligations under their health plan and does not maintain such information as a matter of course; however, Defendant sometimes obtains documents responsive to this request. ELAP will produce documents in its possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**  For the period January 1, 2013 to present, produce all written memorializations of contracts between ELAP and all ELAP Plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**  ELAP will produce contracts between it and health plans that have hired ELAP to audit claims in Utah or Idaho since January 1, 2013.

**REQUEST FOR PRODUCTION NO. 14:**  For the period January 1, 2013 to present, produce all written memorializations of contracts between ELAP and all Third-Party Administrators who serve or have served any ELAP Plan since January 1, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**  Defendant objects because this request is ambiguous. Specifically, the request sets forth two different time periods, *i.e.*, "January 1, 2013 to present" and "since January 1, 2011." Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will produce contracts between it and TPAs who serve or have served health plans that hired ELAP to audit claims in Utah or Idaho since January 1, 2013.

**REQUEST FOR PRODUCTION NO. 15:**  Produce all Documents concerning all complaints or communications identified in Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**  Defendant incorporates its objections to Interrogatory 10 as if fully set forth herein. Defendant also objects because this request is ambiguous. Specifically it seeks documents related to "complaints" identified in Interrogatory 10, but Interrogatory 10 did not ask ELAP to identify "complaints." Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Finally, Defendant objects to

producing attorney-client privileged communications, communications containing attorney work

product, and communications containing materials prepared in anticipation of litigation or for

trial by ELAP or its representatives.

Subject to and without waiving any objection, ELAP will produce communications

related to balance bills from Intermountain to patients.

**REQUEST FOR PRODUCTION NO. 16:**  For the period January 1, 2011 to present,

produce all non-privileged communications in your possession, custody or control between or

among ELAP, an ELAP Plan(s), or a Third-Party Administrator and any Members concerning

balance billing for health care provided by Intermountain.

**RESPONSE REQUEST FOR PRODUCTION NO. 16:**  Defendant objects because

this request is overbroad. Defendant further objects because this request is not relevant to any

party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally,

Defendant objects because this request is duplicative of other requests.

Subject to and without waiving its objections, Defendant will produce non-privileged

communications related to balance bills from Intermountain to Members.

**REQUEST FOR PRODUCTION NO. 17:**  For the period January 1, 2011 to present,

produce all transcripts of all depositions and/or trial testimony from each of the following: (1) Steve Kelly (ELAP CEO); (2) depositions or trial testimony of any representative of ELAP related to billing for health care provided to members of Plans irrespective of where the members or the Plans reside; and (3) depositions under Federal Rule of Civil Procedure 30(b)(6) (or its equivalent in the applicable jurisdiction).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to producing responsive documents that are confidential and protected from disclosure by protective orders and/or confidentiality orders in other cases.

Subject to and without waiving any objection, Steve Kelly has not been deposed or testified at trial, no ELAP representative has ever testified at trial, and the only ELAP representative to provide deposition testimony, Katie O'Leary, did so as a corporate designee. ELAP will produce responsive deposition transcripts that are not confidential pursuant to a court order in another case.

**REQUEST FOR PRODUCTION NO. 18:**  For the period January 1, 2011 to present, produce all transcripts of all depositions and/or trial testimony from any expert witness engaged by or for the benefit of ELAP, a Plan, or a member of a Plan concerning ELAP's business operations in any manner irrespective of where the members or the Plans reside.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**  No responsive documents exist.

**REQUEST FOR PRODUCTION NO. 19:**  Produce all non-privileged electronically stored Documents, including all Communications or memorializations of Communications in which ELAP or other Persons participated, concerning Intermountain, including those that include the words: "Intermountain" or "IHC." This request is for only those Documents existing either in hard copy form and/or located on ELAP and/or its employee's electronic storage devices (e.g., on- and off-site servers and hard drives) and mobile phones and any other electronic devices capable of storing Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**  Defendant objects to producing responsive documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 20:**  For the period January 1, 2013 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, that were transmitted to a broker, Third-Party Administrator, ELAP Plan or Prospective ELAP Plan Concerning advertising, marketing, and/or promotion of ELAP's business.

27

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**  Defendant objects because this request is overbroad. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to producing documents related to Prospective ELAP Plans, as defined by Plaintiff, that never became ELAP Plans, as defined by Plaintiff, because any such communications could not have caused the injuries alleged in Plaintiff's Second Amended Complaint and therefore are not relevant.

Subject to and without waiving any objection, ELAP will produce non-privileged documents transmitted to a broker, TPA, or ELAP Plan for the purpose of advertising, marketing and/or promoting ELAP's business in Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 21:**  For the period January 1, 2013 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, that were transmitted to a Member, broker, Third-Party Administrator, ELAP Plan or Prospective ELAP Plan that describes or otherwise characterizes (whether in whole or in part) Member obligations to pay for health care in connection with an ELAP-affiliated Plan. (Modified by footnote in original as follows: This request does not seek communications between ELAP and individual Members concerning the adjudication of their payment obligations in connection with particular episodes of health care (such as the transmission of health care bills between ELAP and a Member). Rather, this request seeks communications in the nature of marketing,

advertising and/or promotional material that seeks to prospectively advise Plans and/or Members about the nature of their payment obligations when seeking or receiving health care.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**  Defendant objects because this request is duplicative of other requests. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to producing documents related to Prospective ELAP Plans, as defined by Plaintiff, that never became ELAP Plans, as defined by Plaintiff, because any such communications could not have caused the injuries alleged in Plaintiff's Second Amended Complaint and therefore are not relevant.

Subject to and without waiving any objection, ELAP will produce non-privileged, responsive communications in the nature of nature of marketing, advertising and/or promotional material that seeks to prospectively advise Plans and/or Members about the nature of their payment obligations when seeking or receiving health care that were transmitted to a Member, broker, Third-Party Administrator, or ELAP Plan.

**REQUEST FOR PRODUCTION NO. 22:**  For the period January 1, 2013 to present, produce all press releases issued by or on behalf of ELAP for any purpose, whether for publication by ELAP itself or by a third party, including all news stories posted to the web domain https://www.elapservices.com/news at any time during the defined period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**  Defendant objects

because this request is overbroad in that it is not limited to the issues involved in this case.

Defendant further objects because this request is not relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive

documents.

**REQUEST FOR PRODUCTION NO. 23:**  For the period January 1, 2013 to present,

produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge,

that were transmitted to an ELAP Plan, a Prospective ELAP Plan, or a Member concerning

what amounts, if any, Members should and/or should not pay health care providers before

receiving care, including patient cost-sharing amounts and/or requests by providers for upfront

payment before receiving care. (Modified as follows by a footnote in the original: This

Request seeks documents provided to ELAP-affiliated Plans and/or Prospective ELAP-

affiliated Plans associated with an employer having operations and/or personnel located in

Utah and/or Idaho.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**  Defendant objects

because this request is ambiguous in that the definitions of "ELAP Plan" and "ELAP-affiliated

Plan" are duplicative, confusing, and perhaps conflicting with the text of the request. Moreover,

the term "Prospective ELAP-affiliated Plan" is not defined. Defendant objects because this

request is duplicative of other requests. Defendant further objects because this request is not

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant also objects to producing documents related to Prospective ELAP Plans, as defined by Plaintiff, that never became ELAP Plans, as defined by Plaintiff, because any such communications could not have caused the injuries alleged in Plaintiff's Second Amended Complaint and therefore are not relevant.

Subject to and without waiving any objection, ELAP will produce non-privileged, responsive documents transmitted to an ELAP Plan or Member concerning what amounts, if any, Members should and/or should not pay health care providers before receiving care.

**REQUEST FOR PRODUCTION NO. 24:**  For the period January 1, 2013 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, that were transmitted to a Member, ELAP Plan, or Prospective ELAP Plan, Concerning health care providers where Members could and/or could not obtain health care covered by an ELAP-affiliated Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**  Defendant objects to this request because it is duplicative of other requests. Defendant further objects because this request seeks information transmitted to a Prospective ELAP Plan that never became an ELAP Plan, which cannot be relevant to this issues raised by Plaintiff's Second Amended Complaint. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

31

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will produce non-privileged,

responsive documents transmitted to an ELAP Plan or Member.

**REQUEST FOR PRODUCTION NO. 25:**  Produce all versions of the document

"Welcome to ELAP" prepared, edited, and/or distributed since January 1, 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**  Defendant objects

because this request is overbroad. Specifically, the request is not limited by geographic area, and

the request is not limited to documents actually transmitted to third parties. Defendant also

objects because the request is duplicative of other requests. Defendant further objects because

this request is not relevant to any party's claim or defense and proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce non-privileged,

responsive documents that were actually transmitted to third parties in Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 26:**  Produce Documents sufficient to identify

the ELAP Plans and/or Prospective ELAP Plans, and/or Members that received the "Welcome to

ELAP" document identified in the preceding Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**  Defendant objects to this

request because it seeks documents received by Prospective ELAP Plans that did not become

ELAP Plans, and such documents cannot be relevant to the issues raised by Plaintiff's Second

Amended Complaint. Defendant further objects because this request is not relevant to any party's

claim or defense and proportional to the needs of the case, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objections, Defendant will produce responsive, non-

privileged documents pertaining to ELAP Plans and Members.

**REQUEST FOR PRODUCTION NO. 27:**  For the period January 1, 2013 to present,

produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge,

Concerning the likelihood that health care providers will accept the amount ELAP advises a

Plan to pay a health care provider as payment in full.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**  Defendant objects

because this request is overbroad in that it seeks documents that are not related to Intermountain

or health care provided in Utah or Idaho. Defendant further objects because the word "accept" is

vague and ambiguous in the context of this request. Finally, Defendant objects to producing

attorney-client privileged communications, attorney work product, or materials prepared in

anticipation of litigation or for trial.

Subject to and without waiving any objection, Defendant will produce non-privileged,

responsive documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 28:**  Without limiting the foregoing Request, for

the period January 1, 2013 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, concerning the likelihood that Intermountain would accept the amount ELAP advises a Plan to pay as payment in full.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**  Defendant objects because the word "accept" is vague and ambiguous in the context of this request. Defendant further objects to producing attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, Defendant will produce non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 29:**  For the period January 1, 2012 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, Concerning the likelihood that members will be balance billed by a health care provider irrespective of where the Plan or its members reside.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**  Defendant objects because the request is overbroad in that it is not limited to Utah or Idaho. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to producing attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, Defendant will produce non-privileged, responsive documents pertaining to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 30:**  For the period January 1, 2011 to present, produce all Documents reflecting Communications between ELAP and any Member(s) Concerning Member(s)' obligations under a Patient Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**  Defendant objects to this request because it is overbroad in that it is not limited in scope to Utah or Idaho. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving such objections, ELAP will produce non-privileged, responsive documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 31:**  For the period January 1, 2011 to present, produce all Documents reflecting Communications between ELAP and any Third- Party Administrator Concerning Member(s)' obligations under a Patient Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**  Defendant objects to this request because it is overbroad in that it is not limited in scope to Utah or Idaho. Defendant further objects because this request is not relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objections, ELAP will produce non-privileged, responsive documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 32:**  For the period January 1, 2012 to present, produce all Communications between ELAP and any Plan and/or Third-Party Administrator Concerning what information should be included and/or should not be included on a membership card of a Plan that a Member may be required to present upon seeking care at a health care facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**  Defendant objects to this request because it is overbroad in that it is not limited in scope to Utah or Idaho. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

36

Subject to and without waiving any objections, ELAP will produce non-privileged, responsive documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 33:** For the period January 1, 2012 to present, produce all presentation materials (including presentations using power-point or other slide-based presentation software (e.g., Prezi)) prepared by ELAP, with ELAP's authorization, or at ELAP's direction, that were presented to any Prospective ELAP Plan in connection with an attempt to develop a business relationship between ELAP and such Prospective ELAP Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:** Defendant objects because this request seeks documents presented to Prospective ELAP Plans that never became ELAP Plans. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will produce non-privileged, responsive documents related to ELAP Plans.

**REQUEST FOR PRODUCTION NO. 34:** For the period January 1, 2012 to present, produce all presentation materials (including presentations using power-point or other slide-based presentation software (e.g., Prezi)) in ELAP's possession, custody, or control that were prepared by any Third-Party Administrator or broker Concerning Reference Based Pricing whether in whole or in part.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** Defendant objects to this

37

request because it is overbroad in that it is not limited to Utah or Idaho. Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive, non-privileged documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 35:**  For the period January 1, 2012 to present, produce all Documents reflecting Communications between ELAP and any Third- Party Administrator Concerning or that reference Intermountain in any way.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**  Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive, non-

privileged documents.

**REQUEST FOR PRODUCTION NO. 36:**  For the period January 1, 2012 to present, produce all Documents reflecting Communications between ELAP and any Plan Concerning or that reference Intermountain in any way.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**  Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 37:**  For the period January 1, 2012 to present, produce all Documents reflecting Communications between ELAP and any Member concerning or that reference Intermountain in any way.

**RESPONSE REQUEST FOR PRODUCTION NO. 37:**  Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

39

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 38:**  For the period January 1, 2012 to present, produce all Documents reflecting Communications between ELAP and any Third- Party Administrator Concerning the responsibility of Members to pay a health care provider's balance bills.

**RESPONS TO REQUEST FOR PRODUCTION NO. 38:**  Defendant objects to this request because it is overbroad in that it is not limited to Utah or Idaho. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, ELAP will produce responsive, non-privileged documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 39:**  For the period January 1, 2011 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge,

Concerning the likelihood that Members will be balance billed by a health care provider.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**  Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, ELAP will produce non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 40:**  Without limiting the foregoing Request, for the period January 1, 2012 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, Concerning the likelihood that Members will be balance billed by Intermountain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**  Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, ELAP will produce non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**  For the period January 1, 2011 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, Concerning whether admission to a health care facility requires a Plan member to execute a Patient Agreement irrespective of where the Plan, member, or health care provider reside.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**  Defendant objects to this request because it is overbroad in that it is not limited to Utah or Idaho. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs

41

of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit. Defendant objects to producing documents that

constitute attorney-client privileged communications, attorney work product, or materials

prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, ELAP will produce non-privileged,

responsive documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 42**:  For the period January 1, 2011 to present,

produce all annual income statements (at the lowest account level possible as contained in

ELAP's general ledger) for the ELAP business unit responsible for Plans located in Utah and

Idaho. If no such sub-business unit exists, produce all income statements of ELAP at the lowest

level possible for the period January 1, 2011 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:  ELAP objects to this

request because it seeks information that is not relevant to any party's claim or defense. ELAP

also objects because this request seeks information that is confidential and proprietary, and

because this request is unduly burdensome and overly broad.

**REQUEST FOR PRODUCTION NO. 43**:  For the period January 1, 2011 to present,

produce Documents sufficient to show the amount of money ELAP has received from ELAP

Plans as a result of Members receiving health care from Intermountain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:  ELAP objects to this

request because it seeks information that is not relevant to any party's claim or defense. ELAP

also objects because this request seeks information that is confidential and proprietary, and because this request is unduly burdensome and overly broad.

**REQUEST FOR PRODUCTION NO. 44:**  Produce all ELAP business plans from January 1, 2008 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**  ELAP objects to this request because it is vague, ambiguous, and overly broad. ELAP further objects because this request is not relevant to the claim or defense of either party. Finally, ELAP objects because this request seeks information that is confidential and proprietary.

**REQUEST FOR PRODUCTION NO. 45:**  Produce Documents sufficient to identify the shareholders of WSHP Adrian Holdings Corporation and SKWW Holdings, Inc. as referenced in the parties' Joint Factual Stipulation Concerning Jurisdiction, Dkt. 9.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**  ELAP objects to this request because it is not relevant to the claim or defense of either party. ELAP also objects because this information is confidential.

**REQUEST FOR PRODUCTION NO. 46:**  Produce all transcripts of depositions and trial testimony taken or conducted on behalf of a Plan administrator Concerning ELAP and a Plan's payment of bills from a health care provider since December 1, 2012 irrespective of where the Plan, employer, or members reside.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**  Defendant objects to this request because it is vague and ambiguous. Specifically, the phrase "taken or conducted on behalf of a Plan administrator" is unclear in the context of this request. Defendant objects to this request because it is overbroad in that it is not limited to Utah or Idaho.

Subject to and without waiving any objection, Defendant is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**  Produce all Documents sufficient to demonstrate the process ELAP employs in performing a Claim Audit, including any manuals, checklists, videos, or digital animations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 48:**  Produce all benefit plans for each ELAP Plan that was in existence from January 1, 2012 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**  Defendant will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 49:**  Produce all Documents Concerning analytics on claims data related to Intermountain that ELAP has prepared for any purpose, including measuring performance, detecting trends, and identifying opportunities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**  Defendant objects to producing documents that constitute attorney-client privileged communications, attorney work

product, or materials prepared in anticipation of litigation or for trial.

Subject to and without waiving any objection, Defendant will produce responsive, non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 50:**  Produce all Explanations of Benefits (EOBs) prepared for or on behalf of ELAP Plan Members located in Utah and/or Idaho in connection with any health care provided by Intermountain during the following periods: October 1, 2016 to January 15, 2017; June 1, 2017 to August 31, 2017; and December 21, 2018 to March 15, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**  ELAP will produce all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 51:**  Produce the complete contents of ELAP's websites (elapservices.org and elapservices.com) since January 1, 2012, including the content of all pages posted to that website, regardless of whether the information remains live or has been removed at any time during the relevant period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 52**: Produce all posts made by, for, or on behalf of ELAP on Twitter since January 1, 2012. This request seeks *all* posts, regardless of whether such posts have subsequently been removed from ELAP's publicly visible Twitter-feed. Furthermore, this request seeks posts associated with any Twitter-handle/username associated with ELAP including but not limited to @ELAPservices. This request further seeks any posts that ELAP paid to be made, regardless of what Twitter-handle/username the post was created under.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**: Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 53**: Produce all posts made by, for, or on behalf of ELAP on Facebook since January 1, 2012. This request seeks *all* posts, regardless of whether such posts have subsequently been removed from ELAP's publicly visible Facebook page. Furthermore, this request seeks posts associated with any Facebook account associated with ELAP, including but not limited to the ELAP Services Facebook page. This request further seeks any posts that ELAP paid to be made, regardless of what Facebook username the post was created under.

46

4830-5829-4661

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 54:**  For the period from January 1, 2012 to present, produce Documents sufficient to identify all entities compensated by ELAP in any manner to provide advertising and/or marketing services for ELAP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will identify or produce documents sufficient to identify entities compensated by ELAP in any manner to provide advertising and/or marketing services for ELAP.

**REQUEST FOR PRODUCTION NO. 55:**  For the period from January 1, 2012 to present, produce the content of all online advertising prepared by, for, or on behalf of ELAP

47

(other than content posted on ELAP's own website). This request includes but is not limited to the following categories of content: (1) <u>Display Ads</u>, including static images, text, floating banners, wallpaper, popup ads, flash content, video content; (2) <u>Social Media Ads</u>, including any content ELAP paid to be posted on any social-media platform (such as, Facebook, YouTube, Twitter, LinkedIn, Instagram, Tumblr, reddit, Snapchat, etc.); (3) <u>Search Engine Marketing</u>, including content (e.g., search terms) used in connection with pay-per-click advertising, Google AdWords, or other search-engine optimization tools; (4) <u>Native Advertising</u>, including any content ELAP has paid to be generated through in-feed, search ads, recommendation widgets, promoted listings, etc.;   (5) <u>Remarketing/Retargeting</u>, including content ELAP has paid to appear on other websites after the installation of a cookie on the user's computer to track the user's web-browsing activity; (6) <u>Video Advertisements</u>, including any videos posted by ELAP on YouTube, Google+, Facebook, Twitter, Vimeo, Hulu, or other video- sharing sites; (7) <u>Email Marketing</u>, including the content of all email campaigns ELAP has conducted itself or via a third-party email marketing service such as MailChimp, Constant Contact, AWeber, ConvertKit, GetREsponse, Campaign Monitor, Active Campaign, etc.; and (8) <u>Paid Blog Posts</u>, including all blogs prepared by any Person by, for, or on behalf of ELAP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

48

proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 56:**  For the period from January 1, 2012 to present, produce all videos prepared by, for, or on behalf of ELAP to market its business, including videos hosted on ELAP's website or the website of any Person with whom ELAP has a business relationship (e.g., Third-Party Administrators, brokers, Plans, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**  Defendant objects to this request because it is overbroad in that it is not limited to Utah or Idaho. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will produce responsive documents related to Utah or Idaho.

**REQUEST FOR PRODUCTION NO. 57:**  Produce the complete contents of all materials ELAP provided to brokers at ELAP's first, second, and third Broker Certification Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**  Defendant objects to this request because it is overbroad in that it is not limited to Utah or Idaho. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs

49

of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 58:**  For the period January 1, 2011 to present, produce the minutes of any meeting of the members of ELAP Services, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**  ELAP objects to this request because it is vague, ambiguous, overly broad, and unduly burdensome. ELAP further objects because the request seeks information that is not relevant to the claim or defense of either party. Finally, ELAP objects because this request seeks information that is confidential and proprietary.

**REQUEST FOR PRODUCTION NO. 59:**  For the period January 1, 2011 to present, produce the non-privileged minutes of any meeting concerning Intermountain, whether in whole or in part.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**  ELAP objects to this request because it is vague, ambiguous, overly broad, and unduly burdensome. ELAP further objects because the request seeks information that is not relevant to the claim or defense of either party. Finally, ELAP objects because this request seeks information that is confidential and proprietary.

**REQUEST FOR PRODUCTION NO. 60:**  Except to the extent duplicative of prior Requests, for the period January 1, 2010 to present, produce the content of the news stories,

publications, and/or reports prepared by any third party in which ELAP's CEO Steve Kelley is quoted in his capacity as a representative of ELAP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:  Defendant objects to this request because it seeks information to which Plaintiff has equal or greater access. Defendant objects because this request is not limited to issues related to this case. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 61**:  Produce all press-coverage reports (including press releases) created by ELAP's in-house our outside publicity or marketing professionals from January 1, 2012 until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:  Defendant objects to this request because it seeks information to which Plaintiff has equal or greater access. Defendant objects because this request is not limited to issues related to this case. Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant will produce responsive documents in its possession.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the lawyers ELAP engages to represent members of any Plan are obligated, in the course of their representation of that member, not to take any position adverse to ELAP, including but not limited to not appealing any ELAP benefits determination.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Defendant objects to this request because it is vague and ambiguous. Specifically, the request seems to ask ELAP to admit lawyers it engages to represent members of any Plan are obligated not to appeal any ELAP benefits determination, which is nonsensical. Defendant further objects because this request is overbroad. Defendant also objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Finally, Defendant objects because the request does not ask ELAP to admit the truth of any matters relating to facts, the application of law to fact, or opinions about either.

Subject to and without waiving any objection, lawyers engaged by ELAP to represent members of health plans are regulated by various rules of professional conduct, which may nor may not preclude them from appealing any ELAP benefits determination.

**REQUEST FOR ADMISSION NO. 2**:  Admit that for all Members identified in Interrogatory No. 3 who have received health care from Intermountain since January 1, 2011, ELAP has not itself paid any money to Intermountain toward the cost of the health care rendered.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:  Defendant objects to this request because it is vague and ambiguous. Specifically, the meaning of "toward the cost of the health care rendered" is unclear in the context of this request. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP admits it has not paid any portion of the ACLs determined by its audits to Intermountain.

**REQUEST FOR ADMISSION NO. 3**:  Admit that the number of instances in which ELAP has "audited" and/or re-priced a health care provider's bill exceeds 700,000 instances,

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant admits it has audited and/or

repriced more than 700,000 bills.

**REQUEST FOR ADMISSION NO. 4:**  Admit ELAP is not affiliated with Medicare.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**  Admitted.

**REQUEST FOR ADMISSION NO. 5:**  Admit ELAP is not endorsed by Medicare.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**  Admitted.

**REQUEST FOR ADMISSION NO. 6:**  Admit that— before advising Plans what to pay for health care rendered to Members—ELAP does not require ELAP Plans or their Members to communicate or consult with Intermountain Concerning Intermountain's charges.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**  Defendant objects to this request because it is vague, ambiguous, and overbroad. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant admits its auditing process, like Intermountain's billing process, does not typically involve a requirement that ELAP Plans or Members communicate or consult with Intermountain concerning Intermountain's charges.

**REQUEST FOR ADMISSION NO. 7:**  Admit that ELAP advises Members not to pay in advance for health care (other than cost-sharing amounts), even if the health care provider requests advance payment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**  Defendant objects to this

request in that it is vague and ambiguous. Specifically, the request is written in the present tense and it is unclear whether the request seeks information about ELAP's current and/or prospective general policies and practices or whether the request seeks information about specific facts or instances in the past. Subject to this ambiguity, the request may be overbroad or not relevant. Defendant further objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, ELAP generally is not aware of and does not discuss specific instances of care with ELAP Plans or Members before the care is provided. ELAP does not provide legal advice to ELAP Plans or Members; however, it does facilitate to the rendition of legal services to ELAP Plans or Members in certain circumstances.

**REQUEST FOR ADMISSION NO. 8:**  Admit that ELAP's determination of what constitutes a "reasonable charge" for any particular health care is made after the patient has received the care.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**  Defendant objects because this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any objection, Defendant admits only that it generally determines the ACL after the provider submits a bill to the health plan.

**REQUEST FOR ADMISSION NO. 9:**  Admit ELAP knows Intermountain generally requires, as a condition to receiving treatment, that patients sign a Patient Agreement, which is an agreement to pay all Intermountain's bill as charged.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**  Denied.

**REQUEST FOR ADMISSION NO. 10:**  Admit ELAP knows it is standard practice for health care facilities to generally require, as a condition to receiving treatment, that patients sign a Patient Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**  Denied.

**AS TO OBJECTIONS TO INTERROGATORIES AND AS TO OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION**

DATED this 14th day of January 2019.

PARR BROWN GEE & LOVELESS

By:   /s/ Bentley J. Tolk

*Attorneys for Defendant ELAP Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2019, a true and correct copy of the

foregoing **ELAP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST**

**CONTINUING DISCOVERY REQUESTS AND INTERROGATORIES** was served via

email on the following:

> Alan C. Bradshaw
> Chad R. Derum
> Douglas J. Crapo
> **MANNING CURTIS BRADSHAW & BEDNAR PLLC**
> 136 E. South Temple, Suite 1300
> Salt Lake City, Utah 84111
> abradshaw@mc2b.com
> cderum@mc2b.com
> dcrapo@mc2b.com
>
> John W. Mackay
> Brett L. Tolman
> **RAY QUINNEY & NEBEKER P.C.**
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111
> Telephone: (801) 532-1500
> Facsimile: (801) 532-7543
> jmackay@rqn.com
> btolman@rqn.com

/s/ Bentley J. Tolk