Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
btolk@parrbrown.com
shale@parrbrown.com

John W. Mackay (6923)
Brett L. Tolman (8821)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com
btolman@rqn.com

Thomas E. Lavender III (pro hac vice forthcoming)
Kristopher R. Alderman (pro hac vice forthcoming)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>Defendant. | **OPPOSITION TO INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S REFUSAL TO PRODUCE ITS BUSINESS PLAN AND STRATEGY DOCUMENTS**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Defendant ELAP Services, LLC ("ELAP") hereby opposes Intermountain's Short Form Discovery Motion.

ELAP objects to Intermountain's request that ELAP produce "all ELAP business plans"[1] and asks the Court to order that this "trade secret … not be revealed." Fed. R. Civ. P. 26(c)(1)(G). ELAP's business plans should not be produced because they are trade secrets; disclosure to Intermountain would be harmful where Intermountain has already indicated its intention to destroy ELAP's business in Utah and Idaho; and the requested discovery is neither relevant nor necessary.

"To resist discovery under Rule 26(c)[(1)(G)], a person must first establish that the information sought is a trade secret, then demonstrate that its disclosure might be harmful. . . . If proof of relevancy or need is not established, discovery should be denied." *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). ELAP's business plans contain strategic information that derives value from not being generally known or readily ascertainable, and ELAP protects that information by restricting access to it to select individuals. The business plans are thus a "trade secret."[2] Disclosure of ELAP's business plans would be harmful because Intermountain has already attempted to utilize ELAP's confidential information to harm ELAP's relationships with its customers, and disclosure of these trade secrets would provide another

---

[1] This request is remarkably vague. Interpreted broadly it could encompass hundreds of thousands of documents pertaining to any strategic initiative or business decision made by ELAP over the last decade—which have nothing to do with Intermountain or the allegations in this case.

[2] UTAH CODE ANN. § 13-24-2(4); *see also* 18 U.S.C. § 1839(3), "Defend Trade Secrets Act."

2

opportunity. Disclosure to Intermountain or its attorneys pursuant to a protective order would not protect ELAP.

ELAP's business plans are not relevant. Although Intermountain bases its arguments in large part on its fraud claim, that claim is subject to a pending motion to dismiss, and none of the alleged fraudulent statements were repeated to or relied upon by Intermountain. By their very nature, ELAP's internal, confidential business plans are not relevant to the fraud claim—or any other claims—because the business plans are not communicated to others. The fraud claim, like Intermountain's others claims, must be based on representations to others, not internal business plans.

The requested discovery also is not necessary. The strategic information contained in the business plans will not have a "direct bearing on the outcome of the case." *Gohler v. Wood*, 162 F.R.D. 691, 694 (D. Utah 1995). ELAP has produced tens of thousands of pages of documents and information and will produce more that, unlike the business plans, are relevant, including communications regarding Intermountain and balance billing, as well as marketing and promotional materials. Intermountain has other means of obtaining evidence, and Intermountain's Motion should be denied.

Due to the complex issues and analyses required, ELAP requests further briefing to more fully establish the existence of its trade secrets and the inadequacy of a protective order to protect ELAP's interests.

Respectfully submitted this 26th day of April 2019.

                                          PARR BROWN GEE & LOVELESS

                                        By: /s/ Bentley J. Tolk
                                                Bentley J. Tolk

                                        *Attorneys for Defendant ELAP Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26[h] day of April, 2019, a true and correct copy of the foregoing **OPPOSITION TO INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S REFUSAL TO PRODUCE ITS BUSINESS PLAN AND STRATEGY DOCUMENTS** was served via electronic service on the following:

>Alan C. Bradshaw
>Chad R. Derum
>Douglas J. Crapo
>**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
>136 E. South Temple, Suite 1300
>Salt Lake City, Utah 84111
>abradshaw@mc2b.com
>cderum@mc2b.com
>dcrapo@mc2b.com
>
>John W. Mackay
>Brett L. Tolman
>**RAY QUINNEY & NEBEKER P.C.**
>36 South State Street, Suite 1400
>Salt Lake City, Utah 84111
>Telephone: (801) 532-1500
>Facsimile: (801) 532-7543
>jmackay@rqn.com
>btolman@rqn.com

/s/ Bentley J. Tolk

4850-2954-4597 v. 1