# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited-liability company,<br><br>　　　Defendant. | **ORDER GRANTING INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S REFUSAL TO PRODUCE ITS BUSINESS PLAN AND STRATEGY DOCUMENTS (ECF NO. 57)**<br><br>Civil No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

　　　Before the Court is Intermountain's Short Form Discovery Motion Concerning ELAP's Refusal to Produce its Business Plan and Strategy Documents (ECF No. 57). Having considered the briefing and arguments of counsel at the May 3, 2019 hearing, the Court GRANTS Intermountain's Motion as follows:

　　　1.　　　The Court finds that ELAP's objections to Request No. 44 are inconsistent with the requirements of Federal Rule of Civil Procedure 34. ELAP objected to the Request on the grounds of vagueness, ambiguity, overbreadth, relevance, and as seeking confidentiality/proprietary information. However, Rule 34 requires a party to "state with specificity the ground for objecting to the request" and to state whether responsive materials are being withheld. Further, the responding party must provide information about how it interpreted the request. Additionally, the fact that relevant documents may contain confidential or proprietary information is not a reason to withhold production of those documents.

2. The Court clarifies the scope of Request No. 34, which seeks production of "all ELAP business plans from January 1, 2008 to present," to request high level documents from January 1, 2008 to the present reflecting implemented strategic initiatives regarding payment for health care services.

3. The Court finds that the documents sought in Intermountain's Request No. 44, as clarified by the Court, are relevant to a number of Intermountain's claims, including its claim that ELAP tortiously and intentionally interfered with Intermountain's existing and potential economic relations by improper means.

4. The Court ORDERS ELAP to produce documents responsive to Request No. 44, as specified by the Court in this Order, within fourteen (14) days of the date of this Order. ELAP may designate the documents in accordance with the Standard Protective Order in effect in this case to address concerns regarding confidentiality and trade secrets.

DATED this 6th day of May, 2019.

BY THE COURT:

_____
Magistrate Judge Evelyn J. Furse