# EXHIBIT F

| | |
|---|---|
| **From:** | Kris Alderman |
| **Sent:** | Tuesday, May 07, 2019 7:29 AM |
| **To:** | Chad Derum |
| **Cc:** | Douglas Crapo; Bentley J. Tolk |
| **Subject:** | RE: Response to you April 23, 2019 Letter |
| **Categories:** | ELAP |

Chad,

You ignored my previous email, which is becoming a habit of yours. The privilege belongs to the patient. ELAP is not going to take any action that would waive the patient's privilege unless the patient expresses a desire for ELAP to do so.

ELAP is not an insurer.

We plan to amend our discovery responses, but, as our current response indicates, RPD 15 is ambiguous because asks ELAP to produce all complaints or communications identified in Interrogatory 10, but Interrogatory 10 does not ask ELAP to identify complaints or communications; instead, it asks ELAP to identify plans or members that have communicated with ELAP (and others) about Intermountain's balance billing. As I have previously indicated, ELAP has completely complied with Interrogatory 10. Even though RPD 15 is poorly written, ELAP has agreed to produce non-privileged communications related to balance bills from Intermountain to patients. I don't know what you mean by "complaint" or how it is outside the scope of a communication. Your request is broader in that it seeks documents concerning complaints or communications, some of which would be prepared in anticipation of litigation, which includes this litigation and other threatened or potential litigation between Intermountain and individual members. ELAP is not contending any document is not discoverable because it was prepared in anticipation of litigation between ELAP and a member.

If you believe there are "complaints" that are not also communications, please clarify that so that we can ensure we are responding appropriately.

Kris

**Kris Alderman**

**FISHERBROYLES**
A LIMITED LIABILITY PARTNERSHIP

945 East Paces Ferry Road **|** Suite 2000 **|** Atlanta, Georgia 30326 **|** Direct: 404.596.8887
Fax: 404.596.8887 **|** Main: 404.400.4500 **|** kris.alderman@fisherbroyles.com **|** fisherbroyles.com
ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS • DETROIT •HOUSTON • LOS ANGELES • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA • PRINCETON • SEATTLE • WASHINGTON D.C.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.
The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Chad Derum <cderum@mc2b.com>
**Sent:** Monday, May 06, 2019 8:28 PM
**To:** Kris Alderman <kris.alderman@FisherBroyles.com>

**Cc:** Douglas Crapo <dcrapo@mc2b.com>; Bentley J. Tolk <btolk@parrbrown.com>
**Subject:** RE: Response to you April 23, 2019 Letter

Kris,

So we can determine how to proceed on this issue, please advise whether, under Rule 504(c), ELAP is claiming the privilege as: i) the client; ii) the client's representative; iii) the lawyer; iv) the lawyer's representative; v) a lawyer representing others in matters of common interest; or vi) a lawyer referral service.

Also, with respect to your reference to *Askew v. Hardman* in your May 3 letter, please confirm ELAP contends the case is relevant because ELAP is acting as the insurer of the plans and/or the plans's members.

In addition, to the extent you assert the communications requested are work product prepared "in anticipation of litigation", please clarify what litigation you are referencing.  This litigation?  Litigation between Intermountain and the patient? Litigation between ELAP and the member? Please keep in mind the documents requested in RFP 15 include "complaints" made by members.    What litigation were those documents prepared in anticipation of?  Does ELAP contend that "complaints" by members were prepared at counsel's direction?

Please let me know your position on these issues this week.

Thanks,
Chad



Chad R. Derum
Manning Curtis Bradshaw & Bednar PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah  84111
801-363-5678
Facsimile 801-364-5678
CDerum@mc2b.com
www.mc2b.com

**From:** Kris Alderman <kris.alderman@FisherBroyles.com>
**Sent:** Friday, May 3, 2019 3:24 PM
**To:** Chad Derum <cderum@mc2b.com>
**Cc:** Douglas Crapo <dcrapo@mc2b.com>; Bentley J. Tolk <btolk@parrbrown.com>
**Subject:** Re: Response to you April 23, 2019 Letter

Chad,

The privilege belongs to the patient. ELAP has no reason to believe any patient wishes to waive the privilege, so ELAP is not waiving it.

Kris

Kris Alderman
FisherBroyles, LLP

On May 3, 2019, at 4:55 PM, Chad Derum <cderum@mc2b.com> wrote:

2

Kris,

Your letter references Rule 504 of the Utah Rules of Evidence and asserts attorney-client privilege as grounds to withhold communications responsive to at least RFP No. 15. Rule 504(c) states:

**(c) Who May Claim the Privilege.** The privilege may be claimed by:
(1) the client;
(2) the client's guardian or conservator;
(3) the personal representative of a client who is deceased;
(4) the successor, trustee, or similar representative of a client that was a corporation, association, or other organization, whether or not in existence; and
(5) the lawyer or the lawyer referral service on behalf of the client.

Since ELAP itself does not fall within any of the categories above, please identify who has asserted the privilege upon which ELAP has relied to refuse production of the documents.

Thanks,
Chad



Chad R. Derum
Manning Curtis Bradshaw & Bednar PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah  84111
801-363-5678
Facsimile 801-364-5678
CDerum@mc2b.com
www.mc2b.com

---

**From:** Kris Alderman <kris.alderman@FisherBroyles.com>
**Sent:** Friday, May 3, 2019 2:07 PM
**To:** Chad Derum <cderum@mc2b.com>; Douglas Crapo <dcrapo@mc2b.com>
**Cc:** Bentley J. Tolk <btolk@parrbrown.com>
**Subject:** Response to you April 23, 2019 Letter

Please see attached letter.

**Kris Alderman**
<image002.jpg>
945 East Paces Ferry Road **|** Suite 2000 **|** Atlanta, Georgia 30326 **|** Direct: 404.596.8887
Fax: 404.596.8887 **|** Main: 404.400.4500 **|** kris.alderman@fisherbroyles.com **|** fisherbroyles.com
ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS • DETROIT •HOUSTON • LOS ANGELES • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA • PRINCETON • SEATTLE • WASHINGTON D.C.

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party. The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this transmission may contain privileged and confidential information. It is

3

intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.