MANNING CURTIS BRADSHAW
 & BEDNAR PLLC
Alan C. Bradshaw, #4801
Chad R. Derum, #9452
Douglas Crapo, #14620
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
(801) 363-5678
abradshaw@mc2b.com
cderum@mc2b.com
dcrapo@mc2b.com

*Attorneys for Plaintiff*
*IHC Health Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited-liability company,<br><br>Defendant. | **INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S IMPOSITION OF GEOGRAPHICAL LIMITATIONS TO LIMIT ITS DOCUMENT PRODUCTION**<br><br>Civil No. 2:17-cv-01245-JNP-EJF<br><br>**EXPEDITED TREATMENT REQUESTED**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Pursuant to DUCivR 37-1, Plaintiff IHC Health Services, Inc. ("Intermountain") submits this Short Form Discovery Motion.

## MOTION

ELAP is a national company that induces employers nationwide to adopt ELAP's form of self-funded health care plan with the promise that plan members can receive services from any

{01883217.DOCX / 4}

provider in any location and pay only what ELAP determines, and not the hospital's charges.[1] As a result, Intermountain accrues unpaid bills for Members of ELAP Plans ("Members") with a broad geographical reach. Despite that reach, ELAP refuses to produce information responsive to nearly a dozen document requests unless such information was specifically prepared to advance ELAP's business *in Utah or Idaho*,[2] where most Intermountain facilities are located.

The document requests at issue concern ELAP's *general* business, not specific operations in Utah or Idaho. The requests are targeted to discover critical information, including advertising, marketing and promotional materials[3] where ELAP likely makes false and/or misleading representations to Plans and Members. The requests concern ELAP's knowledge that it directs Plans to pay far less than providers accept,[4] resulting in billing Members for the balance.[5] Moreover, the requests target ELAP's knowledge that, as a condition to receiving health care, Members must execute hospital Patient Agreements[6] and make false promises to pay hospital charges that ELAP intends will never be paid.

While it is highly likely ELAP has responsive documents, it is highly *unlikely* ELAP created such documents specifically for Utah/Idaho, which is a small fraction of ELAP's total market. In fact, the absence of such documents in ELAP's productions to date, and its failure to

---

[1] Dkt.33, Second Amended Complaint ¶¶5,21,24,34,48,64,76.

[2] Exhibit A, Intermountain 1st Discovery Requests, RFPs 20,25,27,29-32,34,38,41,56; Exhibit B, ELAP 1st Discovery Responses, RFPs 20,25,27,29-32,34,38,41,56.

[3] RFPs 20,25,34,56.

[4] RFP 27.

[5] RFPs 29,38

[6] RFPs 30,31,41.

identify whether it is withholding responsive documents, demonstrate that ELAP is using this artificial geographic distinction to avoid producing (or identifying) material documents.

ELAP's artificial geographic distinction is untenable in all events. ELAP's documents show that 55% of the ELAP Plans whose members received services from Intermountain (but refused to pay Intermountain's charges) are located *outside Utah or Idaho*. Furthermore, six of seven third-party administrators ("TPAs") that oversee ELAP Plans are located *outside Utah or Idaho*. Approximately 47% of Intermountain's estimated damages arise from claims processed by these TPA companies located *outside Utah or Idaho*. Moreover, over 12% of Intermountain's damages arise from treatment associated with ELAP Plans located *outside Utah or Idaho*. In short, the unpaid bills mounting at Intermountain facilities can—and do—flow from ELAP Plans located virtually *anywhere*. However, the damage ELAP causes is no different based on whether Intermountain treats a Member of an ELAP Plan that is based in Utah or Connecticut.

Ultimately, restricting discovery to documents prepared only for ELAP's business in Utah/Idaho is no different than forbidding discovery altogether on critical aspects of ELAP's knowledge and intent. For these reasons, and because none of ELAP's other boilerplate objections are sufficient to outweigh the likely benefit to discovering the full truth of ELAP's knowledge, the Court should compel ELAP to produce documents responsive to the requests identified in note 2.

DATED this 10th day of June, 2019.

                            **MANNING CURTIS BRADSHAW & BEDNAR PLLC**

                            /s/ Chad R. Derum
                       Alan C. Bradshaw
                       Chad R. Derum
                       Douglas J. Crapo

                       *Attorneys for Plaintiff*
                       *IHC Health Services, Inc. dba*
                       *Intermountain Health Care, Inc.*

## **CERTIFICATION**

Intermountain certifies that the parties made reasonable efforts to reach agreement on the disputed matters, including at least the following:

- February 18, 2019 Letter from Douglas J. Crapo to Bentley Tolk (Exhibit C, attached hereto).

- March 20, 2019 Meet and confer discussion by telephone among counsel for Intermountain (Chad R. Derum and Douglas J. Crapo) and ELAP (Bentley Tolk , John Mackay, and Kris Alderman).

- March 27, 2019 Meet and confer discussion by telephone among counsel for Intermountain (Chad R. Derum and Douglas J. Crapo) and ELAP (Bentley Tolk , John Mackay, and Kris Alderman).

- June 3, 2019 Meet and confer discussion by telephone among counsel for Intermountain (Chad R. Derum and Douglas J. Crapo) and ELAP (Bentley Tolk , John Mackay, and Kris Alderman).

## CERTIFICATE OF SERVICE

I certify that on June 10, 2019 I caused a true and correct copy of the foregoing document to be served in the method indicated below to the following:

|  |  |  |
|---|---|---|
| ___ | VIA FACSIMILE | John W. Mackay |
| ___ | VIA HAND DELIVERY | Brett L. Tolman |
| ___ | VIA U.S. MAIL | Ray Quinney & Nebeker P.C. |
| ___ | VIA UPS/FEDEX | 36 South State Street, Suite 1400 |
| ___ | VIA EMAIL | Salt Lake City, Utah 84111 |
| _x_ | VIA ECF | |

*Attorneys for Defendant*

|  |  |  |
|---|---|---|
| ___ | VIA FACSIMILE | Thomas E. Lavender III |
| ___ | VIA HAND DELIVERY | ted.lavender@fisherbroyles.com |
| ___ | VIA U.S. MAIL | Kristopher R. Alderman |
| ___ | VIA UPS/FEDEX | kris.alderman@fisherbroyles.com |
| ___ | VIA EMAIL | Fisher Broyles |
| _x_ | VIA ECF | 945 East Paces Ferry Road, Suite 2000 |
| | | Atlanta GA 30326 |

*Attorneys for Defendant*

|  |  |  |
|---|---|---|
| ___ | VIA FACSIMILE | Stephen E. W. Hale |
| ___ | VIA HAND DELIVERY | shale@parrbrown.com |
| ___ | VIA U.S. MAIL | Bentley J. Tolk |
| ___ | VIA UPS/FEDEX | btolk@parrbrown.com |
| ___ | VIA EMAIL | Parr Brown Gee & Loveless |
| _x_ | VIA ECF | 101 South 200 East, Suite 700 |
| | | Salt Lake City, Utah 84111 |

*Attorneys for Defendant*

/s/ Chad R. Derum