# EXHIBIT B

Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
btolk@parrbrown.com
shale@parrbrown.com

John W. Mackay (6923)
Brett L. Tolman (8821)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com
btolman@rqn.com

Thomas E. Lavender III (pro hac vice
forthcoming)
Kristopher R. Alderman (pro hac vice
forthcoming)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>      Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>      Defendant. | **ELAP'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, AND REQUESTS FOR ADMISSION**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Defendant ELAP Services, LLC ("ELAP"), by and through its counsel of record, hereby requests that Plaintiff IHC Health Services, Inc. ("IHC") fully respond to the following Interrogatories, Requests for Production of Documents and Things, and Requests for Admission within thirty (30) days after service hereof and produce for inspection and copying at the offices of Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111, each document and thing identified or referred to in the Requests for Production of Documents and Things.

## INSTRUCTIONS

1.      These interrogatories, requests for production, and requests for admission are continuing in nature and must be timely supplemented (a) with any information or documents subsequently identified or obtained and (b) to reflect any change in circumstances that may render Plaintiff's responses incomplete, inaccurate, or misleading in any way.

2.      All documents and electronically stored information (ESI) produced in response to a request or interrogatory must not delete any metadata and must comply with the Attorney Planning Meeting Report section 2.d (Doc. No. 23).

3.      You must provide all information that is available to you and under your control, including information in the possession of your present or former attorneys, accountants, representatives, agents, or other persons under your control or acting on your behalf. If any responsive information is unavailable in the full detail requested, you must set forth the information related to the subject matter of the request in such detail as is available, including a description of the method by which you made any estimates or conclusions.

4.      For documents or items identified or produced in response to the requests,

organize the documents to make clear the request or interrogatory to which each document is responsive.

5.      Unless otherwise noted, construe each request independently and not by reference to any other request or interrogatory for the purpose of limitation.

6.      Use of the singular in any request includes the plural.

7.      Use of masculine, feminine, or neutral genders includes each gender, as appropriate in context.

8.      If you withhold any requested information, documents, or items based on the assertion of any privilege, then you must:

      a.   State the privilege relied upon and all facts giving rise to the purported privilege;

      b.   Describe fully the extent to which the privilege is being asserted; and

      c.   Identify the information, document, or item being withheld.

9.      If you assert any request is vague or ambiguous, please identify the vagueness or ambiguity you contend exists.

10.     Unless otherwise specified, the scope of these requests spans from ten years before the filing of the Original Complaint in this action until the present, including and continuing until all appeals of final judgment have been exhausted.

11.     All of the matters in each of the Requests for Admission will be deemed admitted unless you respond within 30 days after service of those Requests.

12.     The answer to each Request for Admission shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. If objection is made to a Request for Admission, the reasons therefor shall be stated.

13.     A denial in response to a Request for Admission shall fairly meet the substance of the requested admission.

14.     In response to a Request for Admission, you may not give lack of information as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or reasonably available to you is insufficient to enable you to admit or deny.

15.     Even if you consider that a matter involving a Request for Admission presents a genuine issue for trial, you may not, on that ground alone, object to the request.

## DEFINITIONS

1.      "Plaintiff" means IHC Health Services, Inc., any or all of its health care facilities, and persons acting on its behalf, including attorney's agents, representatives, or any other person acting in connection with Plaintiff.

2.      "Defendant" means ELAP Services, LLC.

3.      "Patient" or "Patients" means all patients or third party guarantors of patients (a) to whom Plaintiff provided hospital goods and/or services and (b) with respect to whom Plaintiff alleges ELAP interfered with Plaintiff's economic relations, received unjust enrichment, made fraudulent statements or omissions, made negligent misrepresentations, and/or caused some injury to Plaintiff.

4.      "ELAP Plans" means group health plans that have hired ELAP to audit health care claims submitted by Plaintiff in the past 10 years and with respect to which Plaintiff alleges ELAP interfered with Plaintiff's economic relations, received unjust enrichment, made fraudulent statements or omissions, made negligent misrepresentation, and/or caused some injury

4

to Plaintiff.

     5.    "Subject medical bills" means the bills for hospital goods and services provided to Patients.

     6.    "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

     7.    "Identify" or "identity" means the following:

    a.  With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Plaintiff.

    b.  With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

    c.  To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and/or general nature, present location and custodian.  Documents should be identified whether or not they are currently in Plaintiff's custody or possession.

    d.  To identify a communication means to state the date and time of the communication, the place where the communication was made, the parties to the

5

communication, and content of the communication.

8.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

9.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

10.     "Patient Agreement" means any conditions of admission agreement or similarly styled document that a patient executes or that is intended to be executed by patients at Plaintiff's facilities setting forth the conditions of admission or treatment, including the patient's consent to treatment and obligations to pay for such treatment.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who supplied information and participated in answering these interrogatories, requests for production of documents, and/or requests for admission.

**INTERROGATORY NO. 2:** Identify all ELAP Plans.

**INTERROGATORY NO. 3:** Identify all Patients.

**INTERROGATORY NO. 4:** For each Patient, state the date(s) Plaintiff provided goods and/or services to the Patient, the amount Plaintiff charges for those goods and/or services, the amount Plaintiff has been paid for those goods and/or services, the amount Plaintiff alleges it is still owed for those goods and/or services, and the Person(s) Plaintiff alleges owe Plaintiff that amount.

**INTERROGATORY NO. 5:** Identify all documents Plaintiff contends constitute a

contract between Plaintiff and Patients to pay Plaintiff for hospital goods and services, including all documents incorporated in, integrated into, referenced by, otherwise made part of, or necessary to interpret such alleged contracts.

**INTERROGATORY NO. 6:**  For each alleged contract identified in your response to Interrogatory 5, please describe the circumstances under which such contract was executed, including, but not limited to, when the contract was executed, how the contract was presented to the Patient, whether the Patient was given any opportunity to negotiate the terms of such contract, and whether Plaintiff would have provided care if the Patient had not signed such contract.

**INTERROGATORY NO. 7:**  Identify any statutes or regulations the Plaintiff contends apply to the Plaintiff's determination of its chargemaster rates.

**INTERROGATORY NO. 8:**  For each line item on the subject medical bills reflecting a tangible item, state Plaintiff's acquisition cost for the item.

**INTERROGATORY NO. 9:**  State the Hospital's cost to provide the goods and/or services listed on the subject medical bills.

**INTERROGATORY NO. 10:**  Identify all software, applications, or other information technology systems utilized by Plaintiff to maintain information pertaining to Patients.

**INTERROGATORY NO. 11:**  Identify all software, applications, or other information technology systems utilized by Plaintiff to perform cost accounting, cost allocations, or other costing functions.

**INTERROGATORY NO. 12:**  State the cost to provide the hospital goods and services—as determined by each cost accounting system or tool available to Plaintiff—listed on

7

the subject medical bills for each Patient.

**INTERROGATORY NO. 13:**  For all Patients, state the amount the Plaintiff would have accepted from Medicare for the goods and services listed on the subject medical bills if those goods and services were provided to a Medicare beneficiary during the relevant time period.

**INTERROGATORY NO. 14:**  Identify the Person(s) involved in setting Plaintiff's chargemaster rates.

**INTERROGATORY NO. 15:**  State all factors considered by Plaintiff or its agents when establishing chargemaster rates, including any applicable policies or procedures.

**INTERROGATORY NO. 16:**  State the percentage of accounts for which Plaintiff was paid 100% of its billed charges.

**INTERROGATORY NO. 17:**  Identify all alleged communications between ELAP, or its alleged agents, and Plaintiff.

**INTERROGATORY NO. 18:**  Identify all allegedly false communications made by ELAP, or its alleged agents, upon which Plaintiff's claims are based.

**INTERROGATORY NO. 19:**  For each allegedly false communication identified in response to Interrogatory 18, state all ways in which Plaintiff relied upon the communication.

**INTERROGATORY NO. 20:**  State all facts which form the basis of Plaintiff's contention that Patients are ELAP's agents.

**INTERROGATORY NO. 21:**  Identify all persons not identified elsewhere in the answers to these interrogatories whom are known or believed by Plaintiff to have any knowledge or information which is relevant, directly or indirectly, to the claims or defenses at issue in this

action.

**INTERROGATORY NO. 22:**  Identify all persons, other than your attorneys, from whom you have sought to gather information or statements, or to preserve testimony, in connection with this action and, for each such person, indicate the date of the contact, all persons present, and the information that you obtained from each such person.

**INTERROGATORY NO. 23:**  Identify each and every document or other tangible thing that you may or intend to use as an exhibit at the trial of this action, and with respect to each such exhibit, identify every person whom you expect to testify with respect to such exhibit.

**INTERROGATORY NO. 24:**  Identify and describe with reasonable particularity each and every effort you have made to try to minimize or reduce your claimed damages, or to avoid additional claimed damages, in this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following:

**REQUEST FOR PRODUCTION NO. 1:**  A complete and certified copy of all medical records for goods and services provided to the Patients, including any and all hospital or office notes, charts, doctors' reports, orders, laboratory reports, radiology reports, nursing records, prescriptions, correspondence, phone messages, medication lists, medication administration records, billing records, any documents utilized for providing care to the Patients, and any records received from any medical provider, hospital, out-patient treatment center, healthcare facility or any medical records of any kind or nature whatsoever regarding the examination, treatment, and evaluations of Patient on the date of the treatment.

**REQUEST FOR PRODUCTION NO. 2:**  A complete, itemized, un-redacted bill from

the Plaintiff for all goods and services provided to the Patients that form the basis of the subject

medical bills.

**REQUEST FOR PRODUCTION NO. 3:**  All account notes, records, statements, or

other documents reflecting information related to goods or services provided to Patients, the

Hospital's billing and collection efforts related to the subject medical bills, and Patients'

purported obligations to pay for such goods or services.

**REQUEST FOR PRODUCTION NO. 4:**  All documentation You contend constitutes a

contract to pay any of the subject medical bills, including copies of all documents referenced,

incorporated, otherwise made part of, or necessary to interpret such contracts.

**REQUEST FOR PRODUCTION NO. 5:**  Any Patient Agreement allegedly executed

by a Patient.

**REQUEST FOR PRODUCTION NO. 6:**  All invoices reflecting the purchase by the

Hospital of each and every tangible item listed on the subject medical bills.

**REQUEST FOR PRODUCTION NO. 7:**  All documents reflecting the amount that

other area hospitals charge and/or accept for providing the same or similar goods and services as

those listed on the subject medical bills.

**REQUEST FOR PRODUCTION NO. 8:**  All documents reflecting the Hospital's

actual cost to provide the goods and services listed on the subject medical bills.

**REQUEST FOR PRODUCTION NO. 9:**  All documents reflecting the amounts

Plaintiff actually accepted or received from other patients or payers when it provided the same or

similar goods and services as those listed on the subject medical bills.

**REQUEST FOR PRODUCTION NO. 10:**  All preferred-provider agreements or other

4826-1934-3749

contractual arrangements or documents reflecting amounts Plaintiff has agreed to accept as payment in full for hospital goods and services from any source.

**REQUEST FOR PRODUCTION NO. 11:** All tax documents filed by Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:** All Medicare cost reports filed with the federal government by Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:** Plaintiff's audited financial statements, including the financial statements for each individual hospital facility at which a Patient received care.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show the average amount paid to Plaintiff for the goods and services on the subject medical bills.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show the percentage of billed charges actually collected by Plaintiff at each of its hospital facilities.

**REQUEST FOR PRODUCTION NO. 16:** Documents sufficient to show the ratio of Plaintiff's costs to revenues.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show the ratio of Plaintiff's costs to charges.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the ratio of Plaintiff's costs to revenues at each of Plaintiff's hospital facilities.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to show the ratio of Plaintiff's costs to charges at each of Plaintiff's hospital facilities.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to show the amount Plaintiff would have been paid by Medicare for the goods and services on the subject medical

bills at the time they were provided.

**REQUEST FOR PRODUCTION NO. 21:**  Documents sufficient to show the amount Plaintiff would have been paid by Medicaid for the goods and services on the subject medical bills at the time they were provided.

**REQUEST FOR PRODUCTION NO. 22:**  Documents sufficient to show the average amount paid by in network health plans or health insurers as a percentage of billed charges for each year since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 23:**  Documents sufficient to show the average amount paid by out of network health plans or health insurers as a percentage of billed charges for each year since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 24:**  Documents sufficient to show the average amount paid by in network health plans or health insurers for the goods and services listed on the subject medical bills as a percentage of billed charges for each year since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 25:**  Documents sufficient to show the average amount paid by out of network health plans or health insurers for the goods and services listed on the subject medical bills as a percentage of billed charges for each year since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 26:**  Documents sufficient to show the average amount paid by self pay patients for the goods and services listed on the subject medical bills as a percentage of billed charges for each year since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 27:**  All documents reflecting Plaintiff's budgetary process at each of its hospital facilities.

**REQUEST FOR PRODUCTION NO. 28:**  All documents related to policies,

procedures, protocols, rules, or guidelines concerning the admissions and/or registration process.

**REQUEST FOR PRODUCTION NO. 29:** All documents related to policies, procedures, protocols, rules, or guidelines concerning patient obligations to pay for treatment.

**REQUEST FOR PRODUCTION NO. 30:** All documents related to policies, procedures, protocols, rules, or guidelines concerning a "Patient Agreement," as that term is defined by Plaintiff in Plaintiff's First Continuing Discovery Requests and Interrogatories.

**REQUEST FOR PRODUCTION NO. 31:** All documents related to policies, procedures, protocols, rules, or guidelines concerning insurance verification.

**REQUEST FOR PRODUCTION NO. 32:** All documents related to policies, procedures, protocols, rules, or guidelines concerning Plaintiff's chargemasters.

**REQUEST FOR PRODUCTION NO. 33:** All documents related to policies, procedures, protocols, rules, or guidelines concerning Plaintiff's chargemaster rates.

**REQUEST FOR PRODUCTION NO. 34:** All documents related to policies, procedures, protocols, rules, or guidelines concerning the setting of hospital charges.

**REQUEST FOR PRODUCTION NO. 35:** All documents related to policies, procedures, protocols, rules, or guidelines concerning financial assistance, including all financial assistance policies, any separate billing and collection policies, and documents setting forth the amounts generally billed, for each hospital facility at which a Patient received care.

**REQUEST FOR PRODUCTION NO. 36:** All documents referencing or mentioning ELAP.

**REQUEST FOR PRODUCTION NO. 37:** All documents referencing or mentioning reference based pricing, metric based pricing, or some similar terminology meant to identify the

13

type of reimbursement methodology used by ELAP or other similar health care cost containment companies or repricers.

**REQUEST FOR PRODUCTION NO. 38:** All communications between Plaintiff and Patients.

**REQUEST FOR PRODUCTION NO. 39:** All communications between Plaintiff and ELAP Plans.

**REQUEST FOR PRODUCTION NO. 40:** All communications between Plaintiff and ELAP.

**REQUEST FOR PRODUCTION NO. 41:** All communications between Plaintiff and brokers for ELAP Plans.

**REQUEST FOR PRODUCTION NO. 42:** All communications between Plaintiff and Third-Party Administrators (TPAs) for ELAP Plans.

**REQUEST FOR PRODUCTION NO. 43:** All documents reviewing, analyzing, or otherwise commenting upon Plaintiff's chargemasters, chargemaster rates, and/or charges.

**REQUEST FOR PRODUCTION NO. 44:** All documents used, referenced, consulted, or relied upon to set Plaintiff's charges.

**REQUEST FOR PRODUCTION NO. 45:** All documents referencing or relating to the meaning of the Patient Agreements.

**REQUEST FOR PRODUCTION NO. 46:** All drafts, versions, editions, or other forms of Patient Agreements.

**REQUEST FOR PRODUCTION NO. 47:** Transcripts of all testimony, whether given in deposition, at trial, to a governmental body, or otherwise, by or on behalf of Plaintiff, related

14

to health care costs, charges for health care, health care insurance, health care reform, health care reimbursement, billing and collection for health care, health care economics, or health care finance.

**REQUEST FOR PRODUCTION NO. 48:**  All statements made by or on behalf of Plaintiff or its officers concerning health care costs, charges for health care, health care insurance, health care reform, health care reimbursement, billing and collection for health care, health care economics, or health care finance.

**REQUEST FOR PRODUCTION NO. 49:**  All documents reflecting or relating to any allegedly false or misleading statement made by ELAP or its alleged agents.

**REQUEST FOR PRODUCTION NO. 50:**  All documents reflecting or relating to any reliance on any allegedly false or misleading statement made by ELAP or its alleged agents.

**REQUEST FOR PRODUCTION NO. 51:**  All documents reflecting or relating to any damages suffered by Plaintiff as the result of any acts or omissions of ELAP or its alleged agents.

**REQUEST FOR PRODUCTION NO. 52:**  All documents containing ELAP's allegedly misleading reference to Medicare.

**REQUEST FOR PRODUCTION NO. 53:**  All documents supporting Plaintiff's contention ELAP fails to disclose to patients that it files lawsuits in the name of the patient and that the patient will be personally subject to the exhausting demands of litigation, and that judgment may be entered personally against the patient if a court finds the patient is required to satisfy the outstanding payment amounts.

**REQUEST FOR PRODUCTION NO. 54:**  All documents supporting the allegations

contained in paragraph 28 of the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 55:**  All documents demonstrating ELAP purposefully, willfully, intentionally, and knowingly encouraged patients to go to Plaintiff's hospital facilities.

**REQUEST FOR PRODUCTION NO. 56:**  All documents demonstrating Plaintiff relies on Patient Agreements to provide contractual assurance of payment.

**REQUEST FOR PRODUCTION NO. 57:**  Documents sufficient to show the amount of money collected directly from patients each year since January 1, 2011, as a result of a Patient Agreement.

**REQUEST FOR PRODUCTION NO. 58:**  All documents demonstrating ELAP specifically targeted and solicited its services to attract health plans with members ELAP knew to be patients of Plaintiff.

**REQUEST FOR PRODUCTION NO. 59:**  All documents demonstrating ELAP knowingly encouraged Patients to disregard the terms of Patient Agreements.

**REQUEST FOR PRODUCTION NO. 60:**  All documents demonstrating ELAP has frustrated Plaintiff's efforts to collect balance bills from Patients.

**REQUEST FOR PRODUCTION NO. 61:**  All balance bills submitted to Patients by Plaintiff.

**REQUEST FOR PRODUCTION NO. 62:**  All documents demonstrating ELAP induced employers to leave private insurance plans that have contracts with Plaintiff.

**REQUEST FOR PRODUCTION NO. 63:**  All documents demonstrating ELAP promised employers Plaintiff will accept the ELAP-determined amount as payment in full.

**REQUEST FOR PRODUCTION NO. 64:** All documents demonstrating the less the health care provider is paid, the more money ELAP receives from the Plan.

**REQUEST FOR PRODUCTION NO. 65:** All documents demonstrating ELAP makes concerted and active efforts to conceal its role as the Designated Decision Maker of the Plans.

**REQUEST FOR PRODUCTION NO. 66:** All documents demonstrating ELAP's acts and/or omissions have caused reputational harm to or animosity towards Plaintiff.

**REQUEST FOR PRODUCTION NO. 67:** All documents reflecting the allegations contained in paragraph 86 of Plaintiff's Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 68:** All documents referenced, identified, consulted, considered, or relied upon when responding to Defendant's Interrogatories and Requests for Admission.

**REQUEST FOR PRODUCTION NO. 69:** All documents and each and every exhibit or other item of evidence on which Plaintiff may or intends to rely at the trial of the Lawsuit.

**REQUEST FOR PRODUCTION NO. 70:** All documents and tangible evidence identified in Plaintiff's Initial Disclosures under Federal Rule of Civil Procedure 26(a) and supplements to those disclosures, if any.

**REQUEST FOR PRODUCTION NO. 71:** All documents that reflect, document, refer, or relate to any and all damages (including without limitation for direct damages, consequential damages, or punitive damages) that Plaintiff claims in this action, to Plaintiff's calculations of the amount(s) thereof, and/or to any and all efforts Plaintiff has made to minimize or reduce its claimed damages in this action.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit Plaintiff sets the charges on the subject medical bills without any agreement from Patients.

**REQUEST FOR ADMISSION NO. 2:**  Admit Plaintiff sets the charges on the subject medical bills without any agreement from ELAP.

**REQUEST FOR ADMISSION NO. 3:**  Admit Plaintiff sets the charges on the subject medical bills without any agreement from ELAP Plans.

**REQUEST FOR ADMISSION NO. 4:**  Admit the charges on the subject medical bills come from Plaintiff's applicable chargemaster in effect on the date the goods and services were provided.

**REQUEST FOR ADMISSION NO. 5:**  Admit Plaintiff's chargemasters are confidential.

**REQUEST FOR ADMISSION NO. 6:**  Admit charges billed to Patients in excess of the ACLs calculated by ELAP exceed the amount of benefits to which the Patients are entitled to receive from their ELAP Plan.

**REQUEST FOR ADMISSION NO. 7:**  Admit that for every Patient, ELAP has correctly calculated the ACL in accordance with the benefit terms outlined in the applicable plan documents adopted by the Patient's ELAP Plan.

**REQUEST FOR ADMISSION NO. 8:**  Admit the ACLs calculated by ELAP with respect to each Patient exceed the costs to Plaintiff to provide the goods and services listed on the subject medical bills.

**REQUEST FOR ADMISSION NO. 9:**  Admit the Patient Agreements allegedly executed by the Patients do not contain agreed upon prices for the contemplated hospital goods and services.

**REQUEST FOR ADMISSION NO. 10:**  Admit no Patient was given a copy of Plaintiff's applicable chargemaster before signing a Patient Agreement.

**REQUEST FOR ADMISSION NO. 11:**  Admit no Patient was given a copy of Plaintiff's applicable chargemaster after signing a Patient Agreement.

**REQUEST FOR ADMISSION NO. 12:**  Admit Plaintiff never discussed any contemplated hospital goods and/or services or the payment for such goods and/or services for any Patient with ELAP before those goods and/or services were provided.

DATED this 15th day of January 2019.

PARR BROWN GEE & LOVELESS

By: _/s/ Bentley J. Tolk_____

*Attorneys for Defendant ELAP Services, LLC*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of January, 2019, a true and correct copy of the

foregoing **ELAP'S FIRST SET OF INTERROGATORIES, REQUESTS FOR**

**PRODUCTION OF DOCUMENTS AND THINGS, AND REQUESTS FOR ADMISSION**

was served via email on the following:

> Alan C. Bradshaw
> Chad R. Derum
> Douglas J. Crapo
> **MANNING CURTIS BRADSHAW & BEDNAR PLLC**
> 136 E. South Temple, Suite 1300
> Salt Lake City, Utah 84111
> abradshaw@mc2b.com
> cderum@mc2b.com
> dcrapo@mc2b.com
>
> John W. Mackay
> Brett L. Tolman
> **RAY QUINNEY & NEBEKER P.C.**
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111
> Telephone: (801) 532-1500
> Facsimile: (801) 532-7543
> jmackay@rqn.com
> btolman@rqn.com

/s/ Bentley J. Tolk

4826-1934-3749