EXHIBIT "A"



136 East South Temple, Suite 1300
Salt Lake City, Utah 84111
(801) 363-5678
Facsimile: (801) 364-5678
www.mc2b.com
Douglas J. Crapo
dcrapo@mc2b.com

July 8, 2019

Bentley J. Tolk
Rodger M. Purge
Parr Brown Gee & Loveless
btolk@parrbrown.com
rburge@parrbrown.com

Kris R. Alderman
FisherBroyles
kris.alderman@fisherbroyles.com

John Mackay
Ray Quinney & Nebeker P.C.
jmackay@rqn.com

   **Re:** **Request to de-designate Members, Plans, Employers, and brokers identified in ELAP's production.**

Dear Counsel:

  Intermountain requests that ELAP de-designate certain information as not confidential or protected under the Standard Protective Order. Under Section 9(b), Intermountain may request in writing that ELAP "change the designation of a document or documents, stating with particularity the reasons for that request, and specifying the category to which the challenged document(s) should be de-designated." This is such a request. Intermountain requests that ELAP de-designate the following information:

| | |
|---|---|
| **Member Patients** | All ELAP Member Patients identified in Attachment 3, which ELAP provided to Intermountain on January 14, 2019, any supplement to that attachment, and any document produced in response to Intermountain's Request for Production No. 63. |
| **Plans (aka employers or "groups")** | All ELAP Plans identified in Attachment 3, which ELAP provided to Intermountain on January 14, 2019, any supplement to that attachment, and any document produced in response to Intermountain's Request for Production No. 63. |

Bentley Tolk et al.
July 8, 2019
Page 2

**TPAs**     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇., which ELAP provided to Intermountain on January 14, 2019 in Attachment 3, and any other TPAs disclosed in a supplement and any information produced in response to Intermountain's Request for Production No. 63.

**Brokers**    All brokers identified below, which were gathered from ELAP*68385 and ELAP*68385, as well as any brokers identified in response to Intermountain's Request for Production No. 63.



{01892757 DOCX / 3}

Bentley Tolk et al.
July 8, 2019
Page 3

      The information Intermountain requests ELAP de-designate is not all the information contained in the documents, but instead just the identity of the four groups of people and entities.  One particular reason for de-designating this information is that Intermountain is entitled to conduct discovery and gather evidence of ELAP's tortious interference with the economic relationship between Intermountain and the Member Patients.  The current designations preclude Intermountain from contacting the people and entities that Intermountain did not know of or about before discovery.

      The only conceivable reason ELAP might not have to de-designate these people and entities is to frustrate Intermountain's lawful discovery efforts—especially for those people and entities that discontinued their affiliation with ELAP, such as ▬▬▬ and ▬▬▬▬.  Intermountain intends to contact these people and entities to learn more about their experiences and communications with ELAP and about ELAP's business operations.

      Intermountain has good reason to believe that ELAP instructs Member Patients, Plans, and brokers that the Member Patients can go to Intermountain, sign Admission Forms, and still not pay the billed charges.  The Court already ruled that this, if true, would constitute tortious interference.  Furthermore, such statements would amount to a negligent misrepresentation, if not fraud, which is also pending before the Court.

      ELAP would suffer no protectible economic injury by de-designating these people and entities.  While some Member Patients and Plans might be upset to learn that ELAP and Intermountain are litigating over the health care that they received, that is no reason to maintain the confidential designation.

      Furthermore, based on documents ELAP produced, Intermountain believes that many of the TPAs and brokers (if not all) are already aware of this litigation.  Thus, contacting them would not result in disclosure of facts these entities did not already know.  Furthermore, there is no basis to assert the relationship between ELAP and these entities is confidential.  While ELAP makes efforts to conceal its involvement in the administration of plans, ELAP does not, to Intermountain's knowledge, require patients, TPAs, or brokers to enter into a legal agreement precluding the disclosure of their relationship with ELAP.  In other words, the information is not confidential.

      In all, de-designating the identities of these people and entities will cause no preventable economic injury to ELAP.  At some point, these Member Patients will become witnesses who either corroborate or contradict Intermountain's and/or ELAP's allegations, and it is only fair that Intermountain be able to contact them to learn about their experiences and perspectives during discovery.

      I appreciate your consideration of this request. Under the Standard Protective Order, ELAP has a right not to respond within seven days, at which point the above information will be de-designated as a matter of law under section 9(b).  The Standard Protective Order does not explicitly require the parties to meet and confer over this issue; however, Intermountain is willing to participate in a call or meeting if ELAP requests one.  Naturally, if ELAP would

Bentley Tolk et al.
July 8, 2019
Page 4

immediately confirm de-designation of the information, Intermountain would appreciate it. Regardless, we look forward to seeing all of you at Wednesday's hearing.

        Very Truly Yours,

        **MANNING CURTIS BRADSHAW & BEDNAR PLLC**

        Alan C. Bradshaw
        Chad R. Derum
        Douglas J. Crapo

        *Attorneys for Plaintiff*
        *IHC Health Services, Inc. dba*
        *Intermountain Health Care, Inc.*

By e-mail.