EXHIBIT "B"

# LAW FIRM 2.0®

# FISHERBROYLES

A LIMITED LIABILITY PARTNERSHIP

**Kris Alderman**
Partner
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Main: 404-400-4500
Direct: 404-596-8887
kris.alderman@fisherbroyles.com

July 15, 2019

**VIA EMAIL**
Douglas J. Crapo
Manning Curtis Bradshaw & Bednar PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111
dcrapo@mc2b.com

      Re:    Response to your July 8, 2019 request for ELAP to de-designate confidential
              information

Dear Douglas,

Pursuant to Section 9(b) of the Standard Protective Order, this letter is intended to advise
Intermountain that ELAP persists in its designation of patients, plans, employers, and
brokers as confidential information, explain the reasons for the designations, and advise
Intermountain of ELAP's intent to seek a protective order to maintain the designation.

As an initial matter, you ask us to de-designate any patients, plans, TPAs, or brokers
identified in response to Request for Production 63. We have not yet responded to Request
for Production 63 and, therefore, have not made any confidential designations with respect to
Request for Production 63. Nevertheless, we anticipate that any patients, plans, TPAs, or
brokers identified in response to Request for Production 63 would be designated as
"confidential information" under the Standard Protective Order. For purposes of this letter,
we can discuss why patients, plans, TPAs, and brokers are properly designated as
"confidential information," but we do not agree the issue with respect to Request for
Production 63 is ripe for either a challenge under Section 9(b) or a motion for a protective
order.

You also asked us to de-designate patients, plans, and TPAs disclosed in Attachment 3 and
brokers disclosed in ELAP68385. We believe this information was properly designated as
confidential. We persist in those designations and decline to de-designate the information.
We agree the designations are ripe for a challenge under Section 9(b) of the Standard
Protective Order, and we intend to move for a protective order by no later than July 22,
2019, with respect to this information.

Under the Standard Protective Order, the term "Protected Information," means any "confidential or proprietary technical, scientific, financial, business, health, or medical information designated by the producing party." (Order, at § 2(a).) "Protected Information" includes information designated as "Confidential – Attorney's Eyes Only" and "Confidential Information." (Order, at § 2(b) & (c).) "Confidential – Attorney's Eyes Only" means "(1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and **the identity of suppliers, distributors and potential or actual customers,** (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm." (Order, at § 2(b).) "Confidential Information" is described simply as "Protected Information" that is not designated as "Confidential – Attorney's Eyes Only." (Order, at § 2(c).) It is also defined to include "Confidential Health Information," which is "information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, **the provision of health care to such individual** or subscriber, or the past, present, or future **payment for the provision of health care to such individual** or subscriber. Confidential Health Information includes **claim data,** claim forms, grievances, appeals, or other documents or records that **contain any patient health information required to be kept confidential under any state or federal law** . . . ." (Order, at § 2(d).)

Patients, whether identified in Attachment 3 or at some future time in response to Request for Production 63, are "Confidential Information" because it identifies the individuals, the provision of health care to those individuals, and payment for the provision of health care to those individuals. *See* Order, at § 2(d). Moreover, the information is "claim data" and is required to be kept confidential under HIPAA. *See* Order, at § 2(d). Accordingly, the identity of the patients was correctly designated as "Confidential Information" under the Standard Protective Order.

The plans, TPAs, and brokers with which ELAP works, regardless of the form in which they are identified, are "Confidential Information" because they are suppliers, distributors, and actual or potential customers of ELAP. Under the Standard Protective Order, ELAP could have designated this information as "Confidential – Attorney's Eyes Only;" however, ELAP chose to apply the less restrictive "Confidential Information" designation, which adequately protected ELAP's interests so long as Intermountain complies with the Standard protective Order's protections for "Confidential Information." The identities of plans, TPAs, and brokers was properly designated as "Confidential Information," and could have even been designated as "Confidential – Attorney's Eyes Only" under the Standard Protective Order.

In your July 8, 2019 letter, you indicate one way you wish to use the information, but you do not explain why the information is not "Confidential Information" within the meaning of the

Standard Protective Order. In fact, your letter does not even contend the information is not "Confidential Information." As discussed above, the information was properly designated as "Confidential Information;" therefore, we decline to de-designate the information, and we will move for a protective order on or before July 22, 2019, unless you decide to drop your frivolous challenge to the designation.

In this case, you have simultaneously taken the position on one hand that you cannot disclose HIPAA-protected information to us even if designated as "Confidential Information," while on the other hand you are contending we should disclose HIPAA-protected information without designating it as confidential. Your positions are inconsistent and cannot be reconciled. If you would like to discuss this with me before we file the motion, please let me know.

Best regards,

FISHERBROYLES, LLP

KRIS ALDERMAN