# Exhibit A

| Subject | RE: Mitigation Issue |
|---|---|
| From | Chad Derum |
| To | Bentley J. Tolk |
| Cc | John Mackay; Douglas Crapo; Kris Alderman; Ted Lavender |
| Sent | Tuesday, March 12, 2019 19:37 |

Bentley,

I don't disagree that the request was framed outside the protective order's procedures for challenging confidentiality designations. As you know, the basis for seeking release of the designation was not that the information was not confidential (and thus subject to challenge under the protective order procedure) but to mitigate damages. ELAP has nevertheless refused the request to allow Intermountain to communicate with Plans and/or Patients with respect to Intermountain's position on ELAP-affiliated patients obtaining non-emergent care at Intermountain facilities. As ELAP knows, Intermountain is not contracted with ELAP, Intermountain enforces its Patient Agreement against ELAP patients, and Intermountain will balance-bill patients for unpaid amounts. Knowing such information, ELAP Plans and Patients would be equipped to make an informed decision concerning whether to seek care at an Intermountain facility and thus mitigate the damages Intermountain seeks to recover from ELAP in this case as well as protect patients themselves against financial liability. ELAP's refusal to allow Intermountain to communicate directly with Plans and Patients in this manner, despite full knowledge of the facts surrounding the terms on which Intermountain admits patients, will only encourage patients to continue to seek care for which neither ELAP, Plans, nor patients intend to pay.

If ELAP has not yet communicated this information to Plans and Patients, and will not allow Intermountain to do so, we encourage ELAP to do so promptly. If ELAP has done so (or will do so), we will assume such communications will be included among ELAP's discovery responses.

If ELAP would like to revisit its position on this issue, please let me know. Otherwise Intermountain reserves all rights with respect to any future challenge to this or other confidentiality designations.

Thanks,
Chad


Chad R. Derum
Manning Curtis Bradshaw & Bednar PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah  84111
801-363-5678
Facsimile 801-364-5678
CDerum@mc2b.com
www.mc2b.com

From: Bentley J. Tolk <btolk@parrbrown.com>
Sent: Sunday, March 10, 2019 3:17 PM
To: Chad Derum <cderum@mc2b.com>

**Cc:** John Mackay <jmackay@rqn.com>; Douglas Crapo <dcrapo@mc2b.com>; Kris Alderman <kris.alderman@fisherbroyles.com>; Ted Lavender <ted.lavender@FisherBroyles.com>
**Subject:** RE: Mitigation Issue

Chad,

My notes from our February 4, 2019 call reflect that your inquiry about ELAP's willingness to remove the confidential designation attached to certain documents was not a formal request to do so under the standing protective order. Those notes are consistent with my memory and with John's memory that you specified during the February 4th call that you were not making a formal request pursuant to the standing protective order. Your February 13th email below references our February 4th call and asks for ELAP's response to your February 4th request. We have responded to your inquiry and subsequent communications on the subject with the understanding that you have not made a formal request to de-designate the documents under the standing protective order. If that changes and you wish to make a formal request pursuant to the terms of the standing protective order, please let me know.

Thanks.

**Bentley J. Tolk | Shareholder | Parr Brown Gee & Loveless** | A Professional Corporation
101 South 200 East, Suite 700| Salt Lake City, Utah  84111
D: 801.257.7947 | T: 801.532.7840 | F: 801.532.7750 | btolk@parrbrown.com | www.parrbrown.com

**From:** Bentley J. Tolk
**Sent:** Friday, March 8, 2019 3:35 PM
**To:** Chad Derum <cderum@mc2b.com>
**Cc:** John Mackay <jmackay@rqn.com>; Douglas Crapo <dcrapo@mc2b.com>; Kris Alderman <kris.alderman@fisherbroyles.com>
**Subject:** RE: Mitigation Issue

Chad,

ELAP is not willing to lift any confidentiality designations pursuant to your February 13, 2019 written request below or otherwise. ELAP's confidentiality designations are consistent with the Standard Protective Order in this case.

Thanks.

**Bentley J. Tolk | Shareholder | Parr Brown Gee & Loveless** | A Professional Corporation
101 South 200 East, Suite 700| Salt Lake City, Utah  84111
D: 801.257.7947 | T: 801.532.7840 | F: 801.532.7750 | btolk@parrbrown.com | www.parrbrown.com

**From:** Chad Derum [mailto:cderum@mc2b.com]
**Sent:** Thursday, February 14, 2019 5:53 PM
**To:** Bentley J. Tolk <btolk@parrbrown.com>
**Cc:** John Mackay <jmackay@rqn.com>; Douglas Crapo <dcrapo@mc2b.com>; Kris Alderman <kris.alderman@fisherbroyles.com>
**Subject:** RE: Mitigation Issue

Ok, let me know if you want to discuss in more detail.

Chad R. Derum
Manning Curtis Bradshaw & Bednar PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah  84111

801-363-5678
Facsimile 801-364-5678
CDerum@mc2b.com
www.mc2b.com

**From:** Bentley J. Tolk <btolk@parrbrown.com>
**Sent:** Thursday, February 14, 2019 11:37 AM
**To:** Chad Derum <cderum@mc2b.com>
**Cc:** John Mackay <jmackay@rqn.com>; Douglas Crapo <dcrapo@mc2b.com>; Kris Alderman <kris.alderman@fisherbroyles.com>
**Subject:** RE: Mitigation Issue

Chad,

I was going to ask you for a written clarification regarding the request below, and it is helpful now to have the request in writing. We will need to consider your written request and get back to you on that issue.

Thanks.

**Bentley J. Tolk | Shareholder | Parr Brown Gee & Loveless** | A Professional Corporation
101 South 200 East, Suite 700| Salt Lake City, Utah  84111
D: 801.257.7947 | T: 801.532.7840 | F: 801.532.7750 | btolk@parrbrown.com | www.parrbrown.com

**From:** Chad Derum [mailto:cderum@mc2b.com]
**Sent:** Wednesday, February 13, 2019 6:22 PM
**To:** Bentley J. Tolk <btolk@parrbrown.com>
**Cc:** John Mackay <jmackay@rqn.com>; Douglas Crapo <dcrapo@mc2b.com>; Kris Alderman <kris.alderman@fisherbroyles.com>
**Subject:** Mitigation Issue

Bentley,

In our Feb 4 call I asked whether ELAP would allow the confidentiality designation for your lists of ELAP-affiliated Plans and patients to be lifted so that Intermountain can communicate with them, as a damages mitigation measure, about Intermountain's position on ELAP-affiliated patients obtaining non-emergent care at Intermountain facilities.   Can you let me know if you have had a chance to discuss this with your client, and if so, what is ELAP's response?

Thanks,
Chad

Chad R. Derum
Manning Curtis Bradshaw & Bednar PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah  84111
801-363-5678
Facsimile 801-364-5678
CDerum@mc2b.com
www.mc2b.com

The information contained in this transmission may contain privileged and confidential

information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.