IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited-liability company,<br><br>　　　Defendant. | **ORDER GRANTING IN PART AN DENYING IN PART INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S IMPOSITION OF GEOGRAPHICAL LIMITATIONS TO LIMIT ITS DOCUMENT PRODUCTION (ECF NO. 72)**<br><br>Civil No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

　　　Having considered the briefing and argument on Intermountain's Short Form Discovery Motion Concerning ELAP's Imposition of Geographical Limitations to Limit its Document Production (ECF No. 72), the Court GRANTS IN PART and DENIES IN PART the Motion as follows:

### *Background*

　　　ELAP has objected to the production of documents responsive to several of Intermountain's discovery requests[1] on the basis that they seek information unrelated to ELAP's business in Utah or Idaho, where most Intermountain facilities are located. ELAP contends that this geographic limitation captures the groups most likely to utilize Intermountain facilities, and

---

[1] RFPs 20, 25, 27, 29, 30, 31, 34, 38, 41, 56.

1

that it would otherwise be disproportional to require ELAP to produce documents not subject to this limitation.

Intermountain disagreed with ELAP's objection and filed the present short-form discovery motion pursuant to DUCivR 37-1(a)(3).  Intermountain challenged ELAP's objection on the basis that limiting the production to documents related only to ELAP's business in Utah and Idaho is improper because Intermountain seeks documents related to ELAP's overall business, not its specific operations in Utah or Idaho, which represent a small part of ELAP's total market.  For example, Intermountain has identified that a significant number of the ELAP Plans whose members received services from Intermountain facilities are located outside of Utah.  Thus, Intermountain contends that limiting the production of documents to those created for Utah and Idaho means that Intermountain may never see the documents and communications that concern ELAP's relationship with the majority of ELAP Plans whose members visited Intermountain facilities.  Intermountain has further identified that approximately 12% of its total damages calculated to date relate to the treatment of patients affiliated with health plans located outside of Utah or Idaho with members not residing in Utah or Idaho.

Intermountain's requests at issue generally seek two types of documents: 1) certain communications; and 2) documents concerning ELAP's general knowledge of matters relevant to Intermountain's claims.  The Court's ruling on each of these categories is set forth below.

### *ELAP's Obligation to Produce Responsive Communications*

Some of Intermountain's requests seek communications among ELAP and others (including ELAP Plans, Members of ELAP Plans, and Third Party Administrators and brokers of

ELAP Plans), as those terms are defined in Intermountain's First Set of Discovery Requests.[2] With respect to the present motion, this includes Request No. 20,[3] Request No. 30[4], Request No. 31[5], and Request No. 38.[6]

    ELAP has represented to the Court that insofar as it has already produced communications responsive to the foregoing requests, it has not restricted its production only to those ELAP Plans that are based in Utah and Idaho.[7] Rather, notwithstanding its stated objection, ELAP represents that it has, in fact, produced communications relating to all "ELAP Plans" and "Members" of ELAP Plans as Intermountain has defined those terms, even if the Plan is located outside of Utah or Idaho.[8] In addition, ELAP has represented to the Court that during

---

[2] For example, Intermountain's First Set of Discovery Requests define "ELAP Plan" in relevant part as a self-funded employee welfare benefit plan that provides health care benefits to an employee of an "employer that ELAP knows has business operations in Utah or Idaho or that provides benefits to employees who ELAP knows to reside in Utah" and for which ELAP acts as a fiduciary. *See* Intermountain First Set of Discovery Requests at Definitions ¶ 33. The term "Member" is defined as a member of an "ELAP Plan." *Id.* at ¶ 35.

[3] Request No. 20 states: "For the period January 1, 2013 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, that were transmitted to a broker, Third-Party Administrator, ELAP Plan or Prospective ELAP Plan Concerning advertising, marketing, and/or promotion of ELAP's business."

[4] Request No. 30 states: "For the period January 1, 2011 to present, produce all Documents reflecting Communications between ELAP and any Member(s) Concerning Member(s)' obligations under a Patient Agreement."

[5] Request No. 31 states: "For the period January 1, 2011 to present, produce all Documents reflecting Communications between ELAP and any Third- Party Administrator Concerning Member(s)' obligations under a Patient Agreement."

[6] Request No. 38 states: "For the period January 1, 2012 to present, produce all Documents reflecting Communications between ELAP and any Third- Party Administrator Concerning the responsibility of Members to pay a health care provider's balance bills."

[7] ELAP has asserted that some of Intermountain's requests seek information relating to "ELAP Plans", which Intermountain defines to mean Plans affiliated with ELAP that it knows has employees in Utah or Idaho. Thus, ELAP contends its geographic limitation is largely consistent with Intermountain's requests.

[8] If ELAP has not made a full and complete production of such requested communications as represented, it is required to do so within the 30-day timeframe set forth in the Order below.

3

meet and confer discussion, it offered to produce communications relating to the ELAP Plans whose members constitute the 12% cohort that belong to health plans not defined as "ELAP Plans," but which had members who received services from Intermountain and were identified on Attachment 3 to ELAP's discovery responses.

The Court orders ELAP to produce communications responsive to Requests 20, 30, 31 and 38 that relate to ELAP Plans and/or Members of ELAP Plans, as defined by Intermountain in its first set of discovery requests, and all additional health plans for which ELAP acted as the dedicated decision-maker (DDM ) and whose members received treatment at Intermountain facilities.

In producing communications subject to the requests at issue, ELAP may not apply any geographic limitation inconsistent with the terms of this Order.

### *ELAP's Obligation to Produce Documents Concerning its General Knowledge*

Several of Intermountain's requests at issue concern matters of ELAP's general knowledge. While these document requests may encompass communications with or about ELAP Plans, they are not limited to such communications. This second category includes, for

4

example, Request No. 25,[9], Request No. 27[10], Request No. 29[11], Request No. 41[12], and Request No. 56.[13]

The Court overrules ELAP's geographic limitation objection with respect to requests seeking information concerning ELAP's general knowledge and its general business practices. The geographical limitations ELAP seeks to impose on its production are not relevant to matters that concern knowledge about its ongoing operations and the implementation of its business model. Intermountain is entitled to discover information concerning the general state of ELAP's knowledge, regardless of whether that information appears in documents specifically related to the ELAP Plans and/or Members at issue.

Accordingly, for the requests that go to the knowledge of ELAP itself, ELAP is required to produce all responsive management-level and above documents[14] in its possession without any

---

[9] Request No. 25 states: "Produce all versions of the document "Welcome to ELAP" prepared, edited, and/or distributed since January 1, 2013."

[10] Request No. 27 states: "For the period January 1, 2013 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, Concerning the likelihood that health care providers will accept the amount ELAP advises a Plan to pay a health care provider as payment in full."

[11] Request No. 29 states: "For the period January 1, 2012 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, Concerning the likelihood that members will be balance billed by a health care provider irrespective of where the Plan or its members reside."

[12] Request No. 41 states: "For the period January 1, 2011 to present, produce all Documents prepared or created at ELAP's direction, or with ELAP's knowledge, Concerning whether admission to a health care facility requires a Plan member to execute a Patient Agreement irrespective of where the Plan, member, or health care provider reside."

[13] Request No. 56 states: "For the period from January 1, 2012 to present, produce all videos prepared by, for, or on behalf of ELAP to market its business, including videos hosted on ELAP's website or the website of any Person with whom ELAP has a business relationship (e.g., Third-Party Administrators, brokers, Plans, etc.)."

[14] For purposes of this Order, "management-level (and above) documents" are those documents prepared by, prepared for, or otherwise in the possession of ELAP personnel in any management position or higher (such as director-level, executive-level, officer-level, or owner/founder-level).

geographic limitation.  This Order does not require ELAP specifically to search for documents related to non-ELAP Plans, but ELAP shall not exclude from its production any documents related to non-ELAP Plans in the event such information may exist among otherwise responsive materials.

For these foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS IN PART and DENIES IN PART Intermountain's Motion (ECF No. 72):

1. To the extent it has not previously done so, ELAP shall, by October 7, 2019, supplement its production and produce full and complete responses to Intermountain's requests that seek communications responsive to Requests 20, 30, 31, and 38 that relate to ELAP Plans and/or Members of ELAP Plans, as defined by Intermountain in its first set of discovery requests, and additional health plans for which ELAP acted as the DDM whose members received treatment at Intermountain facilities and were identified on Attachment 3.  To the extent Intermountain's requests seek the production of documents reflecting communications with third-party administrators (TPAs) or brokers, ELAP is required to produce communications involving TPAs and brokers for ELAP Plans, regardless of where the ELAP Plan is located.

2. ELAP shall produce all management-level and above documents responsive to Requests Nos. 25, 27, 29, 41 and 56 by October 7, 2019.

DATED this 5th day of September, 2019.

BY THE COURT:

Magistrate Judge Evelyn J. Furse