# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELAP SERVICES, LLC, a limited-liability company,<br><br>Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART ELAP'S SHORT FORM DISCOVERY MOTION CONCERNING INTERMOUNTAIN'S REFUSAL TO PRODUCE PATIENT INFORMATION/PROTECTED HEALTH INFORMATION (ECF NO. 76)**<br><br>Civil No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Having considered the briefing and argument on ELAP's Short Form Discovery Motion Concerning Intermountain's Refusal to Produce Patient Information/Protected Health Information (ECF No. 76), the Court GRANTS IN PART and DENIES IN PART the Motion as follows:

### *Background*

Intermountain objected to 31 separate discovery requests on the grounds the requests required Intermountain to produce information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Utah's physician-patient privilege. ELAP contended neither HIPAA nor the physician-patient privilege permits Intermountain to resist production of documents responsive to the 31 discovery requests. Intermountain interposed

1

additional objections to some or all responsive documents to the 31 discovery requests. This motion only addresses objections based on HIPAA and the physician-patient privilege.

## *HIPAA Objection*

To resolve the HIPAA objection, the Court orders the Standing Protective Order is hereby amended to require the parties or their counsel to return or destroy all protected health information produced to them by another party at the conclusion of this litigation. Therefore, Intermountain cannot withhold any documents based on its HIPAA objection alone.

## *Physician-Patient Objection*

The Court finds Intermountain has an obligation to assert the physician-patient privilege under Utah law.[1] However, the Court finds a waiver of the privilege may exist for some patients as to billing records that patients have authorized to be disclosed pursuant to their Patient Agreement with Intermountain to facilitate obtaining payment for health care services rendered. The Court considers a billing record to include those documents relating to Intermountain's efforts to obtain payment from patients, including the uniform bill (UB-04), the itemized statement of services rendered, billing notes concerning the collection of payment from patients, patient challenges to billing and/or communications with patients about their bill. However, the Court also finds that some patients may have revoked such a waiver of disclosure of their billing

---

[1] ELAP's original motion put at issue Intermountain's assertion of the physician patient privilege in response to several of ELAP's discovery requests. The parties have agreed, during the course of meet and confer discussions, that the Court need not resolve the general applicability of the privilege to Interrogatories 3,4,6,15 and 24 and RFPs 10,20, 21,46,49,51,58,59,60 and 65. Rather, to the extent Intermountain may withhold information responsive to any of these discovery requests on the basis of the physician-patient privilege, Intermountain will identify any documents withheld on that basis on a privilege log, which provides sufficient detail to evaluate the claim of physician-patient privilege.

records through revocation letters sent to Intermountain on behalf of ELAP-affiliated patients. The parties shall jointly work together and identify all patients who have revoked the waiver by October 7, 2019.

For each patient who has revoked the waiver, the parties are ordered to send a joint letter explaining the current litigation and the information about them ELAP seeks to discover from Intermountain in this litigation to determine whether the patient wishes to waive the physician-patient privilege and permit the disclosure of information to ELAP. Communications must comply with Utah Rule of Professional Conduct 4.2. The parties are instructed to work together to draft the letter. The parties shall share equally the cost of mailing the letter.

With respect to all patients who have not revoked the waiver, Intermountain is ordered to produce any responsive billing records by October 21, 2019 unless Intermountain is withholding the information on the basis of a different objection. With respect to the remaining objections to ELAP's discovery requests, the parties are ordered to meet and confer in an effort to reach a compromise on the scope of the request.

DATED this 5th day of September, 2019.

BY THE COURT:

Magistrate Judge Evelyn J. Furse