Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
shale@parrbrown.com
btolk@parrbrown.com

John W. Mackay (6923)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com

Thomas E. Lavender III (pro hac vice)
Kristopher R. Alderman (pro hac vice)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>Defendant. | **OPPOSITION TO INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S REFUSAL TO PRODUCE BUSINESS STRATEGY DOCUMENTS RESPONSIVE TO RFPs 82–85 AND 91**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff, IHC Health Services, Inc. (Intermountain) seeks to compel responses to six discovery requests that expressly seek business plans this Court has already ruled were not discoverable. The motion is premised on an untrue, unfounded, and unproven assumption that ELAP failed to comply with this Court's May 6 Order. First, ELAP complied with that Order. Notably, Intermountain has not undertaken to show otherwise, but rather asked the Court to assume ELAP has not complied. Second, even if ELAP had not complied with the May 6 Order, the remedy would not be converting business plans outside the scope of discovery to discoverable records. Significantly, Intermountain did not file a motion seeking sanctions for failure to comply with the May 6 Order. Of course, Intermountain did not do so because such a motion would require it to prove ELAP's failure to comply, which Intermountain cannot do because ELAP in fact complied with the May 6 Order.

Previously, Intermountain and ELAP litigated the discoverability of business plans. RFP 44, the request before the Court when it entered its May 6 Order, broadly sought "all ELAP business plans from January 1, 2008 to present." ELAP objected because that request was overly broad. The Court agreed and ordered that rather than producing "all ELAP business plans," ELAP was only required to produce "high level documents from January 1, 2008 to present reflecting implemented strategic initiatives regarding payment for health care services." This ruling necessarily meant ELAP did not have to produce "all" business plans; in fact, the May 6 Order established the only business plans ELAP had to produce were those described in the Order. ELAP complied with that Order. Through its current motion, Intermountain seeks to re-litigate that Order and require ELAP to produce additional business plans.

The requests for production at issue in this motion plainly seek business plans outside the scope of the May 6 Order. RFP 82 seeks thousands of documents ELAP pointed out would be implicated by RFP 44 if it was not limited. Recognizing the problem with RFP 44's breadth, the Court limited it such that ELAP did not have to produce those documents. Intermountain's displeasure with the May 6 Order is evidenced by its serving RFP 82, which seeks precisely what the Court said ELAP did not have to produce. RFP 83 and 84 seek business plans other than those responsive to the May 6 Order by substituting the phrases "plans for how it will conduct business" and "business objectives" for "business plans." The substituted phrases are just alternative ways of asking for business plans, and ELAP has already produced the business plans the Court ruled were discoverable. RFP 85 seeks <u>anticipated</u> strategic initiatives despite the Court ruling ELAP only had to produce <u>implemented</u> ones. RFP 91 merely seeks additional business plans not subject to the May 6 Order. Intermountain's argument it does not seek business plans is belied by the title of its motion.

The Court already ruled on this issue and should not revisit it.

Respectfully submitted this 4th day of October 2019.

                                                  PARR BROWN GEE & LOVELESS

                                                  By: /s/ Bentley J. Tolk
                                                        Bentley J. Tolk

                                                *Attorneys for Defendant ELAP Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2019, a true and correct copy of the foregoing **OPPOSITION TO INTERMOUNTAIN'S SHORT FORM DISCOVERY MOTION CONCERNING ELAP'S REFUSAL TO PRODUCE BUSINESS STRATEGY DOCUMENTS RESPONSIVE TO RFPs 82-85 AND 91** was served via electronic service on the following:

>Alan C. Bradshaw
>Chad R. Derum
>Douglas J. Crapo
>**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
>136 E. South Temple, Suite 1300
>Salt Lake City, Utah 84111
>abradshaw@mc2b.com
>cderum@mc2b.com
>dcrapo@mc2b.com
>
>John W. Mackay
>**RAY QUINNEY & NEBEKER P.C.**
>36 South State Street, Suite 1400
>Salt Lake City, Utah 84111
>Telephone: (801) 532-1500
>Facsimile: (801) 532-7543
>jmackay@rqn.com

/s/ Bentley J. Tolk