MANNING CURTIS BRADSHAW
  & BEDNAR PLLC
Alan C. Bradshaw, #4801
Chad R. Derum, #9452
Douglas J. Crapo, #14620
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
(801) 363-5678
abradshaw@mc2b.com
cderum@mc2b.com

*Attorneys for Plaintiff*
*IHC Health Services, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>        Defendant. | **STIPULATED MOTION TO STAY LITIGATION PENDING MEDIATION**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff IHC Health Services, Inc. ("Intermountain") and Defendant ELAP Services, LLC ("ELAP") (collectively the "parties"), by and through their counsel of record in this matter, hereby stipulate and move the Court to stay litigation pending mediation in this matter for 60 days.

## STIPULATION

As the Court knows, Intermountain and ELAP have been engaged in lengthy and contentious litigation in this case.  While many disputes among the parties continue to exist, the parties have agreed to make a good faith effort to mediate their differences in an effort to resolve the case before undergoing expensive depositions, expert discovery, motion practice, and eventual trial.  To give this mediation the best opportunity for success, the parties have stipulated and agreed to move the Court to stay all deadlines in the case for 60 days.  The parties agree that such a stay is necessary in order to direct their attention, time and resources toward potential resolution, rather than deepening their ongoing disputes in litigation.  If the case is not stayed, each party recognizes that the other will be promptly filing new discovery motions that will require a substantial commitment of time and resources, while diverting attention from potential resolution.  Plainly, those disputes will command a significant commitment of the Court's time as well.

For these reasons, the parties agree that staying all deadlines in the case for 60 days is in the interest of the parties and the Court.  A 60-day stay will allow the parties to select the mediator of their choice and schedule a mediation that will work for the parties and the mediator.  During this time, the parties will also be drafting substantive mediation briefs, and resolving other mediation logistics.  A stay of this duration is also helpful in light of the possibility that multiple mediation sessions may be required and/or to address collateral issues that arise in the course of the mediation discussions.

The parties stipulate and agree to notify the Court promptly if the matter resolves.  Alternatively, the parties will promptly notify the Court in the event mediation is unsuccessful.

In such case, the parties will resume litigating the case as it is currently postured, but with current deadlines extended by 60 days.  The parties are of course aware of the Court's previously expressed concerns about keeping the matter on track for trial.  However, after substantive discussions on the matter, the parties agree that a productive mediation is unlikely to be successful while the current litigation deadlines are pending.[1]

Accordingly, the parties respectfully request that the Court grant the proposed 60-day stay of all currently pending deadlines in the case and enter the proposed order attached as Exhibit A hereto.

DATED this 3rd day of January 2020.

MANNING CURTIS BRADSHAW & BEDNAR, PLLC

By: /s/ Chad R. Derum

*Attorneys for Plaintiff IHC Health Services, Inc.*

PARR BROWN GEE & LOVELESS

By: /s/ Bentley J. Tolk (*with permission*)

*Attorneys for Defendant ELAP Services, LLC*

---

[1] The parties agree that during the period of the Stay, they may circulate, and receive responses to, the Joint Letter ordered by the Court in its September 5, 2019 ruling [Dkt. 113].