Stephen E. W. Hale (5285)
Bentley J. Tolk (6665)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
btolk@parrbrown.com
shale@parrbrown.com

John W. Mackay (6923)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com

Thomas E. Lavender III (pro hac vice)
Kristopher R. Alderman (pro hac vice)
Patrick M. Emery (pro hac vice)
**FISHER BROYLES, LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, Georgia 30326
Telephone: (404) 400-4500
Facsimile: (404) 596-8887
ted.lavender@fisherbroyles.com
kris.alderman@fisherbroyles.com
patrick.emery@fisherbroyles.com

*Attorneys for Defendant ELAP Services, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IHC HEALTH SERVICES, INC., a non-profit Utah corporation,<br><br>  Plaintiff,<br><br>v.<br><br>ELAP SERVICES, LLC, a limited liability company,<br><br>  Defendant. | **OPPOSITION TO IHC'S SHORT FORM DISCOVERY MOTION TO COMPEL ELAP TO PRODUCE UPDATED INFORMATION IDENTIFYING ELAP-AFFILIATED PATIENTS AND CLAIMS**<br><br>Case No. 2:17-cv-01245-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

IHC filed this case on December 1, 2017. On January 14, 2019, ELAP provided responses to discovery requests, which included identifying all 7,881 ELAP patient encounters with IHC through November 30, 2018. IHC seeks to compel ELAP to provide a list of ELAP patients who have received treatment at IHC since November 30, 2018. Identification of those patients is not relevant and would make completion of discovery impossible.

IHC's cause of action for intentional interference requires IHC to prove improper means, which IHC alleges occurred though ELAP's use of false statements. By November 30, 2018, a year after the lawsuit was filed, IHC could not have been duped by any false statements; thus, there cannot be any improper means. Contrary to IHC's argument, ELAP does not conceal its involvement. ELAP does not know when patients go to IHC until the health plan receives a bill. ELAP does not create the insurance cards that health plans distribute to members and are given to providers at the time of service. After ELAP is informed of a bill, ELAP audits the bill, and a copy of the audit is given to the provider. There is no attempt to disguise ELAP's involvement. IHC's claim that ELAP conceals its involvement to prevent IHC from turning patients away at the door is false. IHC likely would not turn ELAP patients away because it is profitable to treat them. ELAP's website reveals its simple, straightforward methodology: "Our solution is unique – it considers both Medicare reimbursement and the actual cost to deliver the service; and adds a fair profit margin." *See* http://elapservices.com/what-we-do. ELAP's solution does not permit hospitals to extract exorbitant amounts from its health plans for treatment. In any event, ELAP could not have been duping IHC one year after IHC filed this lawsuit. The information IHC seeks is not relevant.

Moreover, IHC filed a brief yesterday that shows why these additional claims cannot be part of this lawsuit. IHC stated it is only 2/3 of the way through gathering the basic claims documents needed to even attempt to prove its case. At that rate, IHC cannot complete production of just those basic documents before the close of discovery. If an additional 18 months of claims are added to the lawsuit, then it will take even longer for IHC to obtain the basic claims documents necessary for IHC's prima facie case. Of course, whenever the documents related to the additional claims are finally gathered, there will be many more months of claims incurred. Granting IHC's motion would set the parties on a circular path of never-ending discovery.

IHC's argument that production of information about any ELAP patients requires production of information about all ELAP patients is logically flawed. If IHC has any damages at all, the cut-off point is certainly before November 30, 2018, by which time IHC was very familiar with ELAP and ELAP's business model. The information sought is not relevant, and adding those claims to the case would not be feasible.

Respectfully submitted this 1st day of May, 2020.

PARR BROWN GEE & LOVELESS

By: /s/ Bentley J. Tolk
    Bentley J. Tolk

*Attorneys for Defendant ELAP Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2020, a true and correct copy of the foregoing **OPPOSITION TO IHC'S SHORT FORM DISCOVERY MOTION TO COMPEL ELAP TO PRODUCE UPDATED INFORMATION IDENTIFYING ELAP-AFFILIATED PATIENTS AND CLAIMS** was served via electronic service on the following:

>Alan C. Bradshaw
>Chad R. Derum
>Douglas J. Crapo
>**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
>136 E. South Temple, Suite 1300
>Salt Lake City, Utah 84111
>abradshaw@mc2b.com
>cderum@mc2b.com
>dcrapo@mc2b.com
>
>John W. Mackay
>**RAY QUINNEY & NEBEKER P.C.**
>36 South State Street, Suite 1400
>Salt Lake City, Utah 84111
>Telephone: (801) 532-1500
>Facsimile: (801) 532-7543
>jmackay@rqn.com
>btolman@rqn.com

/s/ Bentley J. Tolk

4818-7819-3083 v.1